UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP.,<br>a Utah corporation, FAIRBANKS CAPITAL<br>HOLDING CORPORATION, a Delaware<br>corporation, and THOMAS D.<br>BASMAJIAN,<br><br>Defendants. | 03  12219  DPW<br>Civil No.<br>MAGISTRATE JUDGE _____<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED __3__<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. _____<br>DATE  11-12-03 |

**COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF AND
MONETARY CIVIL PENALTIES**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission") and the Secretary of the Department of Housing and Urban Development ("HUD"), by their undersigned attorneys, allege as follows:

1.      This is an action under Sections 5(a), 5(m)(1)(A), and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b), to secure permanent injunctive relief and other equitable relief, including rescission, reformation, redress and disgorgement, against defendants for engaging in unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a), and acts or practices in violation

of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as amended, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, as amended, and to obtain a monetary civil penalty for violations of the FDCPA and FCRA.

2. This is an action under Sections 6 and 16 of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605 and 2614, to secure statutory remedies, permanent injunctive relief, and other equitable relief against defendants for engaging in violations of Section 6 of RESPA, 12 U.S.C. § 2605, and Section 3500.21 of the Department of Housing and Urban Development's Regulation X ("Regulation X"), 24 C.F.R. § 3500.21.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims of the United States pursuant to 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 1692*l*(a), 1681s(a), 28 U.S.C. §§ 1331, 1337(a), 1345, and 12 U.S.C. § 2614.

4. Venue is proper in the United States District Court for the District of Massachusetts under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

## THE DEFENDANTS

5. Defendant Fairbanks Capital Holding Corp. ("FCHC") is a Delaware corporation that maintains its principal place of business at 3815 South West Temple, Salt Lake City, UT 84115. FCHC transacts or has transacted business in this District.

6. Defendant Fairbanks Capital Corp. ("FCC") is a Utah corporation that maintains its principal place of business at the same location in Salt Lake City, UT, as defendant FCHC. Defendant FCC is a wholly owned subsidiary of defendant FCHC. FCC transacts or has transacted business in this District.

7. Defendants FCHC and FCC, together with subsidiaries, operate together as part of a common enterprise (hereinafter collectively referred to as "Fairbanks").

8. At all times relevant to this complaint, defendant Thomas D. Basmajian ("Basmajian") was the Chief Executive Officer and Chairman of the Board of Directors of Fairbanks. Basmajian also owns approximately 11% of the stock of defendant FCHC. Individually or in concert with others, he has directed, controlled, formulated or participated in the acts and practices set forth herein. He transacts or has transacted business in this District.

9. Fairbanks is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

10. Fairbanks and Basmajian are "persons" as that term is defined by Section 3(5) of RESPA, 12 U.S.C. § 2602(5), and are subject to the requirements of the RESPA and Regulation X.

11. In connection with the servicing and collection of mortgage loans, Fairbanks furnishes information to consumer reporting agencies. As such, Fairbanks is subject to Section 623 of the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

## COMMERCE

12. The acts and practices of defendants alleged in this complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

13. Fairbanks is a financial services company specializing in the acquisition, servicing, and resolution of mortgage loans, primarily in the "subprime" market. The subprime

market is comprised of persons who are considered to be greater credit risks and, thus, may not meet the strict underwriting standards required to qualify for prime, or "A," credit. Subprime servicers like Fairbanks administer loans made to borrowers with greater credit risk or perceived greater credit risk, including persons from lower-income or minority neighborhoods. During the past three years, Fairbanks significantly increased its portfolio through several large acquisitions, including Bank of America Corp.'s "EquiCredit" subprime servicing portfolio and operation. Fairbanks finished 2002 as the subprime mortgage industry's largest servicer, managing a portfolio that totaled almost $50 billion. Fairbanks services over 500,000 mortgage loans.

14.     As a mortgage servicer, Fairbanks collects and processes loan payments from borrowers on behalf of the owner of the mortgage notes. Typically, the mortgage loans that Fairbanks services are held in real estate investment trusts ("REIT") on the secondary market for the benefit of investors. Fairbanks is paid a servicing fee based on the unpaid principal balance of the loans in the REIT. In addition, Fairbanks profits from a myriad of fees that it charges consumers on the loans it services, including late fees. For example, Fairbanks profits from money it "advances" to the consumer to pay for items that Fairbanks deems necessary to protect its rights in the property. These "corporate advances" include fees for property inspections, demand letters, broker's price opinions, foreclosure fees, and attorney fees. These corporate advances are added to the loan balance, and Fairbanks profits from interest charged on the advances. Typically, Fairbanks' monthly billing statements do not itemize these corporate advances for consumers. Fairbanks also receives compensation, in the form of commissions or otherwise, when it "force places" casualty insurance on consumers' homes. Under the terms of mortgage loans serviced by Fairbanks, consumers are required to maintain homeowners/fire (and,

in some cases, flood) insurance on their home. Fairbanks "advances" money to the consumer to pay for casualty insurance that it places on the consumer's home when, according to Fairbanks, the consumer has allowed the insurance to lapse, or the consumer has not provided proof that the insurance has not lapsed. This force placed insurance is much more expensive than insurance purchased by the consumer. In addition, Fairbanks charges interest on the money advanced for force placed insurance.

15. The mortgage loans serviced by Fairbanks have due dates and grace periods of time after which a loan payment is due but before which a late fee may be assessed. In many instances, Fairbanks fails to post consumers' on-time mortgage payments to their account in a timely manner, and then charges consumers late fees or additional interest for failing to make their payments "on time." Once these consumers' loans are categorized as "delinquent," Fairbanks charges other unwarranted fees, including fees for unnecessary or bogus property inspections, broker's price opinions ("BPOs"), and attorneys' fees. Fairbanks then fails to apply subsequent mortgage payments to the amount due, or applies those payments to other fees allegedly owed rather than to the principal and interest due. In many instances, Fairbanks pyramids late fees, *i.e.*, it charges more than one late fee for a single delinquency. In other instances, Fairbanks charges late fees after a loan has been accelerated and there are no monthly payments due. As a result of these practices, consumers fall further behind on their scheduled mortgage payments according to Fairbanks' records.

16. In addition to the unwarranted late charges and other fees in connection with alleged defaults, in many instances Fairbanks has placed borrower payments in "suspense" accounts. In practice, the creation of a suspense account has allowed Fairbanks to divert

borrower payments away from their mortgage payments. As a result, borrowers remain subject to additional fees and related problems on their loans.

17. In many instances, Fairbanks has improperly force placed casualty insurance on borrowers' homes, including on borrowers who Fairbanks knew or should have known already had insurance in place. As a result of the premiums for the force placed insurance, borrowers' regular mortgage payments have been deemed insufficient, the loan placed in default status, and fees improperly assessed by Fairbanks.

18. When borrowers request the amount of money necessary to "reinstate" (*i.e.*, bring their account current) or payoff their loan, Fairbanks' demands often contain fees that have been assessed by Fairbanks, including fees for property inspections, BPOs, demand letters, payoff quotes, attorneys' fees, and prepayment penalties.

19. In collecting late payments, Fairbanks uses aggressive practices that threaten consumers with continuing collection calls, a negative credit rating, additional fees, and even foreclosure, to obtain consumers' agreement to forbearance agreements or other workout solutions that demand the "total amount due." The total amount due includes all payments due and all fees assessed by Fairbanks. Fairbanks' collectors are trained not to give the consumer a breakdown of the fees, but to insist upon the total amount due immediately and discourage consumer disputes and questions about fees. Fairbanks' standard forbearance agreement requires consumers to pay all fees assessed by Fairbanks, and also to waive any and all claims they might have against Fairbanks.

20. When consumers dispute any aspect of their loan servicing, such as the timely posting of their payments, fees, force placed insurance, or inaccurate credit reporting, in many

instances Fairbanks has failed to timely and adequately acknowledge, investigate and respond to the complaint.

21.  In many instances, as a result of Fairbanks' failure to post consumers' mortgage payments to their accounts in a timely manner, Fairbanks has made payments late for casualty insurance, property taxes and other charges from escrow accounts, and consumers consequently are assessed unwarranted late fees and related charges. This practice puts consumers into delinquency, creates the need for consumers to pay additional money for taxes and insurance, and harms their credit ratings. In many instances, Fairbanks' failure to pay premiums for casualty insurance has resulted in lapse of coverage and then the imposition of force-placed insurance at higher costs to consumers.

## FEDERAL TRADE COMMISSION ACT VIOLATIONS

### Count I: Failure to Properly Post Consumers' Payments

22.  Plaintiff incorporates by reference all the foregoing paragraphs.

23.  In the course and conduct of their loan servicing and collection, defendants in numerous instances have failed to timely or properly post payments received from borrowers in a timely manner, and then have assessed late fees and other charges as a result.

24.  Defendants' actions have caused and are likely to cause substantial injury to consumers. This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

25.  Defendants' acts or practices constitute unfair acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

### Count II: Unfair and Deceptive Force Placing of Insurance

26. Plaintiff incorporates by reference all the foregoing paragraphs.

27. In the course and conduct of their loan servicing and collection, defendants in numerous instances have force placed casualty insurance on consumers' homes when such insurance was already in place. Defendants failed to disclose adequately to consumers that such insurance would be, or had been, force placed on their homes and that consumers' mortgage loan accounts would be, or had been, assessed for such insurance.

28. Defendants' actions have caused and are likely to cause substantial injury to consumers. This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

29. Defendants' acts or practices constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

## Count III: Misrepresentation of Amounts Owed

30. Plaintiff incorporates by reference all the foregoing paragraphs.

31. In the course and conduct of their loan servicing and collection, defendants in numerous instances have represented, expressly or by implication, that consumers owe the amounts specified in defendants' communications.

32. On numerous occasions, consumers do not owe the amounts that have been specified in defendants' communications. Consumers do not owe the amounts specified because, for example, (a) fees included in the amounts specified are a result of Fairbanks' failure to properly post payments as alleged in Count I; (b) fees included in the amounts specified are not allowed under the mortgage contract or permitted by law as alleged in Count IV; and/or (c) the

amounts specified have been calculated incorrectly by Fairbanks.

33. Therefore, defendants' representations as set forth in paragraph 31 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count IV: Unfair and Deceptive Assessment and Collection of Fees

34. Plaintiff incorporates by reference all the foregoing paragraphs.

35. In the course and conduct of their loan servicing and collection, defendants in numerous instances have represented, expressly or by implication, that fees assessed and collected by Fairbanks were (a) allowed under the mortgage contract and (b) permitted by law.

36. On numerous occasions, the fees assessed and collected by Fairbanks were (a) not allowed under the mortgage contract or (b) not permitted by law. Nonetheless, Fairbanks improperly assessed and collected these fees.

37. Defendants' actions have caused and are likely to cause substantial injury to consumers. This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

38. Defendants' acts or practices constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Count V

39. Plaintiff incorporates by reference all the foregoing paragraphs.

40. On numerous occasions, in connection with the collection of debts that were in

default when obtained by defendants, defendants have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including but not limited to:

    (a) Falsely representing the character, amount, or legal status of a debt, or any services rendered or compensation which may be lawfully received by a debt collector for collection of a debt, in violation of Sections 807(2)(A) and (B) of the FDCPA, 15 U.S.C. §§ 1692e(2)(A) and (B);

    (b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8); and

    (c) Using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10).

41. Pursuant to Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, the acts and practices alleged in paragraph 40 also constitute unfair or deceptive acts or practices in violation of the FTC Act.

## Count VI

42. Plaintiff incorporates by reference all the foregoing paragraphs.

43. On numerous occasions, in connection with the collection of debts that were in default when obtained by defendants, defendants have used unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to collecting amounts (including any

interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement creating the debt or permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C. § 1692f(1).

44. Pursuant to Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, the acts and practices alleged in paragraph 43 also constitute unfair or deceptive acts or practices in violation of the FTC Act.

### Count VII

45. Plaintiff incorporates by reference all the foregoing paragraphs.

46. On numerous occasions, in connection with the collection of debts that were in default when obtained by defendants, defendants have failed to notify consumers of their right to dispute and obtain verification of their debts and to obtain the name of the original creditor, either in the initial communication with consumers by defendants, or within five days thereafter, in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

47. Pursuant to Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, the acts and practices alleged in paragraph 46 also constitute unfair or deceptive acts or practices in violation of the FTC Act.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### Count VIII

48. Plaintiff incorporates by reference all the foregoing paragraphs.

49. In numerous instances, in the course and conduct of their business, defendants have furnished information relating to consumers to a consumer reporting agency when defendants knew or consciously avoided knowing that the information was inaccurate, and when

defendants have not, clearly and conspicuously, specified to consumers an address for mailing notices disputing said information.

50. The acts and practices alleged in paragraph 49 constitute violations of Section 623(a)(1)(A) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A).

51. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in paragraph 49 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count IX

52. Plaintiff incorporates by reference all the foregoing paragraphs.

53. Defendants regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about their transactions or experiences with consumers, and thus must comply with the provisions of Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2).

54. In numerous instances in which defendants have furnished to a consumer reporting agency information that defendants determined is not complete and accurate, defendants have failed to promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that was necessary to make the information provided by the defendants to the agency complete and accurate; and defendants thereafter furnished to the agency information that remained incomplete and inaccurate.

55. The acts and practices alleged in paragraph 54 constitute violations of Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2).

56. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in paragraph 54 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count X

57. Plaintiff incorporates by reference all the foregoing paragraphs.

58. In numerous instances in which consumers have informed defendants that they dispute information furnished by defendants to a consumer reporting agency, defendants have not reported the disputes to any or all of the consumer reporting agencies to which they furnish or have furnished the information.

59. The acts and practices alleged in paragraph 58 constitute violations of Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3).

60. Pursuant to Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in paragraph 58 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### REAL ESTATE SETTLEMENT PROCEDURES ACT VIOLATIONS

### Count XI

61. Plaintiff incorporates by reference all the foregoing paragraphs.

62. In numerous instances, in connection with the servicing of mortgage loans and the administration of escrow accounts, defendants have violated the requirements of Section 6 of RESPA, 12 U.S.C. § 2605, specifically including the failure to:

    (a) Promptly post payments received in a timely manner;

    (b) Timely apply payments to principal and interest on consumers' accounts;

  (c)  Make timely payments of escrow funds for casualty insurance premiums and property taxes; and

  (d)  Timely and adequately acknowledge, investigate and respond to consumers' qualified written requests for information about the servicing of their loans and escrow accounts.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

63. Defendants have violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

64. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l* and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

65. Each instance within five years preceding the filing of this Complaint, in which each defendant has failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which plaintiff seeks monetary civil penalties.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA

66. Except as to violations of Section 623(a)(1), 15 U.S.C. § 1681s-2(a)(1), each instance in which each defendant has violated the FCRA since September 30, 1997, the date that the amended FCRA went into effect providing for civil penalties for violations of the law, constitutes a separate violation of the FCRA for which plaintiff seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. § 1681s.

67. In the event of a knowing violation, which constitutes a pattern or practice of violations of the FCRA, Section 621 of the FCRA authorizes the Court to award monetary civil penalties of not more than $2,500 per violation for violations occurring after September 30, 1997.

## CONSUMER INJURY

68. Consumers have suffered, and will continue to suffer, substantial injury as a result of defendants' violations of the FTC Act, FDCPA, FCRA, and RESPA. Absent injunctive relief by this Court, the defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

69. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), and section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), empower this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Commission.

70. This Court, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injury caused by defendants' law violations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court, pursuant to sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b), section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), section 621 of the FCRA, 15 U.S.C. § 1681s(a), Section 16 of the RESPA, 12 U.S.C. § 2614, and pursuant to its own equitable powers:

1. Enter judgment against defendants and in favor of plaintiff for each violation charged in the complaint;

2. Permanently enjoin and restrain defendants from violating the FTC Act, the FDCPA, the FCRA, and the RESPA;

3. Award such ancillary equitable relief as the Court deems necessary to prevent unjust enrichment and to redress consumer injury resulting from defendants' violations of the FTC Act, FDCPA, FCRA, and RESPA, including but not limited to rescission or reformation of contracts, the refund of monies paid, and disgorgement of ill-gotten gains;

4. Award plaintiff monetary civil penalties for each of defendants' violations of the FDCPA and FCRA; and

5. Award plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: November 12, 2003

Respectfully submitted,

FOR UNITED STATES OF AMERICA:

Michael J. Sullivan
United States Attorney
District of Massachusetts

*/s/ Anita Johnson*
Anita Johnson
Assistant United States Attorney
Suite 9200 Moakley Courthouse
Boston, MA 02210
(617) 748-3100


FEDERAL TRADE COMMISSION:

WILLIAM E. KOVACIC
General Counsel

*/s/ Lucy E. Morris*
Lucy E. Morris, Attorney
Eric Imperial, Attorney
Allison I. Brown, Attorney
600 Pennsylvania Avenue, N.W.
Mail Drop NJ-3158
Washington, D.C. 20580
(202) 326-3295 (phone)
(202) 326-3768 (facsimile)

DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT:

RICHARD A. HAUSER
General Counsel

*/s/ John P. Kennedy*
John P. Kennedy, Associate General Counsel
Peter S. Race, Assistant General Counsel
Joan Kayagil, Attorney
Barton Shapiro, Attorney
Program Compliance Division
Department of Housing and Urban
  Development
451 Seventh Street, S.W.
Washington, D.C. 20410