UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP.,<br>a Utah corporation, FAIRBANKS CAPITAL<br>HOLDING CORP., a Delaware corporation,<br>and THOMAS D. BASMAJIAN,<br><br>Defendants. | )<br>)<br>)  03    12219 DPW<br>)<br>)  Civil No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER PRELIMINARILY APPROVING STIPULATED FINAL
JUDGMENT AND ORDER AS TO FAIRBANKS CAPITAL
CORP. AND FAIRBANKS CAPITAL HOLDING CORP.**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission") and the Secretary of the Department of Housing and Urban Development ("HUD"), has filed a complaint for a permanent injunction and other equitable relief, and for monetary civil penalties, pursuant to Sections 5(a), 5(m)(1)(A), and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b); Sections 807, 808 and 809 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f and 1692g; Section 623 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s; and Sections 6 and 16 of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605 and 2614 ("Complaint").

The Complaint alleges that Defendants Fairbanks Capital Holding Corp., Fairbanks Capital Corp., and Thomas D. Basmajian have violated Section 5(a) of the FTC Act, 15 U.S.C.

§ 45(a); Sections 807, 808 and 809 of the FDCPA, 15 U.S.C. §§ 1692e, 1692f and 1692g; Section 623 of the FCRA, 15 U.S.C. § 1681s; and Section 6 of the RESPA, 12 U.S.C. § 2605.

The Plaintiff and Defendants Fairbanks Capital Holding Corp. and Fairbanks Capital Corp. (the "Parties"), by and through their respective counsel, have agreed to entry of this Order Preliminarily Approving Stipulated Final Judgment and Order ("Order") by this Court, without trial or adjudication of any issue of fact or law. Further, the Parties have agreed that this Order shall be filed for approval contemporaneously with the filing of a motion for approval of the nationwide class action settlement agreement in *Curry, et al. v. Fairbanks Capital Corporation*, Case No. 03-10895-DPW (D. Mass.) ("Settlement Agreement"). If approved, the Settlement Agreement and this Order, together, will comprise a global settlement among the Parties providing for consumer redress throughout the United States.

The Parties having requested the Court to enter this Order, it is therefore ORDERED, ADJUDGED, AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over Defendants and the subject matter of this action. Venue in the District of Massachusetts is proper.

2. The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b); the FDCPA, 15 U.S.C. § 1692 *et seq.*, as amended; the FCRA, 15 U.S.C. § 1681 *et seq.*, as amended; Sections 6 and 16 of the RESPA, 12 U.S.C. §§ 2605 and 2614; and Section 3500.21 of Regulation X, 24 C.F.R. Pt. 3500.21.

3. The activities of Defendants are in or affecting commerce, as "commerce" is

defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. Defendants have not admitted any of the allegations of wrongdoing set forth in the Complaint, and entry of this Order is not an admission of any such allegations of wrongdoing or violation of law. Nonetheless, Defendants stipulate and agree to entry of this Order in order to settle and resolve these disputes.

5. Plaintiff and Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order, and Defendants waive any right that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412.

6. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

7. For purposes of this Order, the following definitions shall apply:

   a. "broker's price opinion" shall mean an estimate of the probable sale price of the property securing a loan which is obtained by any Defendant at the consumer's expense;

   b. "class" shall mean a class or subclass of consumers proposed to be certified as a nationwide "opt out" class or subclass in the Nationwide Class Action that is expected to consist generally of all persons serviced by Fairbanks between January 1, 1999 and the date of preliminary approval of the Settlement Agreement (i) whose loans were in default or treated as being in default and who incurred or were assessed late fees and/or default-related fees including, without limitation, fees denominated

   by Fairbanks as "corporate advances," or who were harmed as a result of default-related conduct; and/or (ii) who incurred or were assessed prepayment penalties in violation of law or contract; ***provided, however,*** that the Nationwide Class Action may include the settlement of additional claims or provision of additional relief to additional persons;

c. "Class Action Notice" shall mean the Notice of Proposed Class Action Settlement to be negotiated and agreed upon by counsel for the FTC, plaintiffs' counsel in the Nationwide Class Action, and Defendants, to be submitted to and approved by the United States District Court for the District of Massachusetts in the Nationwide Class Action;

d. "class member" or "member of the class" shall mean a consumer who falls within the definition of the class, described in sub-paragraph "b" above, who does not validly and timely request exclusion from the class;

e. "clear and conspicuous" shall mean that the information is displayed in a manner that is readily noticeable, readable, and understandable;

f. "Defendants" shall mean, collectively, Fairbanks and FCHC;

g. "document" is defined as provided in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term;

4

h. "effective date" shall have the meaning set forth in Section XVII of this Order;

i. "Fairbanks" shall mean Fairbanks Capital Corp., a Utah corporation, and its successors and assigns, by whatever names they might be known;

j. "FCHC" shall mean Fairbanks Capital Holding Corp., a Delaware corporation, and its successors and assigns, by whatever names they might be known;

k. "FCRA" shall mean the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u, as amended;

l. "FDCPA" shall mean the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601-1692, as amended;

m. "The Federal Trade Commission Act" or "FTC Act" shall mean 15 U.S.C. §§ 41-58, as amended;

n. "fees" shall mean fees for late payments, property inspections, broker's price opinions, appraisals, legal services, reinstatement, and any other fees or charges that a consumer is or was assessed by Defendants in connection with the servicing of any loan;

o. "FHA mortgage loan" shall mean any loan insured by the Federal Housing Administration (FHA) in accordance with Title II of the National Housing Act, 12 U.S.C. § 1707 *et seq.*;

p. "force placed insurance" shall mean insurance obtained by any Defendant at the consumer's expense;

5

q. "loan instruments" shall mean the mortgage deed and/or promissory note signed by the consumer to consummate his or her loan;

r. "monthly payment" shall mean a monthly or other periodic payment a consumer must make under the loan instruments to repay the loan principal, pay interest on the principal, and, if necessary, fund escrow accounts for insurance and/or real estate taxes;

s. "Nationwide Class Action" shall mean *Curry, et al. v. Fairbanks Capital Corporation*, Case No. 03-10895-DPW (D. Mass.), seeking, in part, the same relief sought by the FTC in this action;

t. "person" shall mean any individual, group, unincorporated association, limited or general partnership, corporation, trust, or other business entity;

u. "property inspection" shall mean an inspection of the property securing a loan to determine the property's physical condition and occupancy status;

v. "The Real Estate Settlement Procedures Act" or "RESPA" shall mean 12 U.S.C. §§ 2601-2617, as amended;

w. "receipt" shall mean the date that Fairbanks or any agent of Fairbanks (such as an employee or lockbox vendor) receives a payment of good funds (or other item or information, as applicable);

x. "Redress Program" shall mean a program to be established and administered by the FTC for the purpose of providing consumer redress to class members as set forth in this Order;

y. "Redress Program Administrator" shall mean the FTC or such agents or

    trustees that the FTC in its sole discretion will appoint to establish, maintain, and administer the Redress Program, or such other entity as appointed by the Court at the request of the FTC;

z. "Redress Sum" shall mean all funds paid by the Defendants pursuant to this Order;

aa. "Regulation X" shall mean RESPA's implementing regulations, 24 C.F.R. Pt. 3500, as amended;

bb. "servicing" shall mean receiving any scheduled monthly payments from a consumer pursuant to the terms of any loan, including amounts for escrow accounts, and making the payments of principal and interest and such other payments with respect to the amounts received from the consumer as may be required pursuant to the terms of the loan. "Servicing" shall also include any related loan servicing activity such as the administration of loan accounts, the collection of loan payments, the foreclosure of real property, the use of consumer reports and the furnishing of information to consumer reporting agencies, and the collection or imposition of fees in relation to any of the foregoing; and

cc. "total amount due" shall mean the amount that is necessary to pay the loan in full and any associated charges (that is, the total of principal, interest, and unpaid advances, fees and charges).

## INJUNCTIVE RELIEF

### I.

IT IS THEREFORE ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

- A. Failing to accept as of the date of receipt, or to credit effective as of the date of receipt, all amounts paid in connection with a loan against interest and principal due, and before crediting taxes, insurance or fees, *provided, however,* with respect to loans using uniform loan instruments with a "revision date" prior to March 1999, Defendants may apply payments received in accordance with the provisions thereof;

- B. Failing to accept as of the date of receipt, or to credit effective as of the date of receipt, amounts paid in connection with a loan that are less than the total amount due (*i.e.*, partial payments), *provided, however,* that this requirement shall not apply to loans which have been referred to foreclosure in accordance with the requirements of this Order;

- C. Misrepresenting, expressly or by implication, any amount that a consumer owes;

- D. Misrepresenting, expressly or by implication, that any fee is allowed under the loan instruments, permitted by law, or imposed for services actually rendered;

- E. Misrepresenting, expressly or by implication, the amount, nature, or terms of any

  fee or other condition or requirement of any loan; and

F. Failing to make disbursements of escrow funds for insurance, taxes and other charges with respect to the property in a timely manner.

## II.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

A. Charging for force placed insurance before mailing, at no cost to the consumer, at least two (2) written notices to the consumer providing clear and conspicuous notice of the procedures by which the consumer may demonstrate that the consumer already has insurance coverage and providing at least thirty (30) calendar days from the mailing (by first-class mail) of the first notice and twenty (20) calendar days from the mailing (by certified mail) of the second notice for the consumer to demonstrate coverage, *provided that*, the second notice shall not be mailed until the first thirty-day period has expired;

B. Failing to accept any reasonable form of confirmation from a consumer of existing insurance coverage, including verbal confirmation of the existing insurance policy number along with the identity of the insurance company or agent;

C. Force placing insurance on a consumer's home when Defendants know or fail to take reasonable actions to determine whether such insurance is already in place;

**IV.**

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any FHA mortgage loan, from assessing and/or collecting any fees prohibited by FHA statutory, regulatory, or written handbook requirements.

**V.**

IT IS FURTHER ORDERED that, for five (5) years after the date of entry of this Order, Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from assessing and/or collecting the following fees:

A. Fees for demand letters or any other collection letters or notices;

B. Fees for property inspections, *provided that* Defendants may impose reasonable fees for property inspections actually performed if: (1) the consumer's loan payment has not been received within forty-five (45) calendar days of the due date; and (2) the inspections are limited to the initial inspection and to additional inspections during the period of continued delinquency not more frequent than every thirty (30) calendar days and only if Defendants (a) have been unable to

        contact the consumer for the previous thirty (30) calendar days or (b) have been able to contact the consumer but have determined that the mortgaged property is vacant;

C.     Fees for broker's price opinions, ***provided that*** Defendants may impose reasonable fees for a broker's price opinion ordered and actually performed if: (1) the consumer's loan payment has not been received within sixty-three (63) calendar days of the due date; and (2) the broker's price opinions are limited to the initial broker's price opinion and to additional broker's price opinions during the period of continued delinquency not more frequent than every six (6) months; and

D.     Attorneys' fees, ***provided that*** defendants may impose reasonable attorneys' fees if: (1) the fees are necessary to process a foreclosure sale of the property or are otherwise permitted fees under Section III of this Order; (2) a law firm has in fact performed the services; and (3) a law firm has in fact charged Defendants for the services.

## VI.

IT IS FURTHER ORDERED that nothing in this Order shall permit the Defendants to impose any fee or take any other action that is prohibited by any state or federal law or regulation and/or prohibited by the loan instruments and/or other contractual agreement with the consumer.

## VII.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise,

directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan that was in default at the time it was obtained by Defendants, from:

    A.    Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including but not limited to: (1) falsely representing the character, amount, or legal status of a debt, or any services rendered or compensation which may be lawfully received by a debt collector for collection of a debt, in violation of Sections 807(2)(A) and (B) of the FDCPA, 15 U.S.C. §§ 1692e(2)(A) and (B); (2) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8); and (3) using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10);

    B.    Using any unfair means to collect or attempt to collect a debt, including but not limited to collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement creating the debt or permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C. § 1692f(1);

    C.    Failing to notify consumers of their right to dispute and obtain verification of their

13

      debts and to obtain the name of the original creditor, either in the initial communication with consumers by defendants, or within five days thereafter, in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a); and

D.    Failing to comply in any other respect with the FDCPA, as amended, or as it may be amended in the future.

## VIII.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

A.    Furnishing information relating to any consumer to a consumer reporting agency if Defendants know or consciously avoid knowing that the information is inaccurate, as provided in Section 623(a)(1)(A) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A);

B.    Failing to promptly notify a consumer reporting agency, as required by Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2), when Defendants have determined that information previously furnished about any consumer to the consumer reporting agency is not complete or accurate, and failing to provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided to the agency complete and accurate, and to not thereafter furnish to the agency any of the information that

remains not complete or accurate;

C. Failing to report accounts as "disputed" to consumer reporting agencies, as required by Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3), when consumers dispute accounts either in writing, orally, or by electronic means; and

D. Failing to comply in any other respect with the FCRA, as amended, or as may be amended in the future.

### IX.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from failing to comply with RESPA, 12 U.S.C. §§ 2601-2617, as amended, or its implementing Regulation X, 24 C.F.R. Pt. 3500, as amended, including, without limitation:

A. Failing to respond, in a timely manner, to consumers' qualified written requests in accordance with 12 U.S.C. § 2605(e);

B. Failing to notify, in a timely manner, the consumer in writing of any assignment, sale, or transfer of the servicing of the loan to any other person not less than fifteen (15) days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made) in accordance with 12 U.S.C. § 2605(b);

C. Failing to notify, in a timely manner, the consumer in writing of any assignment,

sale, or transfer of servicing of the loan to any Defendant not more than fifteen (15) days after the effective date of transfer of the servicing of the mortgage loan in accordance with 12 U.S.C. § 2605(c);

D. Imposing late fees during the 60-day period beginning on the effective date of the transfer of the servicing of the mortgage loan in violation of 12 U.S.C. § 2605(d);

E. Failing to protect any consumer's credit rating in accordance with 12 U.S.C. § 2605(e)(3);

F. Failing to make timely payments from consumers' escrow accounts for casualty insurance, property taxes and other charges with respect to the property as such payments become due in accordance with 12 U.S.C. § 2605(g); and

G. Failing to provide annual escrow statements that clearly itemize payments for taxes, insurance premiums, and other separately identified charges in accordance with 12 U.S.C. § 2609(c)(2).

## X.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

A. Failing to maintain and provide adequate staffing for a toll-free phone number and an address that are specifically dedicated to handling consumers' disputes or questions. The toll-free telephone number shall be staffed at least every Monday

through Friday between the hours of 7 a.m. to 8 p.m., Eastern Time, national holidays excluded. Defendants' obligation to maintain the toll-free number shall expire ten (10) years from the date of entry of this Order;

B. Failing to acknowledge in writing any consumer's dispute within twenty (20) calendar days after receiving it, unless it is an oral dispute that has been investigated and resolved with the consumer within twenty (20) calendar days after receiving it, *provided that* Defendants maintain written or electronic records of the handling of such oral disputes for the time period required under Section XXIX of this Order;

C. Failing to complete an investigation of any consumer's dispute within sixty (60) calendar days after receiving it, unless through the use of reasonable procedures Defendants are unable to resolve the dispute in that time period, in which event Defendants may take an additional thirty (30) calendar days to resolve the dispute if they so notify the consumer in writing;

D. Failing to advise the consumer promptly and in writing of the results of the investigation of the consumer's dispute, unless it is an oral dispute that has been investigated and resolved with the consumer within twenty (20) calendar days after receiving it, *provided that* Defendants maintain written or electronic records of the handling of such oral disputes for the time period required under Section XXIX of this Order;;

E. Taking any legal or other action to collect the disputed amount and any related charges until the dispute has been investigated and the consumer has been

17

  informed of the results of the investigation; and

F. Threatening the consumer's credit rating or reporting the consumer as delinquent based on the disputed amount until the consumer's dispute has been investigated and the consumer has been informed of the results of the investigation.

## XI.

IT IS FURTHER ORDERED that, for ten (10) years after the date of entry of this Order, Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with servicing any loan except loans in bankruptcy or subject to forbearance agreements, from failing timely to inform the consumer prior to the due date of each monthly payment (by means of a monthly statement or, with the consumer's prior consent, by electronic notification, sent at least twelve (12) calendar days before the payment due date, or by means of a coupon book) for each loan it is servicing, at no cost to the consumer, of the following information in a clear and conspicuous manner:

A. the unpaid principal balance;

B. the monthly payment due as of the next due date and the due date;

C. if there are change(s) in the monthly payment amount and/or other amounts due, the reason for the change(s), except that, when using a coupon book, Defendants shall have the right to notify consumers of such change(s) by a separate clear and conspicuous notice sent by first-class mail to the consumer at least twelve (12)

calendar days before the payment due date;

D.  a complete itemization of each and every fee assessed during the statement period;

E.  the toll-free telephone number and address for the consumer to use if s/he disputes any of the information provided; and

F.  within six (6) months after the date of entry of this Order, the total amount due.

## XII.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from taking any action toward foreclosure until the Defendants have: a) reviewed any records pertaining to the consumer's loan to verify that the consumer has failed to make three full monthly payments; b) confirmed that the consumer has not been subject to any of the acts or practices prohibited by this Order, the loan instruments, or law, or if such acts or practices have occurred, that Defendants have remedied them; and c) investigated any disputes by the consumer and informed the consumer of the results of the investigation. Defendants shall maintain records sufficient to document the steps they take to investigate and conclude each dispute.

## XIII.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise,

19

directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

> A. Assessing or collecting any late fee or similar delinquency charge on a monthly payment, which payment is otherwise a full payment for the applicable period and is paid on or before its due date or within an applicable grace period, when the only delinquency is attributable to late fee(s) or delinquency charge(s) assessed on earlier monthly payments (*i.e.*, pyramiding of late charges); and
>
> B. Assessing or collecting any late fee or similar delinquency charge once a loan account has been accelerated into foreclosure status.

## CONSUMER REMEDIES

### XIV.

IT IS FURTHER ORDERED that, within fifteen (15) calendar days after the date of entry of this Order, for all loans being serviced by Defendants as of the date of the entry of this Order, for which Defendants' records show that (1) the loan is delinquent; (2) the consumer has tendered prior loan payments sufficient to cover the scheduled monthly payment (principal and interest); and (3) the delinquency is attributable to the non-payment of taxes, insurance, or fees, Defendants shall re-classify the consumer's loan status as current and change their records to remove the prior record of delinquency. For such loans, within twenty (20) calendar days after entry of this Order, Defendants shall report to any consumer reporting agency to which they have previously provided information about each such consumer's account that (1) the account is considered current, and (2) the prior record of delinquency is considered inaccurate and should be removed from the consumer's consumer report. Within forty-five (45) calendar days after the

20