UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAIRBANKS CAPITAL CORP., )<br>a Utah corporation, FAIRBANKS CAPITAL )<br>HOLDING CORP., a Delaware corporation, )<br>and THOMAS D. BASMAJIAN, )<br>)<br>Defendants. )<br>) | **03  12219DPW**<br><br>Civil No. |

### STIPULATED FINAL JUDGMENT AND ORDER
### AS TO THOMAS D. BASMAJIAN

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission") and the Secretary of the Department of Housing and Urban Development ("HUD"), has filed a complaint for a permanent injunction and other equitable relief, and for monetary civil penalties, pursuant to Sections 5(a), 5(m)(1)(A), and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b); Sections 807, 808 and 809 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f and 1692g; Section 623 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s; and Sections 6 and 16 of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605 and 2614 ("Complaint").

The Complaint alleges that Fairbanks Capital Holding Corp., Fairbanks Capital Corp., and Thomas D. Basmajian have violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

Sections 807, 808 and 809 of the FDCPA, 15 U.S.C. §§ 1692e, 1692f and 1692g; Section 623 of the FCRA, 15 U.S.C. § 1681s; and Section 6 of the RESPA, 12 U.S.C. § 2605.

The Plaintiff and Defendant Thomas D. Basmajian, by and through their respective counsel, have agreed to entry of this Stipulated Final Judgment and Order ("Order") by this Court, without trial or adjudication of any issue of fact or law. The said parties having requested the Court to enter this Order, it is therefore ORDERED, ADJUDGED, AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over Defendant and the subject matter of this action. Venue in the District of Massachusetts is proper.

2. The Complaint states a claim upon which relief may be granted against Defendant under Sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b); the FDCPA, 15 U.S.C. § 1692 *et seq.*, as amended; the FCRA, 15 U.S.C. § 1681 *et seq.*, as amended; Sections 6 and 16 of the RESPA, 12 U.S.C. §§ 2605 and 2614; and Section 3500.21 of Regulation X, 24 C.F.R. Pt. 3500.21.

3. The activities of Defendant are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. Defendant has not admitted any of the allegations of wrongdoing set forth in the Complaint, and entry of this Order is not an admission of any such allegations of wrongdoing or violation of law. Nonetheless, Defendant stipulates and agrees to entry of this Order in order to settle and resolve these disputes.

5. Plaintiff and Defendant waive all rights to seek judicial review or otherwise

challenge or contest the validity of this Order, and Defendant waives any right that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412.

6. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

7. For purposes of this Order, the following definitions shall apply:

    a. "Basmajian" shall mean Thomas D. Basmajian, individually and as a former employee of Fairbanks Capital Holding Corp. and/or Fairbanks Capital Corp., and any entity which he both controls and through which he does business;

    b. "broker's price opinion" shall mean an estimate of the probable sale price of the property securing a loan which is obtained by Defendant at the consumer's expense;

    c. "clear and conspicuous" shall mean that the information is displayed in a manner that is readily noticeable, readable, and understandable;

    d. "Defendant" shall mean Basmajian;

    e. "document" is defined as provided in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term;

f.  "FCRA" shall mean the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u, as amended;

g.  "FDCPA" shall mean the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601-1692, as amended;

h.  "The Federal Trade Commission Act" or "FTC Act" shall mean 15 U.S.C. §§ 41-58, as amended;

i.  "fees" shall mean fees for late payments, property inspections, broker's price opinions, appraisals, legal services, reinstatement, and any other fees or charges that a consumer is or was assessed by Defendant in connection with the servicing of any loan;

j.  "FHA mortgage loan" shall mean any loan insured by the Federal Housing Administration (FHA) in accordance with Title II of the National Housing Act, 12 U.S.C. § 1707 *et seq.*;

k.  "force placed insurance" shall mean insurance obtained by Defendant at the consumer's expense;

l.  "loan" shall mean an extension of credit primarily for personal, family, or household purposes;

m.  "loan instruments" shall mean the mortgage deed and/or promissory note signed by the consumer to consummate his or her loan;

n.  "monthly payment" shall mean a monthly or other periodic payment a consumer must make under the loan instruments to repay the loan principal, pay interest on the principal, and, if necessary, fund escrow

4

        accounts for insurance and/or real estate taxes;

o. "person" shall mean any individual, group, unincorporated association, limited or general partnership, corporation, trust, or other business entity;

p. "property inspection" shall mean an inspection of the property securing a loan to determine the property's physical condition and occupancy status;

q. "The Real Estate Settlement Procedures Act" or "RESPA" shall mean 12 U.S.C. §§ 2601-2617, as amended;

r. "receipt" shall mean the date that Defendant or any agent of Defendant (such as an employee or lockbox vendor) receives a payment of good funds (or other item or information, as applicable);

s. "Regulation X" shall mean RESPA's implementing regulations, 24 C.F.R. Pt. 3500, as amended;

t. "servicing" shall mean receiving any scheduled monthly payments from a consumer pursuant to the terms of any loan, including amounts for escrow accounts, and making the payments of principal and interest and such other payments with respect to the amounts received from the consumer as may be required pursuant to the terms of the loan. "Servicing" shall also include any activity related to such loan servicing, such as the administration of loan accounts, the collection of loan payments, the foreclosure of real property, the use of consumer reports and the furnishing of information to consumer reporting agencies, and the collection or imposition of fees in relation to any of the foregoing; and

  u. "total amount due" shall mean the amount that is necessary to pay the loan in full and any associated charges (that is, the total of principal, interest, and unpaid advances, fees and charges).

## INJUNCTIVE RELIEF

### I.

IT IS THEREFORE ORDERED that Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

  A. Failing to accept as of the date of receipt, or to credit effective as of the date of receipt, all amounts paid in connection with a loan against interest and principal due, and before crediting taxes, insurance or fees, ***provided, however,*** with respect to loans using uniform loan instruments with a "revision date" prior to March 1999, Defendant may apply payments received in accordance with the provisions thereof;

  B. Failing to accept as of the date of receipt, or to credit effective as of the date of receipt, amounts paid in connection with a loan that are less than the total amount due (*i.e.*, partial payments), ***provided, however,*** that this requirement shall not apply to loans which have been referred to foreclosure in accordance with the requirements of this Order;

  C. Misrepresenting, expressly or by implication, any amount that a consumer owes;

D. Misrepresenting, expressly or by implication, that any fee is allowed under the loan instruments, permitted by law, or imposed for services actually rendered;

E. Misrepresenting, expressly or by implication, the amount, nature, or terms of any fee or other condition or requirement of any loan; and

F. Failing to make disbursements of escrow funds for insurance, taxes and other charges with respect to the property in a timely manner.

## II.

IT IS FURTHER ORDERED that Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

A. Charging for force placed insurance before mailing, at no cost to the consumer, at least two (2) written notices to the consumer providing clear and conspicuous notice of the procedures by which the consumer may demonstrate that the consumer already has insurance coverage and providing at least thirty (30) calendar days from the mailing (by first-class mail) of the first notice and twenty (20) calendar days from the mailing (by certified mail) of the second notice for the consumer to demonstrate coverage, *provided that*, the second notice shall not be mailed until the first thirty-day period has expired;

B. Failing to accept any reasonable form of confirmation from a consumer of existing insurance coverage, including verbal confirmation of the existing insurance policy

    number along with the identity of the insurance company or agent;

C. Force placing insurance on a consumer's home when Defendant knows or fails to take reasonable actions to determine whether such insurance is already in place;

D. Failing, within fifteen (15) days of receipt of confirmation of a consumer's existing insurance coverage, to refund all force placed insurance premiums paid during the overlapping coverage period and any related fees charged to the consumer's account during the overlapping coverage period; and

E. Placing a consumer's loan in default, assessing late fees, or initiating foreclosure proceedings solely due to the consumer's nonpayment of insurance premiums, ***provided that*** the insurance charges may become additional debt of the consumer secured by the security instrument and interest may be charged thereon as provided in the loan instruments.

### III.

IT IS FURTHER ORDERED that Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from assessing and/or collecting any fee unless it is for services actually rendered and is a) expressly authorized, and clearly and conspicuously disclosed, by the loan instruments and not prohibited by law; b) expressly permitted by law and not prohibited by the loan instruments; or c) a reasonable fee for a specific service requested by a consumer that is assessed and/or collected only after clear and

inspections during the period of continued delinquency not more frequent than every thirty (30) calendar days and only if Defendant (a) has been unable to contact the consumer for the previous thirty (30) calendar days or (b) has been able to contact the consumer but has determined that the mortgaged property is vacant;

C. Fees for broker's price opinions, ***provided that*** Defendant may impose reasonable fees for a broker's price opinion ordered and actually performed if: (1) the consumer's loan payment has not been received within sixty-three (63) calendar days of the due date; and (2) the broker's price opinions are limited to the initial broker's price opinion and to additional broker's price opinions during the period of continued delinquency not more frequent than every six (6) months; and

D. Attorneys' fees, ***provided that*** Defendant may impose reasonable attorneys' fees if: (1) the fees are necessary to process a foreclosure sale of the property or are otherwise permitted fees under Section III of this Order; (2) a law firm has in fact performed the services; and (3) a law firm has in fact charged Defendant for the services.

## VI.

IT IS FURTHER ORDERED that nothing in this Order shall permit the Defendant to impose any fee or take any other action that is prohibited by any state or federal law or regulation and/or prohibited by the loan instruments and/or other contractual agreement with the consumer.

## VII.

IT IS FURTHER ORDERED that Defendant, and his officers, employees, agents,

10

representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan that was in default at the time it was obtained by Defendant, from:

    A.    Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including but not limited to: (1) falsely representing the character, amount, or legal status of a debt, or any services rendered or compensation which may be lawfully received by a debt collector for collection of a debt, in violation of Sections 807(2)(A) and (B) of the FDCPA, 15 U.S.C. §§ 1692e(2)(A) and (B); (2) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8); and (3) using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10);

    B.    Using any unfair means to collect or attempt to collect a debt, including but not limited to collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by the agreement creating the debt or permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C.

U.S.C. § 2605(b);

C. Failing to notify, in a timely manner, the consumer in writing of any assignment, sale, or transfer of servicing of the loan to Defendant not more than fifteen (15) days after the effective date of transfer of the servicing of the mortgage loan in accordance with 12 U.S.C. § 2605(c);

D. Imposing late fees during the 60-day period beginning on the effective date of the transfer of the servicing of the mortgage loan in violation of 12 U.S.C. § 2605(d);

E. Failing to protect any consumer's credit rating in accordance with 12 U.S.C. § 2605(e)(3);

F. Failing to make timely payments from consumers' escrow accounts for casualty insurance, property taxes and other charges with respect to the property as such payments become due in accordance with 12 U.S.C. § 2605(g); and

G. Failing to provide annual escrow statements that clearly itemize payments for taxes, insurance premiums, and other separately identified charges in accordance with 12 U.S.C. § 2609(c)(2).

## X.

IT IS FURTHER ORDERED that Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

A. Failing to acknowledge in writing any consumer's dispute within twenty (20)

14

calendar days after receiving it, unless it is an oral dispute that has been investigated and resolved with the consumer within twenty (20) calendar days after receiving it, ***provided that*** Defendant maintains written or electronic records of the handling of such oral disputes for the time period required under Section XX of this Order;

B. Failing to complete an investigation of any consumer's dispute within sixty (60) calendar days after receiving it, unless through the use of reasonable procedures Defendant is unable to resolve the dispute in that time period, in which event Defendant may take an additional thirty (30) calendar days to resolve the dispute if he so notifies the consumer in writing;

C. Failing to advise the consumer promptly and in writing of the results of the investigation of the consumer's dispute, unless it is an oral dispute that has been investigated and resolved with the consumer within twenty (20) calendar days after receiving it, ***provided that*** Defendant maintains written or electronic records of the handling of such oral disputes for the time period required under Section XX of this Order;

D. Taking any legal or other action to collect the disputed amount and any related charges until the dispute has been investigated and the consumer has been informed of the results of the investigation; and

E. Threatening the consumer's credit rating or reporting the consumer as delinquent based on the disputed amount until the consumer's dispute has been investigated and the consumer has been informed of the results of the investigation.

## XI.

IT IS FURTHER ORDERED that, for ten (10) years after the date of entry of this Order, Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with servicing any loan except loans in bankruptcy or subject to forbearance agreements, from failing timely to inform the consumer prior to the due date of each monthly payment (by means of a monthly statement or, with the consumer's prior consent, by electronic notification, sent at least twelve (12) calendar days before the payment due date, or by means of a coupon book) for each loan it is servicing, at no cost to the consumer, of the following information in a clear and conspicuous manner:

A. the total amount due;

B. the unpaid principal balance;

C. the monthly payment due as of the next due date and the due date;

D. if there are change(s) in the monthly payment amount and/or other amounts due, the reason for the change(s), except that, when using a coupon book, Defendant shall have the right to notify consumers of such change(s) by a separate clear and conspicuous notice sent by first-class mail to the consumer at least twelve (12) calendar days before the payment due date;

E. a complete itemization of each and every fee assessed during the statement period; and

F. the telephone number and address for the consumer to use if s/he disputes any of

the information provided.

## XII.

IT IS FURTHER ORDERED that Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from taking any action toward foreclosure until the Defendant has: a) reviewed any records pertaining to the consumer's loan to verify that the consumer has failed to make three full monthly payments; b) confirmed that the consumer has not been subject to any of the acts or practices prohibited by this Order, the loan instruments, or law, or if such acts or practices have occurred, that Defendant has remedied them; and c) investigated any disputes by the consumer and informed the consumer of the results of the investigation. Defendant shall maintain records sufficient to document the steps taken to investigate and conclude each dispute.

## XIII.

IT IS FURTHER ORDERED that Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

  A. Assessing or collecting any late fee or similar delinquency charge on a monthly payment, which payment is otherwise a full payment for the applicable period and

  is paid on or before its due date or within an applicable grace period, when the only delinquency is attributable to late fee(s) or delinquency charge(s) assessed on earlier monthly payments (*i.e.*, pyramiding of late charges); and

B.  Assessing or collecting any late fee or similar delinquency charge once a loan account has been accelerated into foreclosure status.

### XIV.

IT IS FURTHER ORDERED that Defendant, his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from enforcing any clause in any forbearance agreement, entered into by Fairbanks Capital Corp. and any consumer between January 1, 1999 and the date of entry of this Order, that required the consumer to acknowledge his/her lack of claims or defenses; waive access to court; or otherwise waive or release any rights or claims. Such nonenforceability shall not otherwise affect the legality of the forbearance agreement.

### MONETARY RELIEF

### XV.

IT IS FURTHER ORDERED that Defendant shall pay the amount of four hundred thousand dollars ($400,000.00) ("redress sum") to remedy the violations of law alleged by the FTC and HUD. This amount constitutes redress paid for the benefit of consumers, and does not constitute a civil penalty. On or before sixty (60) calendar days after the date of entry of this Order, Defendant shall wire transfer the redress sum to the Commission or such agent as the

Commission may direct, pursuant to instructions provided by the Commission. All funds paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress fund ("Redress Program"). The Commission shall have sole discretion in choosing an independent administrator to administer the Redress Program ("Redress Program Administrator"). The FTC, in consultation with HUD, shall determine which consumers are eligible for redress as well as the amounts to be paid. Defendant shall have no right to challenge any aspect of the FTC's distribution of consumer redress, nor the selection of the Redress Program Administrator. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendant's practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited into the United States Treasury. Defendant shall have no right to challenge the FTC's choice of remedies under this Section.

## DEFAULT

### XVI.

IT IS FURTHER ORDERED that in the event that the Defendant defaults on any obligation to make any payment set forth in this Order, which default continues for ten (10) calendar days beyond the due date of the payment, the entire unpaid amount together with interest, computed pursuant to 28 U.S.C. § 1961(a) from the date of default to the date of payment, shall immediately become due and payable. Notwithstanding any other provision of

this Order, Defendant agrees that if he fails to meet any payment obligations set forth in this Order, he shall pay the costs and attorneys' fees incurred by Plaintiff, the Commission, HUD, or their agents in any attempts to collect amounts due pursuant to this Order. Defendant further agrees that the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff, the Commission, or HUD to enforce their rights pursuant to this Order, including, but not limited to, a nondischargeability complaint in any subsequent bankruptcy case.

## RELEASE

### XVII.

IT IS FURTHER ORDERED that this Order shall end all litigation between the plaintiff, FTC and HUD, and the Defendant, relating to the claims and conduct alleged or that could have been alleged in this action with respect to the Defendant's loan servicing practices. In addition, any consumer who obtains any redress from the Redress Program shall release any claim, known or unknown, against the Defendant, with respect to the Defendant's loan servicing practices between January 1, 1999 and the date of entry of this Order ("Release"), ***provided, however,*** that any claims or defenses that consumers affirmatively or defensively assert with respect to Defendant's loan servicing in an effort to defeat any pending or future real estate foreclosure action (judicial or nonjudicial), including those related to the servicing practices covered by this Release, shall be unaffected by this Release in connection with such action.