date of entry of this Order, Defendants shall send by first-class mail, at no cost to the consumer, a notice to all consumers whose loans are re-classified pursuant to this Section, stating: (a) that the consumer's loan account is considered current and the consumer reporting agency[ies] has [have] been notified of the current status of the loan account; and (b) the address and toll-free telephone number for the consumer to use in the event of disputes, as set forth in Appendix A. All costs incurred in performing the acts and providing the notices required in this Section shall be paid by the Defendants and shall not be credited against the Redress Sum.

### XV.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from enforcing any clause in any forbearance agreement, entered into by any Defendant and any consumer between January 1, 1999 and the date of entry of this Order, that required the consumer to acknowledge his/her lack of claims or defenses; waive access to court; or otherwise waive or release any rights or claims. Such nonenforceability shall not otherwise affect the legality of the forbearance agreement.

### MONETARY RELIEF

### XVI.

IT IS FURTHER ORDERED that Defendants, jointly and severally, shall pay the amount of forty million dollars ($40,000,000.00) to remedy the violations of law alleged by the FTC and HUD. This amount constitutes redress paid for the benefit of consumers, and does not constitute

a civil penalty. On or before five (5) business days after the date of entry of this Order, Defendants shall wire transfer an initial sum of ten million dollars ($10,000,000.00) to the Commission or such agent as the Commission may direct, pursuant to instructions provided by the Commission. The remaining sum of thirty million dollars ($30,000,000.00) shall be payable upon the effective date of this Order as follows: On or before five (5) business days after the date of entry of this Order, Defendants shall obtain and deliver to the FTC an irrevocable letter of credit in the amount of thirty million dollars ($30,000,000.00) issued by a financial institution for the benefit of the FTC. The letter of credit shall be structured so that the thirty million dollars ($30,000,000.00) accrues interest, from December 31, 2003 to the effective date of this Order, at the rate established for six month Treasury Bonds. For the letter of credit, both the financial institution that issues the letter of credit and the form of the letter of credit must be acceptable to the FTC prior to filing of this Order for the Court's approval. Upon the effective date of this Order, the FTC may draw upon the letter of credit, together with interest. All funds paid pursuant to this Order ("Redress Sum") shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of the Redress Program. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited as equitable disgorgement into the United States Treasury. Defendants shall have no right to challenge the FTC's choice of remedies under this Section.

## EFFECTIVE DATE AND CONDITIONS

### XVII.

IT IS FURTHER ORDERED that, except as provided in Section XVIII below, this Order shall become effective five (5) calendar days after all of the following events have occurred:

1. Entry of this Order by the United States District Court for the District of Massachusetts;

2. Entry of an Order of the United States District Court for the District of Massachusetts preliminarily approving the nationwide class action settlement and certifying the proposed class, and approving the form, content, and method of dissemination of the Class Action Notice; and

3. Entry of a final judgment by the United States District Court for the District of Massachusetts, after a notice to members of the class and all other persons the Court determines are entitled to notice, and after conducting the fairness hearing, approving a nationwide class action settlement consistent with this Order.

### XVIII.

IT IS FURTHER ORDERED that if the effective date of this Order does not occur within ten (10) months of the filing of the motion to approve this Order, the Plaintiff may, at any time thereafter, until the date this Order becomes effective, at its sole discretion and upon five (5) days advance written notice to the Defendants, terminate this Order in its entirety. In such event, this Order shall be null and void and of no force and effect. In addition, the Parties shall be returned to their respective positions as of the date of this Order, and this Order shall not be deemed to prejudice in any way the positions of the Plaintiff, FTC, and HUD, and the Defendants, including

but not limited to their positions with respect to the allegations in this action nor shall the Order be deemed to entitle any Party to the recovery of costs and expenses incurred to implement this Order, except for the costs and expenses of the Redress Program as set forth below. Further, should the above termination occur or if the effective date otherwise can not occur due to denial of the Settlement Agreement, the Commission shall return to the Defendants any amounts already paid by the Defendants and the letter of credit provided pursuant to Section XVI of this Order, less any costs and expenses incurred by the Commission for administration of the Redress Program pursuant to its contract with the Redress Program Administrator.

## APPEALS

### XIX.

IT IS FURTHER ORDERED that the FTC may provide redress to class members through the Redress Program at any time after the effective date of this Order. The effective date of this Order and the provision of redress by the FTC shall not be delayed or affected in any manner by: (i) any appeal of the final judgment of the United States District Court for the District of Massachusetts approving the Settlement Agreement; or (ii) any unresolved dispute over fees to be paid to attorneys for the Nationwide Class Action or to any other attorneys, which dispute is distinct from the final judgment described in Section XVII.

## EFFECT OF NATIONWIDE CLASS ACTION SETTLEMENT

### XX.

IT IS FURTHER ORDERED that the claims settled in this Order shall be distinct and severable from any additional claims advanced by the parties in the Nationwide Class Action and settled with the Defendants. If the United States District Court for the District of Massachusetts

24

or any appeals court should decline to certify, decertify, or refuse to approve the settlement of any such additional claims, that decision shall not affect either the implementation of the Redress Program or the terms of this Order.

## CLASS ACTION NOTICE

### XXI.

IT IS FURTHER ORDERED that the FTC, Defendants, and counsel for the plaintiffs in the Nationwide Class Action shall negotiate and agree upon the content and manner of dissemination of the Class Action Notice to be submitted to and approved by the United States District Court for the District of Massachusetts. The manner of dissemination of the Class Action Notice shall include individual mailed notice to all class members who can be identified through reasonable effort, and, prior to such notice, Defendants shall at a minimum update class members' last known address through the National Change of Address (NCOA) database or comparable program. The Class Action Notice may include, at the FTC's option, a claim form and related documents for class members to submit to make a claim through the Redress Program. The Defendants shall bear all costs associated with dissemination of the Notice, including but not limited to the cost of dissemination of any claim form and related documents with the Notice and the cost of updating class members' addresses as specified herein. In addition, the Defendants or plaintiffs' counsel in the Nationwide Class Action shall bear all costs associated with receiving and processing consumers' requests for exclusion ("opt outs") from the class.

## REDRESS PROGRAM ADMINISTRATION

### XXII.

IT IS FURTHER ORDERED that the Redress Program shall be established and administered by the FTC in its sole discretion for the purpose of providing consumer redress to class members. The FTC, in consultation with HUD, the Defendants, and plaintiffs' counsel in the Nationwide Class Action, shall determine the form, content, and manner of distribution of any claim form, and the plan for the disbursement of the funds to class members. The FTC, in its sole discretion, shall assign the administration of the Redress Program to one of its approved contractors (Redress Program Administrator), or such other entity as ordered by the Court upon the FTC's request. The Defendants shall have no right to contest the substance or manner of distribution of redress, nor the FTC's selection of the Redress Program Administrator.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

### XXIII.

IT IS FURTHER ORDERED that any and all attorneys' fees or litigation expenses in connection with this action, whether or not ordered by any Court, shall be paid by the party incurring the expense and shall not be credited against the Redress Sum. Any and all attorneys' fees, litigation expenses, or incentive awards to class representatives in connection with the Nationwide Class Action or any other action, whether or not ordered by any Court, shall not be credited against the Redress Sum.

## DATA

### XXIV.

IT IS FURTHER ORDERED that Defendants shall provide the Commission and/or its

designated agent, within thirty (30) calendar days after receiving a written request by the Commission or its designated agent, with all information required to administer the Redress Program, including loan servicing data concerning class members. Such loan servicing data shall include, but not be limited to, for any borrower (and co-borrower, if applicable) for which Defendants have serviced a loan since January 1, 1999: name of borrower; last known address; any telephone number(s) in Defendants' possession; social security number; date of foreclosure (if applicable); copy of forbearance agreement (if applicable); information about any other loan resolution (such as a deed-in-lieu of foreclosure or a short sale); date of loan consummation; date that Defendants began servicing the loan; unpaid principal balance (as of the date of submission); an itemization of all fees imposed on the borrower (and any refunds of such fees to the borrower) from the date that Defendants began servicing the loan to the date of the submission; date of any bankruptcy filing by the borrower; and date of transfer to another servicer (if applicable). Defendants shall provide a complete electronically stored data set in a compatible format (as determined by the FTC and/or its agent). Any costs incurred by the Redress Program Administrator in matching loan servicing data with class members, or otherwise incurred in correcting material deficiencies in the data set, shall be paid by the Defendants and shall not be credited against the Redress Sum.

## DEFAULT

### XXV.

IT IS FURTHER ORDERED that in the event that Defendants default on any obligation to make any payment set forth in this Order, which default continues for ten (10) calendar days beyond the due date of the payment, the entire unpaid amount together with interest, computed

pursuant to 28 U.S.C. § 1961(a) from the date of default to the date of payment, shall immediately become due and payable. Notwithstanding any other provision of this Order, Defendants agree that if they fail to meet any payment obligations set forth in this Order, Defendants shall pay the costs and attorneys' fees incurred by Plaintiff, the Commission, HUD, or their agents in any attempts to collect amounts due pursuant to this Order. Defendants further agree that the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff, the Commission, or HUD to enforce their rights pursuant to this Order, including, but not limited to, a nondischargeability complaint in any subsequent bankruptcy case.

## RELEASE

### XXVI.

IT IS FURTHER ORDERED that, upon the effective date, this Order shall end all litigation between the plaintiff, FTC and HUD, and the Defendants and, except for defendant Thomas D. Basmajian, their predecessors, successors, shareholders, officers, directors, subsidiaries, and their affiliates, relating to the claims and conduct alleged or that could have been alleged in this action with respect to the Defendants' loan servicing practices. In addition, any class member who obtains any redress from the Redress Program shall release any claim, known or unknown, against the Defendants, and, except for defendant Thomas D. Basmajian, their predecessors, successors, shareholders, officers, directors, subsidiaries, and their affiliates, with respect to the Defendants' loan servicing practices between January 1, 1999 and the date of preliminary approval of the Settlement Agreement ("Release"); ***provided, however,*** that any claims or defenses that class members affirmatively or defensively assert with respect to

Defendants' loan servicing in an effort to defeat any pending or future real estate foreclosure action (whether judicial or nonjudicial), including those related to the servicing practices covered by this Release, shall be unaffected by this Release in connection with such action. Counsel for the FTC, Defendants, and the Nationwide Class Action shall negotiate and agree upon the language of the release to be submitted to and approved by the United States District Court of the District of Massachusetts in connection with the Nationwide Class Action.

## COMPLIANCE REPORTING

### XXVII.

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

    A.    For a period of eight (8) years from the date of entry of this Order, Defendants shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to: a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) calendar days prior to such change, ***provided that***, with respect to any proposed change in the corporation about which the defendant learns less than thirty (30) days prior to the date such action is to take place, defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

    B.    One hundred eighty (180) calendar days after the date of entry of this Order,

    Defendants each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

    (1)    Any changes required to be reported pursuant to subparagraph (A) above; and

    (2)    A copy of each acknowledgment of receipt of this Order obtained by each defendant pursuant to Section XXXI;

C.    For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director for Financial Practices
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Stop NJ-3158
Washington, D.C. 20580
Re: *FTC v. Fairbanks Capital Corp. et al*

D.    For the purposes of this Order, Defendants shall, unless otherwise directed by HUD's authorized representatives, mail all written notifications to HUD to:

Director of the Office of RESPA and Interstate Land Sales
Department of Housing and Urban Development
451 Seventh Street, S.W., Room 9146
Washington, DC 20410

**COMPLIANCE MONITORING**

**XXVIII.**

IT IS FURTHER ORDERED that, for the purposes of monitoring and investigating

compliance with any provision of this Order,

    A. Within twenty (20) calendar days of receipt of written notice from a representative of the Commission or HUD, any Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation, *provided that* (1) the Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Fed. R. Civ. P. 26(c); and (2) nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information.

    B. Defendants shall permit representatives of the Commission or HUD to interview any employer, consultant, independent contractor, representative, agent or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

    C. Defendants shall take reasonable steps sufficient to monitor and ensure that all of their employees and independent contractors engaged in loan servicing or customer service functions comply with this Order. Such steps shall include adequate monitoring of calls with consumers.

    D. Defendants shall take appropriate corrective action with respect to any of their

employees whom Defendants determine is not complying with this Order, which may include training, disciplining, and/or terminating such individual.

**RECORD KEEPING PROVISIONS**

**XXIX.**

IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of this Order, Defendants, and each of them, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from failing to create and retain, for a period of three (3) years after the date of preparation of the record, the following records:

    A.    Accounting records that reflect the cost of loans acquired and/or sold; revenues generated from servicing fees and/or fees paid by and/or imposed on consumers; and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, telephone numbers, dollar amounts paid, and description of fees or other charges imposed;

    D.    Complaints, disputes, and requests from consumers (whether received directly,

  indirectly or through any third party) and any responses to those complaints, disputes, or requests;

E. Copies of all training materials and policy manuals; and

F. All documentation generated pursuant to Section XII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XXX.

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver a copy of this Order to all principals, officers, directors, managers, employees, agents, and representatives having supervisory responsibility with respect to the subject matter of this Order, and shall secure from each such person a signed and dated statement acknowledging receipt of the Order. Defendants shall deliver this Order to current personnel within the scope of the preceding sentence within thirty (30) calendar days after the date of service of this Order, and to new personnel in the same group within thirty (30) calendar days after the person assumes such responsibility.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

### XXXI.

IT IS FURTHER ORDERED that each defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this order.

## CONTINUING JURISDICTION OF COURT

### XXXII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes, including but not limited to enabling any of the Parties to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Order, the enforcement of compliance therewith, or as justice may require.

## FINAL JUDGMENT AND ORDER

### XXXIII.

The Parties hereby consent to entry of the foregoing Order, which, upon the effective date, shall constitute a final judgment and order, each Party to bear its own costs and attorneys' fees in connection with this action.

SO ORDERED this 21st day of November, 2003.

_____
UNITED STATES DISTRICT JUDGE

The parties hereby stipulate and agree to the terms and conditions set forth above and consent to entry of this Order Preliminarily Approving Stipulated Final Judgment and Order.

FOR THE UNITED STATES OF AMERICA:

Michael J. Sullivan
United States Attorney
District of Massachusetts


_____
Anita Johnson
Assistant United States Attorney
Suite 9200 Moakley Courthouse
Boston, MA 02210
(617) 748-3100


FOR THE FEDERAL TRADE COMMISSION:

WILLIAM E. KOVACIC
General Counsel


_____
Lucy E. Morris, Attorney
Eric Imperial, Attorney
Allison I. Brown, Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3224 (telephone)
(202) 326-3768 (facsimile)

FOR THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT:

RICHARD A. HAUSER
General Counsel

*[signature]*

John P. Kennedy, Associate General Counsel
Peter S. Race, Assistant General Counsel
Joan Kayagil, Attorney
Barton Shapiro, Attorney
Program Compliance Division
Department of Housing and Urban Development
451 Seventh Street, S.W.
Washington, DC 20410
(202) 708-4184 (telephone)
(202) 401-8949 (facsimile)

36

FOR THE DEFENDANTS:

_____   DATED: 10·6·2003
FAIRBANKS CAPITAL HOLDING CORP.
By James Ozanne, Chief Executive Officer

_____   DATED: 10·6·2003
FAIRBANKS CAPITAL CORP.
By James Ozanne, Chief Executive Officer

Approved as to Form:

_____   DATED: 10·6·2003
Debra A. Valentine, Esq.
O'Melveny & Myers LLP
Attorney for Defendants Fairbanks Capital
Holding Corp. and Fairbanks Capital Corp.

37

## APPENDIX A

## IMPORTANT INFORMATION

Dear Consumer,

Our records indicate that you hold a mortgage loan that is serviced by Fairbanks Capital Corp. The Federal Trade Commission (FTC) and the U.S. Department of Housing and Urban Development (HUD) recently settled a case against Fairbanks concerning our mortgage servicing practices. This settlement may affect your loan, so please read this letter carefully. In the future, you may receive additional important notices regarding this settlement.

According to our records, we previously classified your loan as delinquent, even though the payments you submitted were enough to cover the scheduled monthly payments. As a result of the settlement, we have re-classified your loan as current and corrected the prior record of delinquency.

In the past, Fairbanks may have informed credit bureaus that your loan was delinquent. Credit bureaus are companies that maintain and sell consumer credit reports, which contain information about your credit payment history. We have informed the credit bureaus that your loan is now considered current.

You do not need to take any action, other than continuing to make your regular loan payments. Should you have questions about this matter or about the servicing of your loan, please contact us at:

Fairbanks Capital Corp.
[Address]
1-800-XXX-XXXX

Sincerely,

Fairbanks Capital Corp.

You have the right to receive a copy of your credit report. For a copy of your credit report from the major credit bureaus, contact:
Equifax – www.equifax.com; 1-800-685-1111
Experian – www.experian.com; 1-888-EXPERIAN (397-3742)
TransUnion – www.transunion.com; 1-800-916-8800
For more information, please see the Federal Trade Commission's web site at www.ftc.gov.