calendar days after receiving it, unless it is an oral dispute that has been investigated and resolved with the consumer within twenty (20) calendar days after receiving it, ***provided that*** Defendant maintains written or electronic records of the handling of such oral disputes for the time period required under Section XX of this Order;

B. Failing to complete an investigation of any consumer's dispute within sixty (60) calendar days after receiving it, unless through the use of reasonable procedures Defendant is unable to resolve the dispute in that time period, in which event Defendant may take an additional thirty (30) calendar days to resolve the dispute if he so notifies the consumer in writing;

C. Failing to advise the consumer promptly and in writing of the results of the investigation of the consumer's dispute, unless it is an oral dispute that has been investigated and resolved with the consumer within twenty (20) calendar days after receiving it, ***provided that*** Defendant maintains written or electronic records of the handling of such oral disputes for the time period required under Section XX of this Order;

D. Taking any legal or other action to collect the disputed amount and any related charges until the dispute has been investigated and the consumer has been informed of the results of the investigation; and

E. Threatening the consumer's credit rating or reporting the consumer as delinquent based on the disputed amount until the consumer's dispute has been investigated and the consumer has been informed of the results of the investigation.

## XI.

IT IS FURTHER ORDERED that, for ten (10) years after the date of entry of this Order, Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with servicing any loan except loans in bankruptcy or subject to forbearance agreements, from failing timely to inform the consumer prior to the due date of each monthly payment (by means of a monthly statement or, with the consumer's prior consent, by electronic notification, sent at least twelve (12) calendar days before the payment due date, or by means of a coupon book) for each loan it is servicing, at no cost to the consumer, of the following information in a clear and conspicuous manner:

    A.    the total amount due;

    B.    the unpaid principal balance;

    C.    the monthly payment due as of the next due date and the due date;

    D.    if there are change(s) in the monthly payment amount and/or other amounts due, the reason for the change(s), except that, when using a coupon book, Defendant shall have the right to notify consumers of such change(s) by a separate clear and conspicuous notice sent by first-class mail to the consumer at least twelve (12) calendar days before the payment due date;

    E.    a complete itemization of each and every fee assessed during the statement period; and

    F.    the telephone number and address for the consumer to use if s/he disputes any of

the information provided.

### XII.

IT IS FURTHER ORDERED that Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from taking any action toward foreclosure until the Defendant has: a) reviewed any records pertaining to the consumer's loan to verify that the consumer has failed to make three full monthly payments; b) confirmed that the consumer has not been subject to any of the acts or practices prohibited by this Order, the loan instruments



the information provided.

## XII.

IT IS FURTHER ORDERED that Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from taking any action toward foreclosure until the Defendant has: a) reviewed any records pertaining to the consumer's loan to verify that the consumer has failed to make three full monthly payments; b) confirmed that the consumer has not been subject to any of the acts or practices prohibited by this Order, the loan instruments, or law, or if such acts or practices have occurred, that Defendant has remedied them; and c) investigated any disputes by the consumer and informed the consumer of the results of the investigation. Defendant shall maintain records sufficient to document the steps taken to investigate and conclude each dispute.

## XIII.

IT IS FURTHER ORDERED that Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

    A.    Assessing or collecting any late fee or similar delinquency charge on a monthly payment, which payment is otherwise a full payment for the applicable period and

is paid on or before its due date or within an applicable grace period, when the only delinquency is attributable to late fee(s) or delinquency charge(s) assessed on earlier monthly payments (*i.e.*, pyramiding of late charges); and

B.  Assessing or collecting any late fee or similar delinquency charge once a loan account has been accelerated into foreclosure status.

### XIV.

IT IS FURTHER ORDERED that Defendant, his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from enforcing any clause in any forbearance agreement, entered into by Fairbanks Capital Corp. and any consumer between January 1, 1999 and the date of entry of this Order, that required the consumer to acknowledge his/her lack of claims or defenses; waive access to court; or otherwise waive or release any rights or claims. Such nonenforceability shall not otherwise affect the legality of the forbearance agreement.

### MONETARY RELIEF

### XV.

IT IS FURTHER ORDERED that Defendant shall pay the amount of four hundred thousand dollars ($400,000.00) ("redress sum") to remedy the violations of law alleged by the FTC and HUD. This amount constitutes redress paid for the benefit of consumers, and does not constitute a civil penalty. On or before sixty (60) calendar days after the date of entry of this Order, Defendant shall wire transfer the redress sum to the Commission or such agent as the

Commission may direct, pursuant to instructions provided by the Commission. All funds paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress fund ("Redress Program"). The Commission shall have sole discretion in choosing an independent administrator to administer the Redress Program ("Redress Program Administrator"). The FTC, in consultation with HUD, shall determine which consumers are eligible for redress as well as the amounts to be paid. Defendant shall have no right to challenge any aspect of the FTC's distribution of consumer redress, nor the selection of the Redress Program Administrator. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendant's practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited into the United States Treasury. Defendant shall have no right to challenge the FTC's choice of remedies under this Section.

## DEFAULT

## XVI.

IT IS FURTHER ORDERED that in the event that the Defendant defaults on any obligation to make any payment set forth in this Order, which default continues for ten (10) calendar days beyond the due date of the payment, the entire unpaid amount together with interest, computed pursuant to 28 U.S.C. § 1961(a) from the date of default to the date of payment, shall immediately become due and payable. Notwithstanding any other provision of

this Order, Defendant agrees that if he fails to meet any payment obligations set forth in this Order, he shall pay the costs and attorneys' fees incurred by Plaintiff, the Commission, HUD, or their agents in any attempts to collect amounts due pursuant to this Order. Defendant further agrees that the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by Plaintiff, the Commission, or HUD to enforce their rights pursuant to this Order, including, but not limited to, a nondischargeability complaint in any subsequent bankruptcy case.

## RELEASE

## XVII.

IT IS FURTHER ORDERED that this Order shall end all litigation between the plaintiff, FTC and HUD, and the Defendant, relating to the claims and conduct alleged or that could have been alleged in this action with respect to the Defendant's loan servicing practices. In addition, any consumer who obtains any redress from the Redress Program shall release any claim, known or unknown, against the Defendant, with respect to the Defendant's loan servicing practices between January 1, 1999 and the date of entry of this Order ("Release"), ***provided, however,*** that any claims or defenses that consumers affirmatively or defensively assert with respect to Defendant's loan servicing in an effort to defeat any pending or future real estate foreclosure action (judicial or nonjudicial), including those related to the servicing practices covered by this Release, shall be unaffected by this Release in connection with such action.

## COMPLIANCE REPORTING

## XVIII.

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

    A.    For a period of eight (8) years from the date of entry of this Order, Defendant shall notify the Commission of the following:

        (1)    Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) calendar days of the date of such change; and

        (2)    Any changes in his employment status (including self-employment) within ten (10) calendar days of the date of such change. Such notice shall include the name and address of each business that he is affiliated with, employed by, or performs services for, a statement of the nature of the business, and a statement of his duties and responsibilities in connection with the business.

    B.    One hundred eighty (180) calendar days after the date of entry of this Order, Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to any changes required to be reported pursuant to subparagraph (A) above.

    C.    For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

>Associate Director for Financial Practices
>Federal Trade Commission
>600 Pennsylvania Avenue, N.W.
>Mail Stop NJ-3158
>Washington, D.C. 20580
>Re: *FTC v. Fairbanks Capital Corp. et al*

D.     For the purposes of this Order, Defendant shall, unless otherwise directed by HUD's authorized representatives, mail all written notifications to HUD to:

>Director of the Office of RESPA and Interstate Land Sales
>Department of Housing and Urban Development
>451 Seventh Street, S.W., Room 9146
>Washington, DC 20410

## COMPLIANCE MONITORING

### XIX.

IT IS FURTHER ORDERED that, for the purposes of monitoring and investigating compliance with any provision of this Order,

A.     Within twenty (20) calendar days of receipt of written notice from a representative of the Commission or HUD, Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation, ***provided that*** (1) Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Fed. R. Civ. P. 26(c); and (2) nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of

the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information.

B.  Defendant shall permit representatives of the Commission or HUD to interview any employer, consultant, independent contractor, representative, agent or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

C.  Defendant shall take reasonable steps sufficient to monitor and ensure that all of his employees and independent contractors engaged in loan servicing or related customer service functions comply with this Order. Such steps shall include adequate monitoring of calls with consumers.

D.  Defendant shall take appropriate corrective action with respect to any of his employees whom he determines is not complying with this Order, which may include training, disciplining, and/or terminating such individual.

## RECORD KEEPING PROVISIONS

### XX.

IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of this Order, Defendant, and his officers, employees, agents, representatives, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from failing to create and retain, for a period of three (3) years after the date of preparation of the record, the following records:

A. Accounting records that reflect the cost of loans acquired and/or sold; revenues generated from servicing fees and/or fees paid by and/or imposed on consumers; and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, telephone numbers, dollar amounts paid, and description of fees or other charges imposed;

D. Complaints, disputes, and requests from consumers (whether received directly, indirectly or through any third party) and any responses to those complaints, disputes, or requests;

E. Copies of all training materials and policy manuals; and

F. All documentation generated pursuant to Section XII.

**ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

**XXI.**

IT IS FURTHER ORDERED that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## DISTRIBUTION OF ORDER BY DEFENDANT

## XXII.

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver a copy of this Order to all of Defendant's principals, officers, directors, managers, employees, agents, and representatives having supervisory responsibility with respect to the subject matter of this Order, and shall secure from each such person a signed and dated statement acknowledging receipt of the Order. Defendant shall deliver this Order to current personnel within the scope of the preceding sentence within thirty (30) calendar days after the date of service of this Order, and to new personnel in the same group within thirty (30) calendar days after the person assumes such responsibility.

## RETENTION OF JURISDICTION

## XXIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes, including but not limited to enabling any of the parties to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Order, the enforcement of compliance therewith, or as justice may require.

JUDGMENT IS THEREFORE ENTERED under the terms and conditions recited above, each party to bear its own costs and attorney fees incurred in connection with this action.

DATED: *November 21, 2003*

_____
UNITED STATES DISTRICT JUDGE

The parties hereby stipulate and agree to the terms and conditions set forth above and consent to entry of this Stipulated Final Judgment and Order.

FOR THE UNITED STATES OF AMERICA:

Michael J. Sullivan
United States Attorney
District of Massachusetts

_/s/ Anita Johnson_
Anita Johnson
Assistant United States Attorney
Suite 9200 Moakley Courthouse
Boston, MA 02210
(617) 748-3100


FOR THE FEDERAL TRADE COMMISSION:

WILLIAM E. KOVACIC
General Counsel


_/s/ Lucy E. Morris_
Lucy E. Morris, Attorney
Eric Imperial, Attorney
Allison I. Brown, Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3224 (telephone)
(202) 326-3768 (facsimile)

FOR THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT:

RICHARD A. HAUSER
General Counsel

_____
John P. Kennedy, Associate General Counsel
Peter S. Race, Assistant General Counsel
Joan Kayagil, Attorney
Barton Shapiro, Attorney
Program Compliance Division
Department of Housing and Urban Development
451 Seventh Street, S.W.
Washington, DC 20410
(202) 708-4184 (telephone)
(202) 401-8949 (facsimile)

28

FOR THE DEFENDANT:

_____          DATED: 10.23.03
THOMAS D. BASMAJIAN


Approved as to Form:

_____          DATED: 10 24 03
Samuel J. Buffone, Esq.
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Suite 900
Washington, D.C. 20005
(202) 508-4657 (telephone)
(202) 508-4650 (facsimile)
Attorney for Defendant
Thomas D. Basmajian

29