UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2003 DEC -8 P 4: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP. and<br>FAIRBANKS CAPITAL HOLDING CORP.,<br><br>Defendants. | Civil Action No. 03-12219-DPW |
| ALANNA L. CURRY, *et al.*,<br>individually and on behalf of all others<br>similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP.,<br><br>Defendant. | Civil Action No. 03-10895-DPW |

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CONDITIONALLY CERTIFYING CLASS FOR
SETTLEMENT PURPOSES, AND WITH RESPECT TO NOTICE,
SETTLEMENT HEARING AND ADMINISTRATION IN EACH CASE**

Upon review and consideration of the Settlement Agreement and Release dated November 14, 2003 (the "Agreement") relating to *Curry v. Fairbanks Capital Corp.*, No. 03-10895-DPW ("Curry Action"), and to implement those aspects of the Agreement that are coordinated with the proposed resolution of *United States of America v. Fairbanks Capital Corp., et al.*, No. 03-12219-DPW ("FTC Action"), and Good Cause appearing, THIS COURT hereby FINDS and ORDERS as follows:

1. The terms of the Agreement, and the Settlement provided for therein, are approved preliminarily as fair, reasonable and adequate to the Class, subject to further consideration thereof at the Fairness Hearing described at paragraph 17 of this Order.

2. The definitions set forth in the Agreement are hereby incorporated by reference into this Order (with capitalized terms as set forth in the Agreement).

## Preliminary Class Certification

3. The case will proceed on the basis of the First Amended and Consolidated Class Action Complaint filed on December 1, 2003 in the Curry Action. The obligation of defendant Fairbanks Capital Corp. ("Fairbanks") to file a responsive pleading thereto shall be suspended until further order of the Court.

4. Solely for the purpose of settlement in accordance with the Agreement, and pursuant to Rules 23(a), 23(b)(1)(A), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, this Court hereby certifies the following class ("Class"):

> all persons, other than the Excluded Persons, whose loans were serviced by Fairbanks in the Class Period, and:
>
> (a) whose loans were *(i)* in Default or treated as being in Default by Fairbanks and (A) who incurred or were assessed late fees and/or Default-Related fees including, without limitation, fees denominated by Fairbanks as "corporate advances," or (B) who were affected by Default-Related conduct; *and/or (ii)* ones in which the Member incurred or was assessed prepayment penalties in Massachusetts, Alabama or West Virginia or in violation of law or contract; or
>
> (b) who otherwise were affected, or whose loans were otherwise affected, by one of the Covered Practices.

5. Pursuant to the Agreement, and for settlement purposes only, the Court finds preliminarily as to the Class that:

    a. The above-described Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Class;

    c. The claims of the Class Representatives are typical of the claims of the Class that Class Representatives seek to represent; and

    d. The Class Representatives and their counsel will protect fairly and adequately the interests of each member of the Class.

It further finds that:

    a. Certification under Rule 23(b)(1)(A) is appropriate because of the risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for defendant Fairbanks;

    b. Certification under Rule 23(b)(2) is appropriate in that Fairbanks has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole;

    c. Certification under Rule 23(b)(3) is appropriate because: (i) the questions of law or fact common to members of the Class, and which are relevant for Settlement purposes, predominate over the questions affecting only individual members; and (ii) certification of the Class is superior to other available methods

for the fair and efficient adjudication of the controversies between the Class members and Fairbanks.

If, for any reason, the proposed settlement does not receive Final Approval, these findings and this Order shall be vacated *nunc pro tunc*.

6. For the purpose of this preliminary approval and all matters relating to the Settlement and the Action, until further order of the Court, the Court appoints the following individuals as Class Representatives:

| | | |
|---|---|---|
| Alanna Curry | Cynthia Slade | Hobart Cline |
| Marlene Brenes | Dwayne Levine | Linda Cline |
| Thomas White | Tourlan Levine | Carl Syphrett |
| Gilouse Vincent | Larry McCreary | Catherine Irby Syphrett |
| Leslie Anders | Delmas Bosarge | Janie Mosley-Autery |
| Stephen Brook | Mary Bosarge | Sally Carson |
| Lana Logan | Lorraine Houck | Cindy Thomas |
| Veronica Logan | Allen Levin | |
| Judith Lopez | James Scott | |
| Leah Rae Ramalingam | Joan Scott | |
| Dieter Sauer | Deborah Ellis | |
| Christine Vickstrom | Manuel Serrano | |
| Connie Whitson | Delanor Quinn | |
| Gerald Biggins | Karen Flansburg | |
| Margie Lawson | Steven Flansburg | |
| Lillian Izralson | Dorothy Stewart | |
| Paul Alexander | Monica Stewart | |
| Caroline Alexander | Darrick Williams | |
| Merle Thompson | Jonathan Thompson | |
| Regina Thompson | Betsy Thompson | |
| Delores Alsbrooks | Christopher Zander | |
| Mark Bradley | Cynthia Zander | |
| Jill Bradley | Lee O'Driscoll | |
| Charles Chatman | Kristin O'Driscoll | |
| Bernadette Chatman | Allan Brause | |
| Richard Demme | Donald Staples | |
| Robert Hutchins | Shirley Donegan | |
| Henrietta Kilgore | Sara Koffler | |
| Margaret Porter | Elaine Fonseca | |
| Chad Schlosser | Maria Garcia | |
| Frances Schlosser | Barney Hall | |
| Anethea Horsey | Nancy Wagner | |

The following law firms are appointed to represent the Class:

| | | |
|---|---|---|
| Amamgbo & Assocs PLC<br>Oakland, CA | Aronovitz Trial Lawyers<br>Miami, FL | Brancart & Brancart<br>Pescadero, CA |
| Buckman & Buckman, P.A.<br>Sarasota, FL | Chavez & Gertler LLP<br>Mill Valley, CA | Cohen, Milstein, Hausfeld & Toll, PLLC<br>Washington, D.C. |
| Crain & Davis, LLC<br>Athens, GA | Community Law Center<br>Cincinnati, Ohio | Community Legal Services, Inc.<br>Philadelphia, PA |
| The Consumer Advocacy Center, P.C.<br>Chicago, IL | Cotchett, Pitre, Simon & McCarthy<br>Burlingame, CA | Devine, Goodman, Pallot & Wells, P.A.<br>Miami, FL |
| Donovan Searles, LLC<br>Philadelphia, PA | Edelman, Combs & Latturner, LLC<br>Chicago, IL | Fine, Kaplan & Black<br>A Restricted Professional Company<br>Philadelphia, PA |
| Finkelstein Thompson & Loughran<br>Washington, D.C. | Girard, Gibbs & Bartolomeo, LLP<br>San Francisco, CA | Grant & Roddy<br>Boston, MA |
| Hoffman & Edelson, LLC<br>Doylestown, PA | James, Hoyer, Newcomer, & Smilianich, P.A.<br>Tampa, FL | Jenkins & Mulligan<br>San Francisco, CA |
| Andrew S. Kierstead<br>Portland, OR | Lakeshore Law Center<br>Mission Viejo, CA | The Langone Law Firm<br>Chicago, IL |
| Law Offices of Ronald M. Katzman, PC<br>Sherman Oaks, CA | LawServ, Chartered<br>Sarasota, FL | Legg Law Firm, LLC<br>Frederick, Maryland |
| Lieff, Cabraser, Heimann & Bernstein, LLP<br>San Francisco, CA | McKoon & Thomas<br>Phenix City, AL | Mildenberg & Stalbaum LLC<br>Philadelphia, PA |
| Miller Shea, P.C.<br>Troy, MI | Morgan & Morgan<br>Athens, GA | National Consumer Law Center, Boston, MA |

| | | |
|---|---|---|
| Nevada Fair Housing Center, Inc.<br>Las Vegas, NV | Pope, McGlamry, Kilpatrick, Morrison & Norwood, LLP<br>Columbus, GA | Post Kirby Noonan & Sweat LLP<br>San Diego, CA |
| Kevin C. Schoenberger<br>New Orleans, LA | Seidel & McGory, P.A.<br>Tampa, FL | Terrell Law Group<br>Richmond, CA |
| Trujillo, Rodriguez & Richards, LLC<br>Philadelphia, PA | Wolf Popper LLP<br>New York, NY | Handler & Brown, PLLC<br>Winston-Salem, NC |

For purposes of facilitating more efficient communication, and implementation of any Settlement, Gary Klein and John Roddy of Grant & Roddy, Niall McCarthy of Cotchett, Pitre, Simon & McCarthy, Kelly Dermody of Lieff, Cabraser, Heimann & Bernstein, LLP, and Daniel Mulligan of Jenkins & Mulligan are hereby appointed as Co-Lead Counsel for the Class.

### Notice

7.  The Class Notice and Claim Forms, in the form attached hereto as Exhibit A, are approved. The Class Notice with Claim Forms attached shall be considered to be an order of the Court, and the dates set forth therein shall govern this case and the Class, unless otherwise modified.

8.  Pursuant to the terms of the Settlement Agreement, Fairbanks is hereby directed to prepare and provide the Class Member List to the Federal Trade Commission within 20 business days of the entry of this Order, with such list made available to Co-Lead Counsel as set forth in the Settlement Agreement. The Class Notice and the appropriate Claim Forms, in substantially the form set forth in Exhibit A, shall be mailed by FTC (or its designee) to all

persons on the Class Member List, first class mail with postage prepaid. Such mailing shall be completed at least 45 days before the date of the Fairness Hearing.

9. The Summary Notice, in the form attached hereto as Exhibit B, is approved. The Summary Notice shall be considered to be an order of the Court, and the dates set forth therein shall govern this case and the Class, unless otherwise modified.

10. The Summary Notice shall be published in the national edition of *USA Today* twice during the four weeks following initial mailing of the Notice, with publication dates spaced at least seven days apart.

11. The reasonable costs and expenses of printing, preparing and mailing the Notices and publishing the Summary Notice shall be borne by Fairbanks.

12. Prior to the Fairness Hearing, Co-Lead Counsel shall serve and file a sworn statement of the Settlement Administrator, or other person with knowledge, evidencing compliance with the provisions of this Order concerning the mailing of the Notice and the publication of the Summary Notice.

13. Notice in compliance with this Order and the Agreement is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order and of the proposed Settlement to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

### Exclusions

14. Any Class Member wishing exclusion from the Class shall mail a request for exclusion ("Request for Exclusion") to the Settlement Administrator. To be valid, the Request for Exclusion must be postmarked on or before April 9, 2004. Such Request for Exclusion shall set forth: the name, address, telephone number, and last four digits of the Social Security number of the Class Member; the loan account number of the Class Member; the signatures of each person who was a party to the promissory note in connection with the loan; and a statement that the Class Member and all other borrowers named on the promissory note are seeking exclusion. Any Class Member who does not properly and timely request exclusion shall be included in the Class, and bound by the judgment in the Curry Action.

15. Within a reasonable period after the deadline for Requests for Exclusion, but in no event later than twenty (20) days prior to the Fairness Hearing, the Settlement Administrator shall: (i) provide Fairbanks' counsel and Co-Lead Counsel the names of Class Members, if any, who request exclusion, and the account numbers for which each is claiming exclusion; (ii) file with the Court a sworn statement listing all persons who have submitted timely Requests for Exclusion; and (iii) if requested to do so, provide copies of all Requests for Exclusion received by it to Fairbanks' counsel and Co-Lead Counsel. The originals of all Requests for Exclusion shall be retained by the Settlement Administrator.

### Claim Forms

16. For a Class Member to participate in the Redress Fund as set forth in the Agreement and the FTC Order, in the event that the Settlement is effected in accordance with all of the terms and conditions thereof, the Class Member must meet two conditions: (a) the Class

Member must be a person who did not submit a Request for Exclusion; and (b) the Class Member must submit a properly executed and verified Claim Form. Claim Forms shall be submitted to the post office box designated in the Notice, and FTC (or its designee) shall maintain a post office box for this purpose. FTC (or its designee) shall maintain the originals of all Claim Forms and other records as may be reasonably necessary to permit such claims to be processed accurately and timely in the event the Redress Fund is distributed. The deadline for submission of Claim Forms shall be as set forth in the Notices and shall be selected by the Settlement Administrator to be a date (the "Deadline Date") no earlier than sixty (60) days after the expected final mailing of the Notice and publication of the Summary Notice, except that a Claim Form shall be deemed to have been submitted timely if postmarked on or before the Deadline Date. The validity of Claim Forms shall be governed by the terms stated in the Agreement.

## Consideration of Final Approval

17.     A hearing (the "Fairness Hearing") shall be held before the undersigned at 2:30 p.m. on May 12, 2004, in the United States District Court for the District of Massachusetts, Courtroom One, John Joseph Moakley Courthouse, One Courthouse Way, Boston, Massachusetts, 02210. At the Fairness Hearing, the Court will consider: the fairness, reasonableness and adequacy of the proposed Settlement; the entry of any final order or judgment in the case; petitions for attorneys' fees and for reimbursement of expenses by Class Counsel; and other related matters. The Fairness Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

18. Any person desiring to intervene in the Curry Action shall be required to file a motion to intervene, proposed complaint in intervention, and all supporting pleadings on or before April 9, 2004, with service thereof made on Class Counsel, FTC's counsel and Fairbanks' counsel. No motion or request to intervene shall be heard unless filed timely.

19. To be considered at the Fairness Hearing, any person desiring to file an objection or other comment on the Settlement shall be required to file all such objections and comments, and all supporting pleadings on or before April 9, 2004, with service thereof made on Class Counsel, FTC's Counsel and Fairbanks' Counsel. In his/her Objection, an objecting Class Member must (i) set forth his/her full name, current address, and telephone number; (ii) state that the Class Member objects to the Settlement, in whole or in part; (iii) set forth a statement of the legal and factual basis for the Objection; and (iv) provide copies of any documents that the objector wishes to submit in support of his/her position. No objection or other comment on the Settlement shall be heard unless filed timely in accordance with the guidelines specified above and in the Agreement.

20. Submissions of the Parties relative to the Settlement, including memoranda in support of the Settlement, petitions for attorneys' fees and reimbursement of expenses by Class Counsel, and applications for incentive awards, shall be filed with the Clerk of the Court on or before May 3, 2004.

21. Any Class Member who does not elect to opt out of the Settlement may appear at the Fairness Hearing in person or by counsel, if an appearance is filed and served as hereinafter provided in the Notices, and such person will be heard to the extent allowed by the Court. No

person shall be permitted to be heard unless, on or before April 9, 2004, such person (i) has filed with the Clerk of the Court a notice of such person's intention to appear, and (ii) has served copies of such notice upon Class Counsel, FTC's counsel, and Fairbanks' counsel. No person may raise any objections to the Settlement unless such grounds therefore have been contained in an objection filed timely by such person.

### Other Provisions

22. Gilardi & Co. is hereby appointed the Settlement Administrator.

23. All other events contemplated under the Settlement Agreement to occur after this Order and before the Fairness Hearing shall be governed by the Agreement, the Notice and the Summary Notice, to the extent not inconsistent herewith. The Settlement Administrator, as well as counsel for Fairbanks, Class Counsel, Co-Lead Counsel and FTC's counsel, shall take such further actions as are required under the Agreement.

24. The Parties to the Agreement shall be authorized to make non-material changes to the Notice, Summary Notice or Claim Forms so long as counsel for Fairbanks, Co-Lead Counsel and FTC counsel agree, and one of the Parties files a notice thereof with the Court prior to the Fairness Hearing.

25. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Agreement or the responsibilities related or incidental thereto are stayed and suspended until further order of this Court.

26. If Final Approval of the Settlement does not occur, or if the Settlement is terminated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Action before the Settlement was executed, and all Orders issued pursuant to the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever.

Dated: December 10, 2003

_____
Hon. Douglas P. Woodlock
United States District Judge