UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OR AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> FAIRBANKS CAPITAL CORP. and <br> FAIRBANKS CAPITAL HOLDING CORP., <br><br> Defendants. | Civil Action No. 03-12219-DPW |
| ALANNA L. CURRY *et al.*, <br> individually and on behalf of all others <br> similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FAIRBANKS CAPITAL CORP., <br><br> Defendant. | Civil Action No. 03-10895-DPW |

## PRELIMINARY INJUNCTION

Plaintiffs Alanna L. Curry et al. ("Plaintiffs") and defendant Fairbanks Capital

Corporation ("Fairbanks") have filed a Motion for Preliminary Injunction ("Motion") pursuant to

the All Writs Act, 28 U.S.C. § 1651, and Rule 65 of the Federal Rules of Civil Procedure.

Having considered the Motion, the matters addressed at argument, and the entire record herein,

the Court hereby finds:

1.    Based on information before the Court at this time, it appears that the

parties have a substantial likelihood of obtaining Final Approval of the Settlement Agreement

and Release. In conjunction with the requested Injunction, the Court has granted preliminary

approval to the Settlement, finding it appropriate to certify a class for settlement purposes only to

resolve, on a global basis, the claims from numerous lawsuits against Fairbanks related to similar

allegations about Fairbanks' servicing practices;[1]

2.    That the parties will suffer irreparable harm if no preliminary injunction

issues. Without the requested injunction, Fairbanks could be forced to litigate in other lawsuits

similar practices to those covered by this case. Such other litigation would jeopardize the ability

of the parties in this case to effectuate their intent to settle all such claims against Fairbanks

through the proposed Settlement;

3.    That the likely harm if no preliminary injunction issues far outweighs any

potential harm from entry of the injunction. The Final Approval hearing is set for May 12, 2004.

Because of the short expected duration of the requested injunction, there is not likely to be any

substantial prejudice as a result of the requested preliminary injunction even of the proposed

Settlement is not finally approved;

4.    That the public interest favors issuance of the requested injunction because

the requested injunction supports the Court's ability to determine whether it is appropriate to

approve a global settlement of disputes about Fairbanks' practices; and

5.    That, after consideration of issues relating to comity and the complexity of

this Action, the Court finds that simultaneous proceedings in other cases relating to the subject

matter of the claims covered by the Settlement Agreement would jeopardize this Court's ability

to rule on the proposed Settlement, would substantially increase the cost of litigation, would

create the risk of conflicting results, would waste the Court's resources, and could prevent the

---

[1]    Capitalized terms are those used in the Settlement Agreement and Release, filed on November 14, 2003.

Plaintiffs and Class Members from benefiting from the negotiated Settlement. Permitting another court potentially to interfere with this Court's consideration or disposition of this case would infringe the Court's jurisdiction and this Court's ability to decide this case. The Court therefore finds that the issuance of an injunction is necessary in aid of its jurisdiction and to protect and effectuate its ability to enter a judgment in this case.

NOW, THEREFORE, for these reasons, the Court hereby ORDERS:

1.    That the Motion be and it hereby is GRANTED;

2.    That pursuant to the All Writs Act, Rule 65, and the Court's inherent equitable powers:

(a)    all Class Members who have not timely excluded themselves from the Class, their officers, agents, servants, employees and attorneys, and all those persons acting in concert or participation with them, including without limitation their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, attorneys, and assigns, are hereby enjoined from filing, commencing, prosecuting, intervening in, participating as class members in, any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims, except that this Injunction shall not apply to settlement proceeding sin this lawsuit or to the Reserved Claims and Defenses; and

(b)    all persons are hereby enjoined from filing, commencing, or prosecuting a lawsuit as a class action on behalf of Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations, or seeking class

certification in a pending action) in any jurisdiction, based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims, except that this Injunction shall not apply to the Reserved Claims and Defenses.

3.     That no security is required under Fed. R. Civ. P. 65(c) because this Injunction is enforcing this Court's federal jurisdiction and ability to enter a federal judgment;

4.     That this Preliminary Injunction shall not apply to any Settlement Class Members who timely exclude themselves in a manner that complies with the terms of the Order Preliminarily Approving the Settlement; and

5.     That this Preliminary Injunction shall remain in full force and effect until the Fairness Hearing concludes, or until further order of the Court.

IT IS SO ORDERED.

Dated: December __10__, 2003

Hon. Douglas P. Woodlock
United States District Judge