# In The United States District Court
# For The District Of Massachusetts

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Civil Action No. 03-12219-DPW |
| Plaintiffs | ) |
| v. | ) Judge Douglas P. Woodlock |
| **FAIRBANKS CAPITAL CORP.** | ) |
| and | ) |
| **FAIRBANKS CAPITAL HOLDING CORP.,** Defendants. | ) |
| | |
| **ALANNA L. CURRY** *et al.*, **Individually and on behalf of all others** similarly situated, | ) Civil Action No. 03-10895-DPW |
| | ) Judge Douglas P. Woodlock |
| Plaintiffs, | ) |
| v. | ) |
| **FAIRBANKS CAPITAL CORP.** **Defendants** | ) |

## Motion to Extend Opt-Out Deadline

Now come Intervenors and move this court for an order extending the deadline for class members to request exclusion from the class. Intervenors request that the deadline for notice to the claims administrator that class members do not wish to be included in the class be extended to April 24, 2004. The facts and law which support this motion are more fully set forth in the attached memorandum.

Respectfully submitted,

*s/Darryl E. Pittman*
Darryl E. Pittman, (Ohio Reg. 0034194)
dpittman@stratos.net
Gary Cook (Ohio Reg. 021240)
gcookesq@yahoo.com
James Alexander, Jr. (Ohio Reg. 0033384)
jamesalexanderjr@core.com
Pittman, Alexander, Cook and Associates
Attorneys for Intervenors
2940 Noble Road, #202
Cleveland Heights, Ohio 44121
216-382-8586- Phone
216-382-8580- Fax

## MEMORANDUM

I. **Introduction**

Intervenors respectfully request that the Deadline for requesting exclusion be extended because the Notice of Proposed Class Action Settlement and Settlement Hearing are confusing to layman in many ways. Many class members are confused by the complicated wording of the settlement notice. For example, many class members believe that if they do not submit a claim from or otherwise participate in any of the settlement funds, they will be free to pursue their claims against Fairbanks in other forums. They do not understand that they must perform the affirmative act of submitting a request for exclusion in order to be able to pursue their remedies now or at some time in the future. No warning in a manner that is prominent or designed to draw their attention, is given to class members that if they do nothing they are waiving all rights both those given under the Settlement Agreement and those they would retain if they opted out.

Many class members believe that if they are a party to a pending case including participation as an unnamed class member, that the settlement in this case does not preclude them from continuing to participate in such case or cases. Class members are not informed by the Settlement Notice that all existing cases are prohibited from going forward by this court's order of December 23, 2004. Thus, many class members believe their interests are being protected by the pending litigation when they are not.

The language of Section 7 of the Settlement Notice does not adequately inform opt outs that they are losing significant procedural rights. There is no mention whatsoever in the Settlement Notice that even if the class member opts-out that they may lose the right to participate in another class action against Fairbanks.

The language of Section 8 of the Settlement Notice presents a catch 22 choice for class members, to wit: If they opt-out they may not present objections to the Settlement or appear and be heard at the Fairness hearing. Thus, in order to press objections to the Settlement, class members must waive their right to opt-out.

The Deadline should be extended to allow class members to consult with their attorneys because the language of the Settlement Notice is complicated and only summarizes the settlement terms. Many class members will need to retain an attorney to parse the Settlement Notice and to obtain and interpret the Settlement Agreement. There was not sufficient time from the date of the notice ( assuming class members got the notice promptly) to the cutoff date of April 9, 2004 for many class members to consult with an attorney competent to advise them whether to participate in the class or to opt-out. Although the class notice asserts that class members can object through counsel, it is certainly not clear that such counsel must be retained or obtained from the Massachusetts bar irrespective of the residence of the class member. The Local District Court rules do not permit outside counsel to press such claims on the class members behalf without the active participation of local counsel.

II.  **Conclusion**

The hallmark of Fed. R. Civ. Pro. 23(c)(2) is that unrepresented parties may be bound by a judgment because they are given adequate notice of their right to opt-out of the class. This requires that notice to the class members clearly and explicitly inform them of their right to opt out of the class action In the case at bar, the notice is ambiguous, is confusing to laymen, contains conditions not explicitly in the notice itself and otherwise fails to inform class members of their rights and thus, does not comport with the requirements of Rule 23 Fed. R. Civ. P. See *Duhaime v. John Hancock Mutual Life Insurance Company*, 177 F.R.D. 54 (D. Massachusetts, 1997). For these reason it is in the interest of justice that Intervenors' motion be granted.

Respectfully submitted,

s/Darryl E. Pittman
Darryl E. Pittman, (Ohio Reg. 0034194)
dpittman@stratos.net
Gary Cook (Ohio Reg. 021240)
gcookesq@yahoo.com
James Alexander, Jr. (Ohio Reg. 0033384)
jamesalexanderjr@core.com
Pittman, Alexander, Cook and Associates
Attorneys for Intervenors
2940 Noble Road, #202
Cleveland Heights, Ohio 44121
216-382-8586- Phone
216-382-8580- Fax

## CERTIFICATE OF SERVICE

A copy of the foregoing MOTION TO EXTEND DEADLINE was served by regular United States Mail, postage prepaid or by the Court's electronic e-mail system upon counsel of record or as listed below as follows:

Gary Klein, Esq.
John Roddy, Esq.
Grant & Roddy
44 School Street, Suite 400
Boston, MA 02108

Kelly M. Dermody, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111

Thomas A. Hefferon, Esq.
Goodwin Procter LLP
Suite 500
1717 Pennsylvania Avenue, N.W.
Washington, DC 20006

Niall P. McCarthy, Esq.
Cotchett, Pitre, Simon & McCarthy LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
San Francisco, CA 94010

Daniel Mulligan, Esq.
Jenkins & Mulligan
660 Market Street, 3rd Floor
San Francisco, CA 94104

Anita Johnson, Esq.
Assistant United States Attorney
Suite 9200 Moaklcy Courthouse
Boston, MA 02210

Lucy B. Morris, Esq.
Eric Imperial. Esq.
Allison I. Brown, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580

on this 8th day of April, 2004.

s/Darryl E. Pittman
Darryl E. Pittman, Esq.