UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATE OF AMERICA

Plaintiff,

v.

Civil Action No. 03-12219-DPW

FAIRBANKS CAPITAL CORP., and
FAIRBANKS CAPITAL HOLDING CORP.,

Defendants.

ALANNA L. CURRY, et al., individually and on
Behalf of all others similarly situated

Plaintiffs,

v.

Civil Action No. 03-10895-DPW

FAIRBANKS CAPITAL CORP.,

Defendant.

## OBJECTION TO PROPOSED SETTLEMENT

I. Background

1. Our names are Kimberly Millis Maher and Patrick Maher. We reside at 120 Route 96, Geneva, New York 14456 with our three children. Our telephone number is (315) 789-4172.

2. On January 8, 1988, my husband and I entered into a mortgage loan transaction with Mortgage Plus Equity and Loan Corp. in the amount of $40,300 with a note interest rate of 10.25%.

3. On or about September 15, 2000, the servicing of our mortgage loan was transferred to Fairbanks Capital Corporation (hereinafter referred to as "Fairbanks").

1

4. We are class members in the above-referenced class action against Fairbanks.

5. Since Fairbanks took over the servicing of our mortgage, we have experienced numerous difficulties with the servicing of our mortgage including Fairbanks failing to properly apply our monthly payments to the mortgage account and ultimately, improperly filing a foreclosure action against us.

6. On March 1, 2002, we filed a lawsuit against Fairbanks and their lawyers, <u>Patrick Maher, Kimberly Maher, et al. v. Fairbanks Capital Corp., Rosicki & Rosicki</u>, in the Western District of New York, Docket No. 10-CV-0676. The complaint alleged, among other things, that Fairbanks imposed bogus fees on our account, Fairbanks and their lawyers improperly foreclosed on our property in violation of the Fair Debt Collection Practices Act, Fairbanks failed to credit our mortgage account with payments we made in violation of the Real Estate Settlement Procedures Act, and Fairbanks failed to provide basic information to us in response to our numerous inquiries to them about our account in violation of RESPA. Peter Dellinger, Esquire, of the Public Interest Law Office of Rochester (PILOR), 80 St. Paul Street, Rochester, New York 14604 represented us in the lawsuit.

7. The civil lawsuit was settled and the foreclosure was dismissed, however, Fairbanks has failed to properly implement the terms of the Settlement Agreement.

8. Furthermore, Fairbanks failed to record the assignment of the mortgage with the county at the time they took over the servicing of our loan and therefore, we have been prohibited from refinancing the loan because the real owner of the loan is not on record.

9. We are continuing to battle with Fairbanks regarding implementation of the Settlement Agreement, and getting Fairbanks to properly record the assignment of the mortgage.

10. We received the "NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING" which stated that we were charged over $5,000 in late fees and certain other default-related fees.

II. Objections

11. We object to the terms of the proposed class action because the notice is confusing and does not clearly explain the amount of relief we are entitled to receive from the class action settlement.

    A. Had we not already sued Fairbanks, it would have been difficult for us to make a determination of whether we should have participated in the class action, or whether we should have opted out, because the notice does not tell us the dollar amount of the relief we will receive.

    B. The notice is confusing and not easy to read. Paragraph 4, regarding the terms of the proposed settlement, does not clearly explain what Fairbanks must do in the future regarding the settlement. Information regarding opting out of the settlement is hidden on page 4 of the notice, and is not highlighted.

    C. It is our understanding that in order to receive individual relief from the class action settlement, apart from the benefits that all Fairbanks' borrowers will hopefully receive from their changed

3

practices, we need to fill out and send in the claims form. If a class member does not opt out, but also fails to send in the claims form, it is our understanding that that borrower will release significant claims against Fairbanks and not be able to sue Fairbanks on their own, but also will not receive the cash settlement. This process is unfair, especially considering the confusing nature of the notice. Many people may not be able to understand from the notice that they need to do anything, and thus, will lose both their claims as well as their entitlement to monetary relief.

D. Instead of making people who have already been victimized by Fairbanks send it a separate form, Fairbanks should automatically send the victims their relief.

12. We object to the terms of the settlement because The Stipulated and Final Judgment Order, filed by the Federal Trade Commission on November 12, 2003, risks institutionalizing and creating an industry standard the charging of certain foreclosure fees that Fairbanks routinely charged to mortgage accounts such as ours.

A. Section V, paragraph B allows for routine property inspections, even in the event that the Borrower is not notified, despite the fact that most mortgage stipulate that an inspection will be done only with notice to the homeowner;

B. Section V, paragraph C risks standardizing the use of broker price opinions by lenders, and

C. Section V, paragraph D provides for the recovery of attorneys fees by creditors in the case of foreclosure, based on the industry standard of imposition of legal fees (that being, they collect the fees that they are charged by their lawyers), rather than imposing fees based on the legal standard of many jurisdictions – a lodestar method.

D. Because the FTC is a governmental body, we object that they have included these fees into the consent order and are risking creating precedent for other lenders to follow.

We appreciate the Court considering our objections to the proposed class action settlement.

Respectfully submitted,

*Kimberly Millis Maher*
Kimberly Millis Maher

*Patrick J Maher*
Patrick Maher