**USA v. Fairbanks Capital Corp.**

Alanna L. Curry, et al. v. Fairbanks Capital Corp.
Claims Administration Center, c/o Gilardi & Co. LLC
P.O. Box 808054, Petaluma, CA 94975-8054

## CLAIM FORM – LATE FEES/DEFAULT RELATED FEES

Please Do Not Use Red Ink, Pencil or Staples

FTCFBK-14882401-3

BILLY D LONG
2545 UNION ST
LAKE STATION IN 46405-2451

Claim No.:   14882401
Fairbanks has charged you   $4,634.02
for late fees and certain other
default-related fees

As described in the Notice of Proposed Class Action Settlement, you are eligible to receive a settlement payment that will refund some of the late fees and other default-related fees you paid in connection with your mortgage loan(s) serviced by Fairbanks on or after January 1, 1999. As the Notice explains, the court has not yet given final approval to the settlement; if the court does not approve the settlement, there will be no refunds issued.

The amount shown above is the total amount of late fees and other default-related fees Fairbanks has charged you in this time period, less the amount of any refunds of those fees. Not all of these fees were illegal, but the lawsuits alleged that some of the fees were illegal. For example, Fairbanks allegedly charged late fees even when borrowers made their mortgage payments on time, or charged duplicative or unnecessary default-related fees. Your settlement payment will be a portion of the total amount Fairbanks has charged you. The amount you will receive will depend on the number of claim forms submitted and will reflect a percentage of the amount you paid.

To receive a settlement payment, you and any co-borrowers on the loan(s) must sign this form below. In addition, you must return this form to the Claims Administration Center at the above address, postmarked no later than April 24, 2004. A return envelope is enclosed for your convenience.

By signing below, you and any co-borrowers on your loan(s) affirm that you believe that some of the late fees or other default-related fees that Fairbanks charged you were improper, and that you would like to receive a settlement payment. As consideration for a settlement payment, you and any co-borrowers on your loan(s) agree to release Fairbanks and related entities from all claims with respect to the servicing of your loan(s) through December 10, 2003, as set forth in the Settlement Agreement in the *Curry* action.

IMPORTANT: You and all co-borrowers on the loan(s) must sign here to make a claim.

*Billy D Long*
(Signed)

_____
(Signed)

If your address is different from what appears above, please write any changes in the boxes provided below:
Address

| 2 | 3 | 1 |   | A | L | L | E | G | H | E | N | y | S | T |   |   |   |   |   |   |   |   |   |   |   |   |

City                                                      State    Zip Code

| P | A | R | K |   | F | O | R | E | S | T |   |   |   |   |   |   |   |   |   | I | L | 6 | 0 | 4 | 6 | 6 | - |   |   |   |   |

If you have any questions regarding the claims process, please call Gilardi toll-free at 800-377-1287, or visit its website at www.gilardi.com/fairbanks.

**IMPORTANT INFORMATION ON THE OTHER SIDE OF THIS DOCUMENT.**

From Billy D. Long
Claim No# 14882401
NEW ADDRESS
231 E Allegheny ST Park Forest ILL 60466

FROMER ADDRESS WAS
2545 UNION ST
LAKE STATION, IN
46405

Claim No# 14882401

Home PH. NO# 706-481-8649

MY ATTORNEY EARL I. STUTMANN
6389 CENTRAL AVE
PORTAGE, IN 46368
PH. NO# 219-762-1513

MY CEll PHONE NO# 219-617-2086

To Whom it may Concern,

Last year 2003, I file Chapter 13# for about 6 mo's then went to Chapter 7#. During the time from 13 too 7# I sign a contract with Moore Realter in Lake Stations, IN within two days I had a buyer put down money and sign a contract to buy, my Realter called Fairbanks Capital Corp Mortage Co. to set a sell, 2 mo's went by No Answer, ther Attorney said NO to sell of home which mortage threw Fair Banks Capital. The Buyer loan was appoved F.H.A come appeased the home 2545 Union ST Lake Station IN. 46405 for amount of $72,500.00 the loan I had was 52,000.00 threw Fair Banks. My Attorney so called had a phone confrence with Fair Bank Attorney's they said NO. to sell of the home. But in Jan 9. 2004 they said yes to a ——— Sheriff's sale. When I whent in front of the Judge for Discharge, he ask if I would like to keep my home? (I am own social security. I get 880.00 a mo.) My Attorney told Judge No! I could have rent out the home, which had a one bedroom apranent down stairs, but lost all money from sale of home or rent becase of my Attorney and Fairbanks Attorney's

Yours Truly
Billy D. Long

Form B18 (Official Form 18)(9/97)

# United States Bankruptcy Court
## Northern District Of Indiana
Case No. 01-65471-jpk -jpk
Chapter 7

In re: (Name of Debtor)
Billy Dee Long
2545 Union Street
Lake Station, IN 46405

Social Security No.:
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

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED** :

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 6/17/03

L. Philip Klingeberger
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

*USA, V. Fairbanks Capital.*
*FTC, Claim No #*
*14882401*

036744

Billy D Long
2545 Union Street
LAKE STATION IN 46405

*193*

*10 —*  **To the owners of the within described real estate and all interested parties**
**SHERIFF'S SALE**

RECEIVED
2003 OCT 7 PM 3 46

LAKE COUNTY SHERIFF
CROWN POINT

State of Indiana )
                 ) SS
County of Lake  )

Cause Number: 45D10-0109-CP-00903

Lake Superior Court, Continuous term, 2004

**MANUFACTURERS & TRADERS TRUST COMPANY, ONE M&T PLAZA, BUFFALO, NY 14203-2399, TRUSTEE FOR SECURITIZATION SERIES 1998-3, AGREEMENT DATED 9-02-98**

VS

BILLY D. LONG

By virtue of an Order of Sale, Directed to me from the clerk of the Lake Superior Court, I expose to public sale to the highest bidder for cash in hand, at the office of the Sheriff of Lake County, in Crown Point, Lake County, Indiana, on Friday the 9TH day of January, 2004, at ten o'clock a.m. (10:00 a.m.) the fee simple together with the rents, profits, issues and income or so much thereof as may be sufficient to satisfy said judgement, interest, cost and accruing cost of the following described real estate, to wit:

PART OF LOT 15 OR PART OF THE WEST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 16, TOWNSHIP 36 NORTH, RANGE 7 WEST OF THE 2ND PRINCIPAL MERIDIAN, DESCRIBED AS BEGINNING AT A POINT 33 FEET EAST AND 280 FEET SOUTH OF THE NORTHWEST CORNER OF SAID TRACT AND RUNNING THENCE EAST PARALLEL WITH THE CENTER LINE OF 25TH AVENUE, 125 FEET; THENCE SOUTH PARALLEL WITH THE CENTER LINE OF UNION STREET 243 FEET; THENCE WEST 125 FEET; THENCE NORTH 243 FEET TO THE PLACE OF BEGINNING, IN THE CITY OF EAST GARY, LAKE COUNTY, INDIANA.
MORE COMMONLY KNOWN AS: 2545 UNION STREET, LAKE STATION, IN 46405

Said sale will be made without relief form valuation of appraisement laws.

Taken as the property of BILLY D. LONG.

At the suit of MANUFACTURERS & TRADERS TRUST CO., ET AL

TAMARA L. WEISFELD
FEIWELL & HANNOY, P.C.
P.O. BOX 44141
INDIANAPOLIS, IN 46204
(317) 237-2727
Attorney for Plaintiff

*U.S.A. V. FairBanks Capital Co.*
*FTC Claim No# 14882401*

ROGELIO "ROY" DOMINGUEZ
Sheriff of Lake County

S158604

# PURCHASE AGREEMENT

1. Date: __February 26, 2003__     Purchaser agrees to buy real estate (the "Property") known as
2. __2545 Union Street__ in __Hobart__ Township,
3. __Lake__ County, __Lake Station__ Indiana, __46405-__ Zip Code, which is
4. legally described as: __Pt. Lot 15 (Pt. W2 SE) 125X243' S. 16 T .36 R7  0.70 acre__
5. in accordance with the terms and conditions set forth below in this Purchase Agreement (the "Agreement"):

6. **A. PURCHASE PRICE:** __Sixty Five Thousand__ Dollars ( __$65,000.00__ )

7. **B. IMPROVEMENTS AND FIXTURES:** The above price includes all improvements permanently installed and affixed, such as, but
8. not limited to, electric and/or gas fixtures, heating equipment and all attachments thereto, gas grills, incinerators, window
9. shades, curtain rods, drapery poles and fixtures, awnings, TV antennas, all landscaping, mailbox, garage door opener with
10. control(s), ceiling fans, smoke alarms, mini barns/storage sheds, satellite dish with control(s). The Property has been inspected and
11. accepted by the Purchaser "as is" in its present condition and shall be delivered in such present conditon to Purchaser at the time
12. of possession, free of all liens and encumbrances except as otherwise provided herein. Acceptance of this Agreement by the
13. Seller shall constitute a warranty that all of the articles, fixtures, accessories and appliances above described are fully paid for or
14. will be fully paid for by the Seller prior to closing of the transaction.

15. **C. METHOD OF PAYMENT:** (Mark (x) in appropriate box below.)
16. [X] 1. NEW MORTGAGE: Completion of this transaction shall be contingent upon Purchasers ability to obtain a [ ] Conventional
17. [ ] Insured Conventional [X] FHA [ ] VA first mortgage loan upon said real estate in an amount not to exceed __$63,050.00__
18. Purchaser shall pay all costs of obtaining financing, except seller shall pay any applicable discount points/service fees not to
19. exceed __0.00__ % of actual mortgage amount.
20. [ ] 2. CASH: The entire purchase price shall be paid in cash, by certified or cashier's check at the time of closing the transaction.
21.      No financing is required.
22. [ ] 3. ASSUMPTION (See Financing Addendum)
23. [ ] 4. CONDITIONAL SALES CONTRACT (See Financing Addendum)
24. [ ] 5. OTHER METHOD OF PAYMENT (See Financing Addendum)

25. **D. TIME FOR OBTAINING FINANCING:** Purchaser agrees to make application(s) for any financing necessary to complete this
26. transaction, or for approval to assume the unpaid balance of the existing mortgage within __5__ days after the acceptance
27. of this Agreement and to make a diligent effort to obtain financing in cooperation with the Broker and Seller. No more than
28. __45__ days after the acceptance of this Agreement shall be allowed for obtaining favorable commitment(s) or mortgage
29. assumption approval. If a commitment or approval is not obtained within the time specified above, this Agreement shall terminate,
30. with a return of earnest money to Purchaser with a fully executed Mutual Release, unless an extension of time for this purpose is
31. mutually agreed to in writing.

32. **E. CLOSING DATE:** (Mark (x) in appropriate box). In the case of Paragraph C1 above, New Mortgage, the closing date shall be
33. within __5__ days after the lender indicates proceeds for the transaction are ready to be paid out, but not later than
34. __April 16, 2003__, or this Agreement shall terminate unless an extension of time is mutually agreed to by written amendment.
36. In the case of Paragraph C2 Cash, C3 Assumption, C4 Conditional Sales Contract or C5 above, Other Method of Payment,
37. the closing date shall be on before _____, or this Agreement shall terminate unless an extension of time is mutually
38. agreed to by written amendment.

36. **F. POSSESSION:** Seller agrees to surrender possession of the premises on or before __Day of Closing__; during
37. such time as Seller remains in possession after closing, they shall be responsible for their own heat and utlities and in addition,
38. thereto shall pay to the Purchaser the sum of __Zero__ Dollars ( __$0.00__ )
39. per day as a charge for use and occupancy of said premises. Failure of Seller to surrender possession as specified shall not
40. make the Seller a tenant of Purchaser, but in such event Seller shall then be obligated to pay Purchaser __Zero__
41. Dollars ( __$0.00__ ) per day as liquidated damages for each day Seller holds over, and this provision shall not deprive
42. Purchaser of any other legal or equitable remedy available under the law. To enforce this possession agreement, the Seller shall
43. deposit with Seller's agent from the proceeds of the sale the sum of __Zero__ Dollars
44. ( __$0.00__ ) to pay therefrom all monies due Purchaser for use, occupancy and/or liquidated damages; the balance if
45. any shall then be refunded to the Seller.

46. Purchaser's Signature _/s/_____     Purchaser's Signature _/s/_____
47. Seller's Signature _/s/ Bill D. Long_     Seller's Signature _____

Forms Restricted for use by members of the
**GREATER NORTHWEST INDIANA
ASSOCIATION OF REALTORS®, INC.**

Page 1 of 5

## COUNTER PROPOSAL

1. At __3:30__ ☐ A.M. [X] P.M. on __February 27, 2003__ the undersigned hereby
2. makes the following counter proposal to the agreement set forth in a document entitled "Purchase Agreement," wherein
3. on __February 26, 2003__, _____, _____
4. Purchaser, agreed to purchase from the undersigned, as Seller, the real estate (the "Property") commonly known as
5. __2545 Union St.__, in Township __Lake__ County __Lake Station__, Indiana, __46405-__ Zip.
6. __Purchase price to be $69,500.00. Seller will pay 3% of sale price plus $300.00__
7. __(Total - $2385.00) to Genisis Foundation for buyers' down payment, and up to__
8. __$2500.00 for buyers' closing costs, pre-paid items, and out-of-pocket expenses,__
9. __such as appraisal fee, credit report fee, and home owner's insurance.__
10. 
11. 
12. 
13. 
14. 
15. The terms and conditions as set forth in the above described Purchase Agreement, except as modified by the terms and
16. conditions of the above stated Counter Proposal, are acceptable to the undersigned and are incorporated by reference
17. into this Counter Proposal.
18. **RIGHT TO ACCEPT OTHER PURCHASE AGREEMENTS:** Seller reserves the right to accept any other Purchase
19. Agreements prior to Purchaser's written acceptance of this Counter Proposal. Acceptance shall not be effective until
20. a copy of this Counter Proposal dated and signed by Purchaser, is received by __Frank L. Ennis__.
    (Listing Agent or Designee)
21. EXPIRATION: This Counter Proposal shall expire unless written acceptance is delivered to Seller, Listing Agent or
22. Designee on or before __12:00__ ☐ A.M. [X] P.M. on __March 01, 2003__
23. X _Billy D. Loy_         2/27/03
24. Seller                    3:30 p.m.           _____
                              Date/Time    Seller                       Date/Time

### ACCEPTANCE OF COUNTER PROPOSAL

26. Receipt of a signed copy of the above Counter Proposal is hereby acknowledged, and the above Counter Proposal is
27. hereby accepted by the undersigned Purchaser at __6__ ☐ A.M. [X] P.M. __2/27__, 20__03__.
28. X _Charles Neil_                              X _Jessica Cortes_
29. Purchaser                                     Purchaser



*Forms Restricted for use by members of the*
**GREATER NORTHWEST INDIANA**
**ASSOCIATION OF REALTORS®, INC.**



Page 1 of 2

GNIAR Form A2Lister.03/93.Proforms Version 4.0.6a.Frank L. Ennis.Ennis, Moore, & Assoc..2900 Central Ave.

# FEIWELL & HANNOY, P.C.
## ATTORNEYS AT LAW

Murray J. Feiwell
Douglas J. Hannoy
Michael J. Feiwell
Susan M. Woolley
Matthew S. Love
Jerlyn S. Southwick
Jeffrey S. Wilson
Bruce G. Arnold
Randy C. Eyster
Bryan K. Redmond
Leanne S. Titus
Barry T. Barnes

Timothy L. Black
Teresa A. Kroenecke
Tamara L. Weisfeld
Michael J. Helman
Amy S. Thurmond
Jeffrey D. Wolfe
Michael Ghosh
Caryn M. Beougher
Brian P. Howey
Brian T. Brothers
Kathleen C. Bledsoe
Rose K. Felten

December 18, 2003

EARL I. STUDTMANN
6289 Central Avenue
Portage, IN 46368

RE: Manufacturers & Traders Trust Company, One M&T Plaza, Buffalo, NY 14203-2399, Trustee for Securitization Series 1998-3, Agreement dated 9-01-98
Long, Billy
Cause No. 45D10-0109-CP-00903
Our File# 2775-1271.

Dear Counsel:

Please be advised that the Sheriff's sale has been scheduled for January 9, 2004, at 10:00 AM, in connection with the above captioned matter.

Should you need further assistance regarding this matter, please do not hesitate to contact the undersigned.

Very truly yours,

Misty Fleetwood
Foreclosure Specialist

TMP3/tmp3

## NOTICE

FEIWELL & HANNOY, P.C. IS A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

251 North Illinois Street, Suite 1700   Indianapolis, Indiana 46204   (317) 237-2727   FAX (317) 237-2722
www.feiwellhannoy.com

USA V. FAIR BANKS CAPITAl
F.T.C. Claim NO# 14887401

**Fairbanks Capital Corp.**
P.O. Box 7041
Pasadena, CA 91109-7041

01/14/2004

\*\*\* Cancellation Notice \*\*\*
Re: Certificate # B-5646390

BILLY LONG
2545 UNION STREET
LAKE STATION, IN
         46405-2451

Re: 2545 UNION STREET
LAKE STATION IN    46405
Master Policy #: 5889-0002
Loan # 3063-0000-2066147964
Cancellation Reason: PAID OFF

Dear Valued Customer:

The lender-placed insurance we obtained on your behalf was cancelled on 01/09/2004 for the reason stated above. The effective date of your homeowner's insurance policy is later than the effective date of the lender-placed policy so you will receive only a partial refund of the insurance premium we previously charged to you. That refund will appear as a credit to your escrow account.

To receive a credit for the remaining portion of the premium for the lender-placed insurance, please send us documentation, preferably a copy of your homeowner's policy, that shows you had insurance in effect for the period 03/10/2003 through 01/09/2004.

If you have any questions, please call, toll-free, (800) 641-2754, Monday through Friday, 6:00 am - 5:00 pm (PST). Calls to our Insurance Center may be monitored for quality of service.

Sincerely

FAIRBANKS CAPITAL CORP.
Insurance Service Center

USA. V. FAiRBANKs Cap.
FTC. Claim NO #
14882401