April 21, -04

To The Honorable Judge:

I am writing to You Concerning The Fairbanks Capital Mortgage Litigation That You all involved With the Courts. Judge, We have Never been 4 mths Late on our Pay, and we got A Notice from this Attorney At Law telling They Were Foreclosuring On us if we dident git 5000.00 to them. Thats what this Agela Cunningham told me today, so I ask her if there was anything else They Could do. She said We Can Chg. You 1300.00 for 12 Mth - and under the Forebearing System, Judge my wife has been in + out Of The Hospital, She has Cancer On the Brain and thats why We Got behind the 4 mth - our regular Note is 855.71 and They are over Please

over

Page 2

Charging 1,300.00 Dollars for 12 mth's. They have Charged us Late Charges, even if We were 1 day Late, I mean like $600.00 for Late Chg. We tried to Refinance, but to no Avail- They Said We Couldn't-

Judge I am enclosing A Letter we received from this Attorney.

Judge I sure hope you can help us on this Matter.

Sincerely

Y.B And Kathy McConnell
4707 Renewood Circle
Decatur, GA. 30035

# Hudnall, Cohn & Abrams, P.C.
ATTORNEYS AT LAW
780 Johnson Ferry Road, Suite 250
Atlanta, Georgia 30342
Telephone: (404) 256-1212
Facsimile: (404) 256-0076

January 15, 2004

Via Certified Mail
Return Receipt Requested and
Regular U.S. Postal Mail

P. B. McConnell, Jr. and Kathy McConnell
4707 Riverwood Circle
Decatur, GA 30035

**Certified Article Number**

7160 3901 9848 3136 6089

**SENDERS RECORD**

F04-271 -- 6/1/2004

RE:  Servicing Agent:     **Fairbanks Capital Corp.**
     Loan #:              8785270698
     Our File #:          F04-271
     Original Borrower:   **P. B. McConnell, Jr. and Kathy McConnell**
     Owner of Record:     **P. B. McConnell, Jr. and Kathy McConnell**
     Property Address:    **4707 Riverwood Circle**
                          **Decatur, GA  30035**

**PLEASE BE ADVISED THAT THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dear Mr. & Mrs. McConnell:

By letter dated 4/8/2004 (the "Initial Communication Letter"), you were notified that the above-referenced loan had been referred to this law firm for handling. That letter also advised you of certain rights (the "Borrower's Rights" – including your right to validate the debt), which you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrower's Rights as explained in the Initial Communication Letter.

Enclosed is a copy of the Notice of Sale submitted to the publisher of the legal newspaper. The sale will be conducted within the legal hours of sale on January 1, 2004 at the DeKalb County Courthouse.

Please be advised that the lender intends to enforce the provisions in the referenced Note relative to payment of attorney's fees in addition to the principal and interest owed. The terms of your Note call for the addition of attorneys' fees to the debt in cases of collection by or through an attorney. The Official Code of Georgia, Section §13-1-11 requires that you be allowed ten (10) days from the receipt of this letter to pay the entire amount owed without having

to pay attorneys' fees. After that time, full attorneys' fees allowed by Georgia law may be added to the debt. For an updated, current and accurate payoff figure call the regular customer service department of Fairbanks Capital Corp..

Your Note was previously accelerated and declared due and payable; however, as you were advised in the Initial Communication Letter, under certain circumstances, the lender may allow you to reinstate your loan. If you desire to put your loan back on a current basis, please call Fairbanks Capital Corp. directly. If the lender can be persuaded to allow reinstatement, you will be told the amount which you must pay in order to stop the foreclosure. Of course, this foreclosure alternative lies within the lender's sole discretion.

Please be advised that if you are currently or have been, within the last three (3) months, in the military service AND if you joined after signing the Security Deed now in foreclosure, you may be entitled to relief under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. § 501, et seq. In particular, the provisions contained in 50 U.S.C. § 532 are designed for the benefit of persons in the military service whose ability to comply with the terms of their mortgage obligation is materially affected by reason of their military service. If you believe you are entitled to relief under the Soldiers' and Sailors' Civil Relief Act of 1940, please contact our office immediately. When contacting this office as to your military service, you must provide positive proof of your military status. If you do not provide this information, we will assume that you are not entitled to protection under this Act.

Please note that this letter is being sent to you in order to comply with Georgia Statutory foreclosure law requirements and in no way prevents you from exercising the Borrower's Rights as explained in the Initial Communication Letter.

Sincerely,

HUDNALL, COHN & ABRAMS, P.C.

Dene S. Perusse

Enclosure

**Notice of Sale Under Power**

Georgia, DeKalb County

Under and by virtue of the Power of Sale contained in a Deed to Secure Debt given by P. B. McConnell, Jr. and Kathy McConnell to Decision One Mortgage Company, LLC, dated November 28, 2000, and recorded in Deed Book 11785, Page 253, DeKalb County, Georgia records, as last assigned to The Bank of New York, acting solely in its capacity as Trustee for EQCC Trust 2001-2 by assignment to be recorded in DeKalb County, Georgia records, conveying the after-described property to secure a Note of even date in the original principal amount of $104,000.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of DeKalb County, Georgia, within the legal hours of sale on the first Tuesday in January, 2004, to wit: January 1, 2004, the following described property:

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 130 of the 15th District of DeKalb County, Georgia, being Lot 6, Block "C", Riverwood Subdivision, Unit Four, according to survey by Roy E. Houswood, Jr., registered land surveyor, dated April 9, 1970, and being more particularly described as follows:

BEGINNING at an iron pin on the Southerly side of Riverwood Circle 320 Feet Westerly, as measured along the Southerly side of Riverwood Circle, from its intersection with Westerly side of Riverwood Way; thence running southerly at an Interior Angle of 93 Degrees 34 Minutes with the Southerly Side of Riverwood Circle 150 Feet to an iron pin; thence Westerly 140 Feet to an iron pin; thence Northeasterly 165.5 feet to an iron pin on the Southerly side of Riverwood Circle; thence Easterly along the Southerly side of Riverwood Circle and following the curvature thereof 82 Feet to the iron pin at the point of beginning; and being improved property.

The debt secured by said Deed to Secure Debt has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Deed to Secure Debt. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Deed to Secure Debt and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property known as **4707 Riverwood Circle, Decatur, GA 30035** is (are): P. B. McConnell, Jr. and Kathy McConnell or tenant or tenants.

Said property will be sold subject to (a) any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), (b) any matters which might be disclosed by an accurate survey and inspection of the property, and (c) all matters of record superior to the Deed to Secure Debt first set out above, including, but not limited to, assessments, liens, encumbrances, zoning ordinances, easements, restrictions, covenants, etc.

The sale will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; (2) O.C.G.A. Section 9-13-172.1; and (3) final confirmation and audit of the status of the loan with the holder of the security deed.

Pursuant to O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and nonjudicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be provided until final confirmation and audit of the status of the loan as provided in the preceding paragraph.

The Bank of New York, acting solely in its capacity as Trustee for EQCC Trust 2001-2
as attorney in fact for
P. B. McConnell, Jr. and Kathy McConnell

Dene S. Perusse
Hudnall, Cohn and Abrams, P.C.
780 Johnson Ferry Road, Suite 250
Atlanta, Georgia 30342
(404) 256-1212

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

F04-271