UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
Clerk's Office
USDC, Mass.
Date 5/12/04
By [signature]
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP. et al.,<br><br>Defendant. | Civil Action No. 03-12219-DPW |
| ALANNA L. CURRY, *et al.*,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP.,<br><br>Defendant. | Civil Action No. 03-10895-DPW |

**FINAL ORDER CERTIFYING SETTLEMENT
CLASS AND APPROVING SETTLEMENT**

Upon review and consideration of the Settlement Agreement and Release dated November 14, 2003 ("Settlement Agreement"), relating to *Curry v. Fairbanks Capital Corp.*, No. 03-10895-DPW ("Curry Action"), the evidence and arguments of counsel presented at the Fairness Hearing held on May 12, 2004, the memoranda filed with this Court, and the timely objections to, and other filings in connection with, the Settlement, and matters in the record of the Curry Action and in *United States v. Fairbanks Capital Corp.*, No. 03-12219-DPW ("FTC Action"), IT IS HEREBY ORDERED and ADJUDGED as follows:

1. The Settlement Agreement is hereby incorporated by reference into this Order, and is hereby adopted by this Court. The capitalized terms in this Order shall have the same meaning as in the Settlement Agreement.

2. Pursuant to Fed. R. Civ. P. 23(e), the Settlement of the Curry Action, as embodied in terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of the Curry Action in light of the factual, legal, practical, and procedural considerations raised by the Curry Action.

3. Solely for the purpose of settlement and pursuant to Fed. R. Civ. P. 23(a), 23(b)(1)(A), 23(b)(2) and 23(b)(3), the Court hereby finally certifies the following Class ("Class"):

> all persons, other than the Excluded Persons, whose loans were serviced by Fairbanks during the period from January 1, 1999 to December 10, 2003, inclusive, and:
>
> (a) whose loans were *(i)* in Default or treated as being in Default by Fairbanks and (A) who incurred or were assessed late fees and/or Default-Related fees including, without limitation, fees denominated by Fairbanks as "corporate advances," or (B) who were affected by Default –Related conduct; *and/or (ii)* ones in which the Member incurred or was assessed prepayment penalties in Massachusetts, Alabama or West Virginia or in violation of law or contract; or
>
> (b) who otherwise were affected, or whose loans were otherwise affected, by one of the Covered Practices.

4. The Court finds that notice was previously given to all members of the Class in the Curry Action and that the notice was the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P.23(c).

5. The Court appoints the following Plaintiffs as class representatives, and finds they meet the requirements of Fed. R. Civ. P.23(a)(4):

| | | |
|---|---|---|
| Alanna Curry | Cynthia Slade | Hobart Cline |
| Marlene Brenes | Dwayne Levine | Linda Cline |
| Thomas White | Tourlan Levine | Carl Syphrett |
| Gilouse Vincent | Larry McCreary | Catherine Irby Syphrett |
| Leslie Anders | Delmas Bosarge | Janie Mosley-Autery |
| Stephen Brook | Mary Bosarge | Sally Carson |
| Lana Logan | Lorraine Houch | Cindy Thomas |
| Veronica Logan | Allen Levin | W. Calvin Carter |
| Judith Lopez | James Scott | Charlotte Carter |
| Leah Rae Ramalingam | Joan Scott | |
| Dieter Sauer | Deborah Ellis | |
| Christine Vickstrom | Manuel Serrano | |
| Connie Whitson | Delanor Quinn | |
| Gerald Biggins | Karen Flansburg | |
| Margie Lawson | Steven Flansburg | |
| Lillian Izralson | Dorothy Stewart | |
| Paul Alexander | Monica Stewart | |
| Caroline Alexander | Darrick Williams | |
| Merle Thompson | Jonathan Thompson | |
| Regina Thompson | Betsy Thompson | |
| Delores Alsbrooks | Christopher Zander | |
| Mark Bradley | Cynthia Zander | |
| Jill Bradley | Lee O'Driscoll | |
| Charles Chatman | Kristin O'Driscoll | |
| Bernadette Chatman | Allan Brause | |
| Richard Demme | Donald Staples | |
| Robert Hutchins | Shirley Donegan | |
| Henrietta Kilgore | Sara Koffler | |
| Margaret Porter | Elaine Fonseca | |
| Chad Schlosser | Maria Garcia | |
| Frances Schlosser | Barney Hall | |
| Anethea Horsey | Nancy Wagner | |

6. The Court appoints the following law firms as Class Counsel pursuant to Fed. R. Civ. P. 23(g), and finds that these law firms meet the requirements of Rules 23(a)(4) and 23(g)(1)(C):

| | | |
|---|---|---|
| Amamgbo & Assocs. PLC<br>Oakland, CA | Aronovitz Trial Lawyers<br>Miami, FL | Brancart & Brancart<br>Pescadero, CA |
| Buckman & Buckman, P.A.<br>Sarasota, FL | Chavez & Gertler LLP<br>Mill Valley, CA | Cohen, Milstein, Hausfeld<br>& Toll, PLLC<br>Washington, D.C. |

| | | |
|---|---|---|
| Crain & Davis, LLC<br>Athens, GA | Community Law Center<br>Cincinnati, Ohio | Community Legal Services, Inc.<br>Philadelphia, PA |
| The Consumer Advocacy Center, P.C.<br>Chicago, IL | Cotchett, Pitre, Simon & McCarthy<br>Burlingame, CA | Devine, Goodman, Pallot & Wells, P.A.<br>Miami, FL |
| Donovan Searles, LLC<br>Philadelphia, PA | Edelman, Combs & Latturner, LLC<br>Chicago, IL | Fine, Kaplan & Black<br>   A Restricted<br>   Professional Company<br>Philadelphia, PA |
| Finkelstein Thompson & Loughran<br>Washington, D.C. | Girard, Gibbs & DeBartolomeo, LLP<br>San Francisco, CA | Grant, Klein & Roddy<br>Boston, MA |
| Hoffman & Edelson, LLC<br>Doylestown, PA | James, Hoyer, Newcomer, & Smiljanich, P.A.<br>Tampa, FL | Jenkins & Mulligan<br>San Francisco, CA |
| Andrew S. Kierstead<br>Portland, OR | Lakeshore Law Center<br>Mission Viejo, CA | The Langone Law Firm<br>Chicago, IL |
| Law Offices of Ronald M. Katzman, PC<br>Sherman Oaks, CA | LawServ, Chartered<br>Sarasota, FL | Legg Law Firm, LLC<br>Frederick, Maryland |
| Lieff, Cabraser, Heimann & Bernstein, LLP<br>San Francisco, CA | McKoon & Thomas<br>Phenix, City, AL | Mildenberg & Stalbaum LLC<br>Philadelphia, PA |
| Miller Shea, P.C.<br>Troy, MI | Morgan & Morgan<br>Athens, GA | National Consumer Law Center<br>Boston, MA |
| Nevada Fair Housing Center, Inc.<br>Las Vegas, NV | Pope, McGlamry, Kilpatrick, Morrison & Norwood, LLP<br>Columbus, GA | Post Kirby Noonan & Sweat, LLP<br>San Diego, CA |
| Kevin C. Schoenberger<br>New Orleans, LA | Seidel & McGory, P.A.<br>Tampa, FL | Terrell Law Group<br>Richmond, CA |

| Trujillo, Rodriguez & Richards, LLC<br>Philadelphia PA | Wolf Popper LLP<br>New York, NY | Handler & Brown, PLLC<br>Winston-Salem, NC |
|---|---|---|
| Charles Winfree<br>Greensboro, NC | Walter C. Holton, Jr.<br>Winston Salem, NC | |

7.  Plaintiffs and Class Counsel shall be bound by the Settlement Agreement and all orders in the Curry Action. Plaintiffs and Class Counsel are hereby directed to dismiss with prejudice all putative class actions against Fairbanks and/or a Fairbanks-Related Party to the extent within the scope of the Releases, unless Fairbanks waives this requirement in writing. For purposes of facilitating more efficient communication, implementation of the Settlement, and distribution of attorneys' fees, costs, and service payments awarded by the Court, Gary Klein and John Roddy of Grant, Klein & Roddy, Niall McCarthy of Cotchett, Pitre, Simon & McCarthy, Kelly Dermody of Lieff, Cabraser, Heimann & Bernstein, LLP, and Daniel Mulligan of Jenkins & Mulligan shall continue to serve as Co-Lead Counsel for the Class.

8.  The Court further finds, in light of the current posture of the Curry Action, and the certification of this Class as a settlement class, that:

    (a) the above-described Class is so numerous that the joinder of all members is impracticable;

    (b) there are questions of law or fact common to the above-described Class;

    (c) the claims of the Plaintiffs are typical of the claims of the Class that Plaintiffs seek to represent;

    (d) the Plaintiffs and Class Counsel have fairly and adequately protected the interests of the above-described Class.

It further finds that:

(a) Certification under Rule 23(b)(1)(A) is appropriate because of the risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for defendant Fairbanks;

(b) Certification under Rule 23(b)(2) is appropriate in that Fairbanks has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole;

(c) Certification under Rule 23(b)(3) is appropriate because: (i) the questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and (ii) certification of the Class is superior to other available methods for the fair and efficient adjudication of the controversies between the Class members and Fairbanks.

9. After due consideration of the Plaintiffs' likelihood of success on the merits; the terms and conditions of the settlement; the extent of discovery and the litigation stage at which settlement was reached; the recommendation and experience of counsel; the future expenses and likely duration of litigation; the support of the Federal Trade Commission; the amount and nature of opposition to the settlement; the presence of good faith and absence of collusion; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the Settlement is fair, adequate and reasonable. This Court also finds that the settlement terms fall within the range of settlement terms that are fair, adequate and reasonable in the circumstances of the Curry Action. Accordingly, the Settlement Agreement should be and is

approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

10. The Court finds that all persons within the class definition set forth in paragraph 3 are members of the Class, except those who have validly excluded themselves from the Class in accordance with the requirements of the Settlement Agreement and applicable law and who appear on the list attached as Exhibit A of this Order. Each Class Member (except those who have validly excluded themselves from the Class in accordance with the requirements of the Settlement Agreement and applicable law who appear on the list attached as <u>Exhibit A</u> to this Order) shall be bound by the Settlement Agreement, including the Releases (with applicable exceptions), disclaimers of liability, covenants not to sue, and injunction against further litigation contained in the Settlement Agreement, each of which is hereby incorporated by reference and shall be part of the final judgment in this suit.

11. The Court has carefully considered all filed objections. The Court has carefully considered those Objections on file and provided an opportunity for all such Objectors to present arguments to the Court in writing or at the Fairness Hearing. Having considered those Objections and arguments, the Court finds that the Objectors have not advanced any adequate justification for disapproval or modification of the Settlement Agreement. ~~The objection of Mary Keys et al., is further overruled as untimely~~. The Court approves the stipulations to withdraw certain objections heretofore filed pursuant to Fed. R. Civ. P. 23(e)(4)(B).

12. The Motion to Extend Opt Out Deadline, filed by Linda Scott, et al., ~~is denied~~ and The Motion to Intervene, filed by Linda Scott, et al., ~~is denied~~ are withdrawn subject to a stipulation by counsel stated in open court and to be reduced to writing on or before May 16, 2004.

13. The Court, in a separate order, has awarded attorneys' fees and costs to Class Counsel and service payments to the Plaintiffs.

14. In accordance with and as set forth in the Agreement, and to effectuate the Settlement Agreement, the Court hereby confirms the appointment of Gilardi & Co., LLC as the Settlement Administrator. In accordance with and as set forth in the Agreement, the parties to these cases shall take all steps required to implement the Settlement Agreement. Without limiting the foregoing, Fairbanks shall:

(a) establish the Redress Fund as provided in the Settlement Agreement and the "Order Preliminarily Approving Stipulated Final Judgment and Order as to Fairbanks Capital Corp. and Fairbanks Capital Holding Corp." in the FTC Action;

(b) within 10 days after receipt of this Order, make payments to the Settlement Administrator for the awards of attorneys' fees, costs and service payments, in accordance with the applicable terms of the Settlement Agreement. When and if said sums are released by the Settlement Administrator to Co-Lead Counsel pursuant to the terms of the Settlement Agreement, those funds shall be distributed in accordance with agreements among Class Counsel;

(c) undertake the "Reverse or Reimburse Program" within 30 days after the Effective Date in accordance with the applicable terms of the Settlement Agreement, as embodied in Section III thereof;

(d) implement the "Default Resolution Program" within 30 days after the Effective Date in accordance with the applicable terms of the Settlement Agreement, as embodied in Section III thereof and Appendix 1 thereto;

(e) implement the "Operational Practices" within 60 days after the Effective Date in accordance with the applicable terms of the Settlement Agreement, as embodied in Section III thereof and Appendix 2 thereto.

15. *Curry v. Fairbanks Capital Corp.*, No. 03-10895-DPW, and all claims against defendants in *Curry v. Fairbanks Capital Corp.*, No. 03-10895-DPW, are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter judgment in favor of defendants to that effect in *Curry v. Fairbanks Capital Corp.*, No. 03-10895-DPW. The judgment shall be without additional taxable costs to any party.

16. The Court finds the extension of the Preliminary Injunction, as modified, to be equitable because it will protect the Settlement approved hereby, will provide the full benefits of the Settlement to the parties, will protect this Court's orders and jurisdiction, and is in the public interest. Based on these findings, this Court's Preliminary Injunction dated December 10, 2003, as modified in this Court's Modification to Preliminary Injunction dated March 18, 2004, is hereby made permanent. Pursuant to the All Writs Act, Fed. R. Civ. P. 65, and the Court's inherent equitable powers, all Class Members who have not timely excluded themselves from the Class, their officers, agents, servants, employees and attorneys, and all those persons acting in concert or participation with them, including without limitation their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, attorneys, and assigns, are hereby enjoined from filing, commencing, prosecuting, intervening in, or participating as class members in, any lawsuit, arbitration, administrative complaint or similar contested proceeding against Fairbanks or a Fairbanks Releasee, in any jurisdiction, that is within the scope of the Released Claims or that is based on or relating to the claims or causes of action, or the facts and circumstances relating thereto, in the Curry Action. This Injunction shall not apply to the

Reserved Claims and Defenses or to any action taken to consummate or implement any settlement of any formal or informal lawsuit, claim or dispute involving a Class Member.

17. The Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court. Nothing in the Settlement Agreement or this Order shall be construed to require delays in foreclosures pending the Effective Date of the Settlement or to affect or add to the procedures established in any State for foreclosure, provided however, that Reserved Claims and Defenses are preserved as set forth in the Settlement Agreement.

18. This Court hereby retains exclusive jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, termination (under the Settlement Agreement or otherwise) and enforcement of the Agreement and of any orders entered in these cases.

19. Without limiting the foregoing, the Court hereby retains exclusive jurisdiction of all matters relating to whether a Class Member listed on Exhibit A is excluded from the Class, whether because said Class Member submitted a Request for Exclusion that is not valid under the Settlement Agreement or otherwise. This shall not affect the finality of this Order.

Dated: May 13, 2004

*Douglas P. Woodlock*
Hon. Douglas P. Woodlock
United States District Judge

Attachment: Exhibit A

LIBW/1100888.2