UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FAIRBANKS CAPITAL CORP. et al.,

    Defendant.

Civil Action No. 03-12219-DPW

ALANNA L. CURRY, *et al.*,
Individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

FAIRBANKS CAPITAL CORP.,

    Defendant.

Civil Action No. 03-10895-DPW

F I L E D
Clerk's Office
USDC, Mass.
Date 5/12/04
By ___
Deputy Clerk

# FINAL ORDER APPROVING ATTORNEYS' FEES, COSTS, AND SERVICE PAYMENTS

Presently pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs ("Motion"). The Court has this date entered a "Final Order Certifying Settlement Class and Approving Settlement" ("Final Order"), the provisions of which are incorporated herein by reference. Having considered the Motion, any objections to the Motion, and the entire record herein, including the Court's findings contained in the Final Order, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.     The Motion be and it hereby is GRANTED.

2.      The Court, having considered the materials submitted by Plaintiffs' Counsel in support of final approval of the Settlement Agreement and Release (the "Settlement") and their request for attorneys' fees and expenses and in response to the filed objections thereto, finds the award of attorneys' fees appropriate and reasonable for the following reasons. First, the Court finds that the quantifiable value of the Class Settlement is at least $47 million and that the Settlement also provides additional unquantifiable but nevertheless valuable benefits to Class Members in the form of enhanced servicing and foreclosure practices. The Court therefore considers this Settlement to provide substantial benefits for the Class. Second, the Court finds that the requested award of attorneys' fees and expenses, at $8.25 million, represents slightly less than 15% of the quantifiable value conferred on the Class, and that because Defendants will pay the attorneys' fees and costs separately from their payments of Settlement benefits, the value conferred on the Class is not impaired by the award of attorneys' fees and expenses. Third, the Court finds that the total lodestar fees of Plaintiffs' Counsel, in the amount of approximately $7,200,000, were reasonably necessary for the prosecution of Plaintiffs' original actions and this consolidated litigation. Fourth, the Court finds that the fees in this case will be divided among more than 40 law firms and public interest legal organizations that have been appointed as Class Counsel in this case and that the coordination of efforts among these firms was consistent with the interests of Class Members in avoiding the costs of expensive and balkanized litigation. Fifth, the Court finds that this Settlement confers a substantial public benefit through the business practice changes agreed to in the Settlement, which will benefit borrowers outside the Settlement Class as well as those in the Class. Sixth, the Court finds that an additional

basis for the award of fees in this matter is the circumstance that various Plaintiffs' Counsel have maintained various cases for a period of years on a purely contingent basis, forgoing other employment. Seventh, the Court finds that such litigation raised numerous novel and complicated questions of law and fact, that Plaintiffs' Counsel was opposed by highly skilled defense counsel, that the litigation was intensely contested through the completion of the Settlement Agreement, and that there was substantial risk that Plaintiffs would not prevail on some of their claims. Eighth, the Court finds that the Settlement Agreement will require Plaintiffs' Co-Lead Counsel to monitor aspects of the Settlement over the next several years without further compensation. Ninth, the Court concludes that the Settlement was negotiated at arms' length and without collusion, and that negotiation of the fees followed agreement on the Settlement benefits for Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Class that Class Counsel, as a group, would seek the $8.25 million award.

3. Accordingly, based on these factors and other matters appearing of record, the Court finds that the amount requested in fees and expenses, regarded as a percentage of quantifiable class benefits, is below the First Circuit's "benchmark" for such awards and also finds that the lodestar is appropriately enhanced by a multiplier.

4. The Court has carefully considered all timely Objections to the proposed award of attorneys' fees and costs, and provided an opportunity for all such Objectors to present arguments to the Court in writing or at the Fairness Hearing. Having considered those Objections, the Court finds that the Objectors have not advanced any adequate justification to disapprove or modify the relief requested in the Motion.

5. The Court finds that the requested service payments to the Plaintiffs are reasonable and compensate the Plaintiffs for the time and effort expended in prosecuting this and similar actions. Fairbanks will pay the service payments in addition to the Redress Fund created under the Settlement Agreement. No Objections were raised to the service payments.

6. The Court approves the following payments, which Fairbanks shall pay, within ten days after receipt of written or electronic notice of entry of the Final Order and this Order (whichever occurs last), into an interest-bearing escrow account to be held or controlled by the Settlement Administrator, and the distribution of which shall thereafter be governed by the terms of the Settlement Agreement and the Final Order:

    (a) attorneys' fees in the amount of $8,250,000 to Class Counsel;

    (b) costs in the amount of $159,906.67 to Class Counsel; and

    (c) service payments of $3,500 to each Plaintiff (with only one award per named party, couple or co-obligor).

7. To the extent not set forth in this Order or further Order of this Court, the Settlement Agreement and the Final Order shall control the rights, duties and obligations of the Parties, Plaintiffs, Class Counsel and Co-Lead Counsel with respect to attorneys' fees, costs and service payments.

8. This Court retains exclusive jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, termination (under the Settlement Agreement or otherwise), and enforcement of this Order.

Dated: May 13, 2004

/s/ Douglas P. Woodlock
Hon. Douglas P. Woodlock
United States District Judge