UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

United States of America,

    Plaintiff

v.                                                             Civil Action No. 1-03-CV-12219-DPW

Fairbanks Capital Corp.,
Fairbanks Capital Holding Corp., and
Thomas D. Basmajian,

    Defendants

---

Alanna L. Curry et al.,
individually and on behalf of all others
similarly situated,
    Plaintiffs,
v.                                                             Civil Action No. 1-03-CV-10895-DPW

Fairbanks Capital Corp.,
    Defendant.

---

### Gleason & McHenry's Response to Fairbanks' Motion to Invalidate Certain Requests for Exclusion

COMES NOW the firm of Gleason & McHenry, by and through counsel Donald R. Grady, Jr., (Sheff Law Offices) and Marc Boutwell (The Law of Marc Boutwell, PLLC) and has authority to represent the law office of Gleason & McHenry as listed in Defendant's Motion to Invalidate Certain Requests for Exclusion and hereby responds to Defendants, Fairbanks' Motion to Invalidate Certain Requests for Exclusion and in support thereof states as follows:

    1. That Gleason & McHenry affirmatively states that this Court lacks jurisdiction over the opt-outs and furthermore, this Court maintains no jurisdiction over Gleason & McHenry or has the authority to direct Gleason & McHenry as to what communications that Gleason & McHenry has had or may have in the future with its clients

2. That Gleason & McHenry have done nothing wrong. Gleason & McHenry have a duty and a privilege in its communications with its clients. That duty of Gleason & McHenry is to provide that best legal advice and to vigorously pursue those parties who have caused their clients harm. They have done so in this case.

3. That Gleason & McHenry are not class counsel. While it may be inappropriate for either Class Plaintiff counsel or Class Defense Counsel to directly contact class members with what Fairbanks deems "misleading" statements about the class settlement. It is the right and duty of Gleason & McHenry to express its best legal opinion of the class settlement to those existing clients and other class members who contact Gleason & McHenry regarding the class settlement.

4. That the privileged communication that Class counsel for Fairbanks has presented to this Court from Gleason & McHenry to its client is subject to the attorney-client privilege. Furthermore, body of the letter involved detailed and private legal advice to Gleason & McHenry's client. Said use of this letter by Fairbanks borders on an ethical violation, and at best, the communication is not admissible and said use of the letter as a basis of their Motion renders their Motion baseless and subjects them to sanctions and any other relief this Court deems necessary.

5. That Gleason & McHenry have not mislead their clients or those persons who contacted them about the class settlement. Furthermore, the actual number of Gleason & McHenry clients who signed "opt-outs" is irrelevant. Fairbanks points out that Gleason & McHenry represent .00030% of all the person nationwide who have had their mortgage serviced by Fairbanks. This amount and taking into account only approximately 1100 persons nationwide opted out of the class settlement renders the Defendant Fairbanks' argument moot as to their claim of a widespread misinformation campaign conducted by Gleason & McHenry.

6. Gleason & McHenry has submitted to the Court a Memorandum setting forth their Response to this Motion, and therefore, Defendant Fairbanks Motion to Invalidate Certain Requests for Exclusion should be denied. Further, Defendant Fairbanks should be subject to sanctions under FRCP Rule 11 for the filing of this baseless motion and non-withdrawal of same.

This the 14th day of M-y, 2004.

Respectfully submitted,

_____
Donald R Grady, Jr.
Attorney for Gleason & McHenry

OF COUNSEL:

Donald R. Grady, Jr.
Ten Tremont Street, 7th Floor
Boston, MA 02108
Phone: (617)-227-7000
Facsimile: (617)-227-8833

*Via Pro Hac Vice*
Marc Boutwell (Miss. Bar No. 9263)
The Law Office of Marc Boutwell, PLLC
P.O. Box 956
Lexington, Mississippi 39095
Phone: (662)-834-9029
Facsimile: (662)-834-3117

## CERTIFICATE OF SERVICE

I, Donald R. Grady, Jr., do hereby certify under the penalties of perjury, that on the 14th of May, 2004, I arranged for the service by the means identified below of a copy of the foregoing on the following counsel of record.

**By U.S. Mail, postage pre-paid:**

*Counsel for Defendant,*
*Fairbanks Capital Corp.*

Thomas M. Hefferon, Esq.
Joseph F. Yenouskas, Esq.
GOODWIN PROCTOR, LLP.
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C. 20006

John Englander, Esq.
Brooks R. Brown, Esq.
GOODWIN PROCTOR, LLP.
Exchange Place
Boston, MA 02109

*Counsel for Plaintiff,*
*Alanna L. Curry, et al, individually*
*and on behalf of all other similarly*
*situated.*

Gary Klein, Esq.
John Roddy, Esq.
Grant, Klein, & Roddy
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111

Niall P. McCarthy, Esq.
Cotchett, Pitre, Simon & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
San Francisco, CA 94010

Honorable Kelly M. Dermody
Lieff, Cabraser, Heimann, & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111

Daniel Mulligan, Esq.
Jenkins & Mulligan
660 Market Street, 3rd Floor
San Francisco, CA 94104

_____
Donald R. Grady, Jr., Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

United States of America,

    Plaintiff

v.                                                                                          Civil Action No. 1-03-CV-12219-DPW

Fairbanks Capital Corp.,
Fairbanks Capital Holding Corp., and
Thomas D. Basmajian,

    Defendants

---

Alanna L. Curry et al.,
individually and on behalf of all others
similarly situated,
    Plaintiffs,

v.                                                                                          Civil Action No. 1-03-CV-10895-DPW

Fairbanks Capital Corp.,

    Defendant.

---

## MEMORANDUM IN SUPPORT OF GLEASON & McHENRY'S RESPONSE TO DEFENDANT FAIRBANKS MOTION INVALIDATE CERTAIN REQUESTS FOR EXCLUSION

COMES NOW the firm of Gleason & McHenry, by and through counsel Donald R. Grady, Jr., (Sheff Law Offices) and Marc Boutwell (The Law of Marc Boutwell, PLLC) and has authority to represent the law office of Gleason & McHenry as listed in Defendant's Motion to Invalidate Certain Requests for Exclusion and hereby responds to Defendants, Fairbanks' Motion to Invalidate Certain Requests for Exclusion and in support thereof states as follows:

## I. THE COURT LACKS JURISDICTION OVER OPT-OUTS

Gleason & McHenry has taken no actions within the State of Massachusetts regarding this class which would subject it to jurisdiction. It must be remembered that the Gleason & McHenry is not class counsel for the class, but rather represents opt-outs for a class of mostly Mississippi plaintiffs who wish to pursue their remedy through actions filed in the State of Mississippi.

It is important to note, that this Court approved a preliminary settlement of a 23(b)(3) class, which necessarily provided for an opt-out provision. Only with a right to opt-out would the settlement satisfy minimal due process concerns. *See., e,g., Phillips Petroleum co v. Shutts*, 472 U.S. 797, 105 S. Ct. *2965*, 86 L.Ed.2d 628 (1985). (These are minimal procedural due process requirements for a class action with money judgment or award under rule 23(b)(3) to bind absent class members. These requirements include (1) adequate notice; (2) an opportunity to be heard; (3) a right to opt-out; and (4) adequate representation). Therefore, this Court, to satisfy the due process requirement allowed for opt-outs. Pursuant to the opt-out provision, the opt-out plaintiffs are no longer part of this case and are no longer subject to the jurisdiction of this Court since they have elected to opt-out.

In conclusion, the Defendant cannot have it both ways. A Rule 23(b)(3) class requires the opportunity to opt-out, otherwise due process is not satisfied. If these clients (and former class members) have opted out of the class, due process has not been satisfied if this Court asserts jurisdiction. *See generally Phillips, supra* and its progeny.

## II. GLEASON & MCHENRY DID NOTHING WRONG IN THIS CASE

Gleason & McHenry did nothing other than follow the preliminary approval and notice of this Court. This Court had preliminarily approved a 23(b)(3) class which allowed for opt-outs. Gleason & McHenry did nothing more than opt-out clients as per the court approved notice. The

2

approved notice to the class indicates a right to opt-out and the procedure for doing so. Gleason & McHenry simply carried out their duty to their clients in representing their interests by opting out individual plaintiff-class members. Moreover, any contact with these clients was initiated by the clients, either in response to advertising or via direct contact after the class members received notice. Furthermore, Gleason & McHenry obtained a majority of their clients prior to the class notice even being sent out. Gleason & McHenry was aware that their were several pending class actions against Fairbanks across the country, but in no way knew of the disposition of the present class.

In fact, Gleason & McHenry has long pursued legal actions against Fairbanks. There are presently five (5) pending actions in the State of Mississippi which Gleason & McHenry are counsel for the Plaintiffs. (See front page of each case stamped "filed" attached hereto as Exhibit "A")

Again, Gleason & McHenry never advertised for "opt-outs". Gleason & McHenry merely advertised (both prior to the class notice and after the class notice was mailed and published) for persons whose home mortgage was being serviced by Fairbanks Capital Corporation. *See generally Gleason & McHenry's ads attached to Defendant Fairbanks Memorandum in Support of Fairbanks' Motion to Invalidate Certain Requests for Exclusion.*

The actions of the Gleason & McHenry were permissible and proper under the Rules of Professional Conduct. Gleason & McHenry do not represent the class herein. Rather, Gleason & McHenry represent only those who chose to opt-out of the class within the State of Mississippi and the State of Alabama . The Defendants cited excerpts from **four** (4) cases, only one (of four) indicate that communications with the class could threaten the litigation process. *See Defendants' Brief, pg. 2.*

The *only* case cited by Defendants whereby communications with class members were found to be misleading is *Georgine v. Amchem Products,* 160 F.2d 478 (E.D, Pa. 1995). In *Georgine,* however, letters were sent to class members which indicated that the recoveries would be limited should they

3

develop asbestos-related problems at a later time. The letters specifically indicated maximum dollar amounts that a class member could receive should they develop future problems. However, such numbers in the letter to class members were less than those potentially recoverable under the settlement. Accordingly, the Court found these letters to be misleading. *(See generally, id)*. In the present case, the ads submitted by Gleason & McHenry simply indicate that a recovery was possible if your mortgage was serviced by Fairbanks. There were no solicitation for "opt-outs." For this case to fit within the *Georgine* case, the **ads** would have had to state some lesser value recoverable under the settlement proposed in the class notice. This is not the case here and thus *Georgine v. Amchem Products* is distinguishable. The Gleason & McHenry letter attached to Fairbanks Memorandum is a privileged communication between attorney and client. As acknowledged in the Defendant's own affidavit of Joseph F. Yenouskas, Esq., he states that "Fairbanks has obtained a copy of a letter from the law firm of Gleason & McHenry dated February 26, 2004 addressed to "All Fairbanks Capital Clients." Mr. Yenouskas further pointed out that "Fairbanks has learned that Gleason & McHenry placed advertisements in local Mississippi newspapers in the first week in March concerning the settlement of this case." *See Affidavit of Joseph F. Yenouskas, Esq., attached to Fairbanks Memorandum in Support of their Motion to Invalidate Certain Requests for Exclusion.* There are two very important facts to note about these two statements which are: (1) The letter written by Gleason & McHenry was written prior to its supposed "opt-out" campaign, (2) The advertisements placed by Gleason & McHenry do NOT mention or pertain to the Fairbanks class action settlement in any way. The affidavit of Joseph F. Yenouskas contradicts Fairbanks own arguments. It indicates that this privileged communication took place prior to Gleason & McHenry's alleged "opt-out" campaign. Furthermore, it blatantly falsely points that Gleason & McHenry advertised in Mississippi newspapers about the settlement of the class case. Gleason & McHenry adamantly state that it did not solicit opt-outs in Mississippi newspaper by advertising the settlement and point to the advertisements attached to Fairbanks own Memorandum as

4

proof.

Again, not only do Defendants' seek to improperly invade the attorney/client privilege, but Defendants also seem to be attacking the class notice approved by this Court. Again, without belaboring the point, the class notice is designed to present the relevant facts regarding a lawsuit in an unbiased format. *See Impervious Paint*, 509 F.Supp. at 723; *see also, Earhardt v. Prudential Group*, 629 F.2d 843 (2nd Cir. 1980). Notice to the class members is crucial to the entire scheme of Rule 23(b)(3). The Notice must set forth an impartial recital of the subject matter of the suit, inform members that their rights are in litigation, and alert them to take appropriate steps to make certain their individual interests are protected. *See In Re Gypsum Anti-Trust Cases*, 565 F.2d 1123, 1125 (9th Cir. 1977); *In Re Nissan Motor Corp. Antitrust Litigation*, 562 F.2d 1088 (5th Cir. 1977). The Notice preserves the right of class members to 'opt-out' if they believe their interests are antagonistic to the other members of the class, or if they wish to proceed by separate suit. *In Re Nissan Motor Corp. Antitrust Litigation, supra* at 1104-05. *Earhardt*, 629 F.2d 843 at 846. Furthermore, Gleason & McHenry have a duty to advise its clients and persons who contact them concerning the settlement as to the true nature and value of the settlement by their opinion.

In conclusion, in *Georgine* the non-privileged letters were part of the record before the Court. *Georgine v. Amchem Products*, 160 F.2d 478 (E.D, Pa. 1995). Here, Fairbanks is on a fishing expedition looking for that which was public in *Georgine. Georgine v. Amchem Products*, 160 F.2d 478 (E.D, Pa. 1995). Fairbanks has admitted as much that they have somehow "obtained" a privileged communication between Gleason & McHenry and Gleason & McHenry's client. This letter was part of a ongoing relationship with these clients who has signed legal representation contracts with the subject law firm. Gleason & McHenry can not and will not state the subject of the conversations with its clients (potential class members) and would object to any Order by this Court requiring these lawyers to divulge matters which are of the attorney/client privilege or are matters of attorney work product. The

5

firm states no portion of the conversations which took place between it and its clients and potential opt-out class members. For purposes of this response, the firm simply indicates that various class members opted out from the litigation and gave notice accordingly (as required by the court approved notice).

### III. COMMUNICATIONS BY CLASS COUNSEL IS MORE RESTRICTED

Most cases involving communication with class members and counsel deal with alleged improper communications by parties, mostly defendants, to the present class actions with members of the class. *See, e.g.. Re snick v. American Dental Association,* 95 F.R.D. 372 (N.D. Ill, 1982) (Communications between defense counsel and class members);

*Kleiner v. First National Bank of Atlanta..* 751 F.2d 1193 (11th Cir. 1985) (Sanctions sought against defendant bank and defense counsel for secretly soliciting exclusions from members of the plaintiff class);

*Earhardt v. Prudential Group, Inc.,* 629 F.2d 843 (2nd Cir. 1980) (Plaintiffs sought sanctions against defense counsel for sending notice to the class. The court found the sanctions not warranted and contact with class was permissible.);

*Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S. Ct. 2193, 68 L.Ed.2d 693 (1981) (An order was entered that disallowed plaintiffs' counsel to communicate with the class. Plaintiffs appealed and the orders preventing the communication with class members were thrown out.);

*Burr ell v. Crown Central Petroleum, Inc.,* 176 F.R.D. 239 (E.D. Texas 1997) (Limitations were sought on defendant-employer's *ex parte* communication with employee-class members, an employer through email, printed announcements and other informational meetings was allegedly attempting to undermine the class action rule by urging its class members not to join the suit. The motion was denied.);

*Hampton Hardware Inc. v. Colter ami Co.,* 156 F.R.D. 630 (N.D. Texas 1994) (Plaintiffs sought to limit defendant wholesalers' contact with class members);

*Fulco v. Continental Cablevision, Inc.*, 789 F. Supp. 45 (D. Mass. 1992) (Defendant-employer moved for an order allowing it to communicate with its own current employees regarding the class action. Motion was allowed on various conditions);

*In Re School Asbestos Litigation School District of Lancaster Manheim Township School District,* 842F.2d671 (3rd Cir. 1988) (Sanctions were sought against defendant-asbestos manufacturers for contacting schools, thereby resulting in defendants indirectly contacting the class members. The court overruled the district court's order that disallowed the communications).

Parties are more restricted in the notice they give to class members, which is an important distinction. Moreover, restrictions are more often placed on a defendant in their communications with class members. Thus, some of the cases cited above either (1) enjoined communication; (2) allowed sanctions; or (3) made it necessary for the class members to re-opt out of the class. However, none of these circumstances are present in the case *sub judice*. Gleason & McHenry are not parties. Further, the opt-out plaintiffs are not members of the class.

Gleason & McHenry points to *Impervious Paint Industries, Inc. v. Ashland Oil,* 508 F. Supp. 720, 722 (W.D. Ky. 1981), which is dispositive on this issue. In *Impervious Paint* the court indicated that the status of defense counsel as it related to the class, as well as the status of plaintiff class counsel in relation to the class. The court stated as follows:

> For purposes of the obligation to avoid compromising the rights of class members, class counsel must treat them as clients; for purposes of the obligation to avoid unethical solicitation, class counsel must treat class members as non-clients. *Id.* at 722.

Gleason & McHenry have not done anything more than treat the potential class members as non-clients. Gleason & McHenry agreed to represent opt-outs under two scenarios: (1)Gleason & McHenry were either contacted directly by class members who received the opt-out notices; or (2)

7

Gleason & McHenry followed the various state's rules of ethics and placed advertisements regarding suits against Fairbanks not specifically this Class Action lawsuit. Accordingly, there is no improper solicitation by Gleason & McHenry. Further, Fairbanks cannot show any improper communications or improper advertisements.

Fairbanks simply overlooks the fact that "the class members decision to participate or withdraw [must] be made on the basis of independent analysis of its own self-interests. The mechanism selected for accomplishing this is the class notice, which is designed to present the relevant facts in an unbiased format." *Impervious Paint,* 509 F.Supp. at 723. Accordingly, a class certification does not preclude the class members from rejecting the class counsel, seeking out counsel, and then making an informed decision about accepting the meager settlement proposed in the class without the scrutiny of the court or the Defendant. The class members were notified about the class certification and the nature of the action. They also were informed that they could consult with private counsel if they chose to do so. The decision to opt-out of the class must be left to the individual class members. In the present case, individual class members were either already represented by Gleason & McHenry or chose to seek independent counsel (Gleason & McHenry) for advice as to whether or not to remain in the class action or opt-out. They sought independent counsel (Gleason & McHenry) either prior to the class notice being sent out or in response to advertisements after they had received notice of the class action settlement. Thus, Gleason & McHenry advised its clients (whom were potential class members) to out of the class action and said clients made an informed decision to opt-out or not.

### IV. LETTER TO CLIENTS FROM GLEASON & MCHENRY NOT MISLEADING

Although Gleason & McHenry will not disclose the nature of its other communications with its clients. A partner in the law firm of Gleason & McHenry has attached hereto an affidavit as

evidence of his and his firm's involvement in Fairbanks litigation generally and actions taken with clients (potential class members). *See* Affidavit of Michael McHenry attached as Exhibit "B".

Fairbanks seems to harp on the phrase ". . . Fairbanks will not pay most individuals any funds for a settlement." and "If you accept this settlement then we can no longer represent you and all your rights and claims will be exhausted." These statements are true and as such cannot be misleading or inaccurate.

First of all, the class action notice "conveniently" fails to disclose that nearly 750,000 persons are affected by this settlement. So while Forty Million Dollars ($40,0000,000.00) seems like reasonable settlement, if one were to divide the number of potential persons that could share a "pro-rata" share of the Thirty-Five Million Dollar ($35,0000,000.00) Redress Fund it comes out to be that actually Fairbanks has allotted Forty-Six Dollars and Sixty-Six Cents for each potential claimants. That number seems fairly insignificant. The only explanation is that the class settlement does not intend to compensate all or most persons whose mortgages are or were serviced by Fairbanks. It may intend to try and give each person who can prove to class counsel they were damaged, some small insignificant portion of their damages to be paid on a pro-rata basis out of the Redress Fund. Gleason & McHenry has over two years of litigation and investigation experience against Fairbanks and has never met a client or potential client who had a mortgage serviced by Fairbanks that was not cheated, robbed, stolen from or whatever civil theft term one might use. Furthermore, much of the time the fees and charges assessed by Fairbanks amounts to thousands of dollars and often forces clients into bankruptcy and/or foreclosure. In Gleason & McHenry's professional opinion there is no possible way the proposed class action settlement can adequately compensate its clients and those persons whom contact Gleason & McHenry for advice concerning the class action settlement in the State of Mississippi.

In further regards to the class action notice, it seems if class counsel and Fairbanks does not even know how many mortgages its services. It seems unlikely that Gleason & McHenry should trust anything Fairbanks says. On November 12, 2003, on Fairbanks website, they released a statement stating among other things that "It services approximately 500,000 nonprime residential mortgage loans." Additionally, the FTC and HUD released a statement stating that "According to the FTC, Fairbanks services about 500,000 subprime mortgage loans throughout the country." *See* both articles attached as Exhibit "C".

Additionally, Gleason & McHenry continue to work extremely hard in the fight for their clients rights. Gleason & McHenry have personally procured offers from Fairbanks for significantly more than the class settlement has provided for any individual client. *See* attached Offer of Settlement for one of Gleason and McHenry's attached as Exhibit "D". These type offers of settlement have helped foster Gleason & McHenry's opinion about the inadequacy of the settlement and furthers their belief that Gleason & McHenry can better provide relief for its clients and those persons who contact them regarding the class settlement than the class settlement provides. This opinion is just what it is. It is a legal opinion of Gleason & McHenry given to clients and those persons who have contacted Gleason & McHenry for consultation.

## V. CONCLUSION

Based upon the foregoing and response submitted herein, Fairbanks has no basis for their motion, have conducted basically no pre- or post-filing investigation of their allegations, have failed to set forth any real evidence to support their Motion to Invalidate Certain Requests for Exclusion, and even failed to read the documents they submitted to this Court in an attempt to support this baseless motion. Therefore, Defendant Fairbanks Motion to Invalidate Certain Requests for Exclusion should be denied. Further, Defendant Fairbanks should be subject to sanctions under

FRCP Rule 11 for the filing of this baseless motion and non-withdrawal of same. The firm of Gleason & McHenry sent Defendant Fairbanks a letter requesting that this baseless motion be withdrawn. Defendant Fairbanks should be subject to costs as sanctions for filing this frivolous motion including costs of counsel for Gleason & McHenry.

This the 14th day of May, 2004.

Respectfully submitted.

_____
Donald R Grady, Jr.
Attorney for Gleason & McHenry

OF COUNSEL:

Donald R. Grady, Jr.
Ten Tremont Street, 7th Floor
Boston, MA 02108
Phone: (617)-227-7000
Facsimile: (617)-227-8833

*Via Pro Hac Vice*
Marc Boutwell (Miss. Bar No. 9263)
The Law Office of Marc Boutwell, PLLC
P.O. Box 956
Lexington, Mississippi 39095
Phone: (662)-834-9029
Facsimile: (662)-834-3117

## CERTIFICATE OF SERVICE

I, Donald R. Grady, Jr., do hereby certify under the penalties of perjury, that on the __14th__ of __May__, 2004, I arranged for the service by the means identified below of a copy of the foregoing on the following counsel of record.

**By U.S. Mail, postage pre-paid:**

*Counsel for Defendant,*
*Fairbanks Capital Corp.*

Thomas M. Hefferon, Esq.
Joseph F. Yenouskas, Esq.
GOODWIN PROCTOR, LLP.
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C. 20006

John Englander, Esq.
Brooks R. Brown, Esq.
GOODWIN PROCTOR, LLP.
Exchange Place
Boston, MA 02109

*Counsel for Plaintiff,*
*Alanna L. Curry, et al, individually*
*and on behalf of all other similarly*
*situated.*

Gary Klein, Esq.
John Roddy, Esq.
Grant, Klein, & Roddy
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111

Niall P. McCarthy, Esq.
Cotchett, Pitre, Simon & McCarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
San Francisco, CA 94010

Honorable Kelly M. Dermody
Lieff, Cabraser, Heimann, & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111

Daniel Mulligan, Esq.
Jenkins & Mulligan
660 Market Street, 3rd Floor
San Francisco, CA 94104

_____
Donald R. Grady, Jr., Esq.

12