UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAIRBANKS CAPITAL CORP.,<br>FAIRBANKS CAPITAL HOLDING CORP., and<br>THOMAS D. BASMAJIAN,<br><br>　　　　Defendants. | Civil Action No. 1-03-CV-12219-DPW |
| ALANNA L. CURRY *et al.*,<br>individually and on behalf of all others<br>similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FAIRBANKS CAPITAL CORP.,<br><br>　　　　Defendant. | Civil Action No. 1-03-CV-10895-DPW |

**STIPULATION WITHDRAWING MOTIONS AND OBJECTIONS**

　　　　Defendant Fairbanks Capital Corp. ("Fairbanks"), Objectors Mary Keys, Jimmie Pegler, Hilton and Dolores Smith, Rosemarie Roberts, Charese Moreland, Jermaine Howard, Linda Scott, Anthony and Doris Doughty, and Vanessa McGhee ("Objectors"), and the law firm of Pittman, Alexander, Cook and Associates ("Objectors' Counsel"), hereby stipulate and agree as follows:

WHEREAS, Plaintiffs Alanna Curry et al. filed a lawsuit against Fairbanks captioned Curry et al. v. Fairbanks Capital Corp., No. 1:03-CV-10895-DPW (D. Mass.)(the "Curry Action");

WHEREAS, Fairbanks entered into a Settlement Agreement and Release dated November 14, 2003 (the "Settlement Agreement") to settle the Curry Action and other class action lawsuits filed against Fairbanks;

WHEREAS, on January 28, 2004, Objectors Anthony and Doris Doughty, Linda Scott, Mary Keys, and Vanessa McGhee filed a lawsuit against Fairbanks, represented by Objectors' Counsel, captioned Doughty et al. v. Fairbanks Capital Corp., No. 1:04-CV-487 (N.D. Ohio) (the "Doughty Action");

WHEREAS, Objectors' Counsel had signed representation agreements executed on or before May 12, 2004 with the following individuals:  Rick & Lisa Pudoka, Robert Masseri, Lisa Anderson, Crystal Wilson, Lovie Jones, Rebecca Tabb, Donald Harrison, Bessie Carpenter, Mohain Jain, Jolal Williams, Rose Marie Roberts, William Joseph, Roosevelt Sumpter, Louis Wiggins, Tommie Jones and Robin Addie (collectively, the "Represented Class Members");

WHEREAS, the Objectors filed Objections to Proposed Settlement Agreement ("Objections"), as well as a Motion to Intervene and a Motion to Extend Opt Out Deadline (the "Motions"), in connection with the proposed settlement of the Curry Action;

WHEREAS, Fairbanks, the Objectors, and Objectors' Counsel wish to compromise and resolve the Objections and Motions amicably and without resort to further litigation; and

WHEREAS, on May 12, 2004, Fairbanks, the Objectors and Objectors' Counsel agreed to such a compromise and announced it in open Court, subject to a final documentation of the compromise.

2

NOW, THEREFORE, Fairbanks, the Objectors and Objectors' Counsel, for good and sufficient consideration, stipulate and agree as follows:

1. <u>Termination of Proceedings</u>.  In consideration and anticipation of this Stipulation, Objectors have withdrawn the Objections and Motions filed in the <u>Curry</u> Action as of May 12, 2004.

2. <u>Ohio Claims to Proceed</u>.  The Objectors and the Represented Class Members may pursue claims against Fairbanks in the federal and state courts of Ohio as if they had opted out of the settlement in the <u>Curry</u> Action.

3. <u>Non-Aggregation of Claims</u>.  Any lawsuit filed or to be filed by any Objector or Represented Class Member against Fairbanks and/or a Fairbanks-Related Party will have no more that five persons appearing as plaintiffs.  Objectors and Objectors' Counsel will not seek to consolidate, combine or join cases or parties in contravention of this Stipulation, and will actively oppose any such requests.

4. <u>Class Actions</u>.

(a) The Objectors and the Represented Class Members each separately stipulate and agree that in any current or subsequent litigation against Fairbanks or a Fairbanks-Related Party they will not, directly or indirectly, seek to represent a class of individuals under Rule 23 of the Federal Rules of Civil Procedure, Rule 23 of the Ohio Rules of Civil Procedure, or similar state rules, or to participate as a member of a class.

(b) Objectors Anthony and Doris Doughty, Linda Scott, Mary Keys, and Vanessa McGhee will file, within seven (7) days after the Court enters an Order modifying the Injunction in this case as set forth in Paragraph 8 below, an Amended Complaint in the <u>Doughty</u> action removing all class action allegations in the current <u>Doughty</u> Complaint.

(c)     Objectors and Objectors' Counsel stipulate and agree to the following facts and statements:  (1) common questions of law or fact do not predominate over individual questions of law or fact with respect to the Objectors or the Represented Class Members; (2) a class action would not be superior to other available methods for the fair and efficient adjudication of the claims of the Objectors or the Represented Class Members; and (3) the prosecution of separate actions by Objectors or the Represented Class Members would not create a risk of (a) inconsistent or varying adjudications with respect to their claims which would establish incompatible standards of conduct for Fairbanks; or (b) adjudications which would as a practical matter be dispositive of the interests of other persons not parties to the adjudications or substantially impair or impede their ability to protect their interests.

5.     <u>Waiver of Defenses Based On Release</u>.  Fairbanks agrees to waive any defense of *res judicata*, compromise and settlement, and similar defenses based on the Release in the <u>Curry</u> Action, and Fairbanks agrees that it will not interpose the Release in the Settlement Agreement, or the effect of the judgment in the <u>Curry</u> Action, as a full or partial defense, in any action now pending or to be filed by any of the Objectors or by any of the Represented Class Members. Fairbanks otherwise reserves the right to assert any and all defenses to claims brought by any of the Objectors or any of the Represented Class Members.

6.     <u>Waiver of Rights to Participate in Curry Action</u>.  Each of the Objectors and each of the Represented Class Members waives, releases, and forever abandons any rights, claims, or interest in the Redress Fund or in the other monetary and non-monetary benefits of the Settlement that only Settlement Class Members receive.  Each of the Objectors and each of the Represented Class Members waives all rights to file an appeal from the judgment in the <u>Curry</u>

Action or to participate in any manner in the Curry Action (other than to enforce or interpret this Stipulation) or any related appeal.

7.     Waiver of Attorney Fee Claims.  Fairbanks and the Objectors each stipulate and agree not to seek recovery of attorney's fees, costs or expenses relating to the filing of the Objections and the Motions in the Curry Action.

8.     Removal of Stay and Modification of Injunction.  The Preliminary Injunction against litigation entered in the Curry Action on December 10, 2003, modified on March 18, 2004, and extended in Paragraph 16 of the Final Order Certifying Settlement Class and Approving Settlement dated May 13, 2004 will not apply to the Doughty Action, or any subsequent lawsuits filed against Fairbanks and/or a Fairbanks-Related Party by the Objectors or the Represented Class Members.  Fairbanks and Objectors Anthony and Doris Doughty, Linda Scott, Mary Keys, and Vanessa McGhee will file, within seven (7) days of the execution of this Stipulation, a joint motion to modify the injunction in Curry consistent with this Stipulation.  Within seven (7) days after the Court enters an order modifying the injunction in Curry, Fairbanks and Objectors Anthony and Doris Doughty, Linda Scott, Mary Keys, and Vanessa McGhee will file a joint motion to lift the stay entered in the Doughty Action on May 10, 2004.

9.     Further Negotiations.  Fairbanks, the Objectors and the Represented Class Members agree to meet and negotiate in good faith towards a possible informal resolution of claims by each of the Objectors and by each of the Represented Class Members against Fairbanks and the Fairbanks-Related Parties.

10.    Terms.  Terms used in this Stipulation shall have the meaning given to them in the Settlement Agreement and Release filed in the Curry case.

11. <u>Waiver of Provisions</u>. Any party to this Stipulation may waive compliance with any term of this Stipulation that benefits that party.

12. <u>Authority</u>. Objectors' Counsel represents that it has full authority to bind each of the Objectors and each of the Represented Class Members to this Stipulation. In the event of a dispute with respect to such representation, Objectors and the Represented Class Members agree to hold harmless and indemnify Fairbanks from any liability relating to such representations, the subject matter of the Settlement Agreement, and the <u>Curry</u> Action, and specifically waive the right to receive any proceeds from the Redress Fund or any other monetary and non-monetary benefits under the Settlement Agreement that only Settlement Class Members receive. Objectors' Counsel also agrees that, in the event of a dispute about the representation made in this Paragraph, Objectors' Counsel will submit its executed representation agreement to the Court for <u>in camera</u> review to resolve such dispute.

|  | Respectfully submitted, |
|---|---|
| Counsel for Objectors and the Represented Class Members | Pittman, Alexander, Cook and Associates |
| _____/s/ Gary Cook /BRB_____<br>Gary Cook (*pro hac vice*)<br>James Alexander, Jr. (*pro hac vice*)<br>Pittman, Alexander, Cook and Associates<br>2940 Noble Road, Suite 202<br>Cleveland Heights, OH  44121<br>(216) 382-8586 | _____/s/ Gary Cook /BRB_____<br>Gary Cook (*pro hac vice*)<br>James Alexander, Jr. (*pro hac vice*)<br>Pittman, Alexander, Cook and Associates<br>2940 Noble Road, Suite 202<br>Cleveland Heights, OH  44121<br>(216) 382-8586 |

Counsel for Defendant
Fairbanks Capital Corp.


_____/s/ Brooks R. Brown_____
Thomas M. Hefferon (BBO # 548289)
Joseph F. Yenouskas (*pro hac vice*)
Goodwin Procter LLP
1717 Pennsylvania Avenue, N.W., Suite 500
Washington, DC  20006
(202) 974-1029

Brooks R. Brown (BBO # 634144)
Goodwin Procter LLP
Exchange Place
Boston, MA  02109
(617) 570-1000


Dated:  May 26, 2004

CERTIFICATE OF SERVICE

I, Brooks R. Brown, do hereby certify under the penalties of perjury, that on May 26, 2004, I arranged for the service by the means identified below of a copy of the foregoing on the following counsel of record:

**By ECF and U.S. Mail, postage pre-paid**:

Gary Klein, Esq.
John Roddy, Esq.
Grant, Klein & Roddy
727 Atlantic Avenue, 2nd Floor
Boston, MA  02111

**By Federal Express:**

Gary Cook, Esq.
Darryl E. Pittman, Esq.
Pittman, Alexander, Cook & Associates
2940 Noble Road, Suite 202
Cleveland Heights, OH  44121

**By U.S. Mail, postage pre-paid**:

Niall P. McCarthy, Esq.
Cotchett, Pitre, Simon & McCarthy LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
San Francisco, CA  94010

Kelly M. Dermody, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111

Daniel Mulligan, Esq.
Jenkins & Mulligan
660 Market Street, 3rd Floor
San Francisco, CA  94104


    /s/ Brooks R. Brown
Brooks R. Brown

LIBW/1100918.4