CERTIFIED MAIL RETURN RECEIPT

August 9, 2004

Honorable Douglas P. Woodlock
U.S District Court for the
District of Massachusetts
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210

        Re: Fairbank's Settlement
           Claim No. 1506458

Dear Judge Woodlock:

      Please find enclosed a copy of correspondence recently mailed to the Claims Administrator for the above referenced case. By this August 9, 2004 letter to the Claims Administrator, I am seeking to be restored to at least %90 of my losses.

                              Respectfully submitted,

                              */s/ Malcolm Scoon, M.D.*

                              Malcolm Scoon, M.D.
                              120-04 222nd Street
                              Cambria Heights, N.Y. 11411

CERTIFIED MAIL RETURN RECEIPT

August 9, 2004

USA V. Fairbanks
c/o Gilardi &Co. LLC
Claims Administration Center
P.O. Box 808054
Petaluma, CA 94975-8054

                      Re: Fairbank's Settlement
                           Claim No.1506458

Dear Sir /Ms.:

        I am in receipt of the Redress Fund check in my name of $880.03. However, it is **less than 10 %** of my total losses ($9,628.82 – documentation attached). Cashing this check is in no way full satisfaction of the reasonable settlement amount that I am due. Fund information given to prospective claimants (documentation attached) was misleading in that it gave an example of possible Redress Fund payout equating to **50%** of original losses. According to Court papers, a pro rata pay schedule had to be incorporated because there were allegedly not enough monies available to fully reimburse all members of the Redress Fund subclass.

        Concerned about the potential losses I would incur (up to half of $9,628.82), I filed an objection with the Court dated April 3, 2004 stating that I would accept **at least 90%** reimbursement of the improper late fees applied to my account by Fairbanks (documentation attached). Had I been told that the payout could be **less than 10%** of original losses, I would **not** have opted to be part of the class action. Such information should have been provided by the Fund administrators to potential class members **before** they signed on or **shortly after** membership in the class was closed. Upon closing, the Fund administrator had to know immediately that Redress Fund members would be reimbursed **less than 10%** of their losses. Certainly, members such as myself who had expressed concerns about a **50% payout** should have been allowed to opt out of the class if so desired prior final approval of the settlement.

                                                    Respectfully submitted,

                                                    *Malcolm Scoon, M.D.*
                                                    Malcolm Scoon, M.D.
                                                    120-04 222ND Street
                                                    Cambria Heights, N.Y. 11411

CC:
    Judge Douglas P. Woodlock, District of Massachusetts
    File/ms

April 3, 2004

CERTIFIED MAIL RETURN RECEIPT

Civil Clerk's Office
U.S. District Court for the
District of Massachusetts
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210

        Re: Objection to part of Settlement
           U.S.A. v. Fairbanks Capital Corp.
           Civil Action No. 0312219-DPW

Dear Sir/Ms.:

      Although I am in agreement with this case overall, I do object to a part of the settlement. Specifically, I do not believe that members of the class who must share the first component of the "Redress Fund" are being treated fairly - in fact, one can make an argument for equal protection (14th Amendment) concerns. As you are aware, "Redress Fund" claimants for this component have been told that they would _not_ receive a sum of money equal to their respective losses. Instead, "Redress Fund" component one class members will be paid using a pro rata formula because the component one "Redress Fund" is too small to adequately restore such class members.

      No other class member component of this settlement is receiving less than what they lost. Component two members of the "Redress Fund" are not. "Reverse or Reimburse" members likewise are not. Moreover, it is apparent that plaintiffs' counsel have not agreed to accept a smaller portion of fees and expenses than what was actually incurred - notwithstanding the fact that attorney fees and expenses are being paid separately by Fairbanks.

-2-

In summary, I am requesting that component one of the "Redress Fund" be <u>increased</u> to allow one hundred per cent restoration of improper fees and/or improper prepayment penalties paid by or charged to these class members. As a compromise (if critically necessary), I request that component one "Redress Fund" class members be restored to <u>at least</u> ninety per cent of their losses.

Respectfully submitted,

*Malcolm Scoon, MD* (signature)

Malcolm Scoon, M.D.

CC (First Class Mail):

Gary Klein, Esq., et. al.
Kelly M. Dermody, Esq., et. al.
Niall P. McCarthy, Esq., et. al.
Daniel Mulligan, Esq., et. al.
Thomas M. Hefferon, Esq., et. al.
Lucy E. Morris, Esq.

N.B. Suggestion: That all members who have submitted claim forms <u>be acknowledged</u> by regular mail or e-mail. Otherwise, class members cannot be sure if such claim forms have been duly received and processed. This would decrease problems arising from non-payment of funds to those who agree to become class members, whose claims forms might have been lost or misplaced and whom later forget/or fail to follow up with the Court or plaintiff's counsel regarding the non-payment.

USA v. Fairbanks Capital Corp.

Alanna L. Curry, et al. v. Fairbanks Capital Corp
Claims Administration Center, c/o Gilardi & Co. LLC
P.O. Box 808054, Petaluma, CA 94975-8054

### CLAIM FORM – LATE FEES/DEFAULT RELATED FEES

Please Do Not Use Red Ink, Pencil or Staples

092987   FTCFBK-1506458t-3

MALCOLM E SCOON MD
12004 222ND ST
CAMBRIA HTS NY 11411-2020

Claim No.: 15064581
Fairbanks has charged you $9,628.82
for late fees and certain other
default-related fees

As described in the Notice of Proposed Class Action Settlement, you are eligible to receive a settlement payment that will refund some of the late fees and other default-related fees you paid in connection with your mortgage loan(s) serviced by Fairbanks on or after January 1, 1999. As the Notice explains, the court has not yet given final approval to the settlement; if the court does not approve the settlement, there will be no refunds issued.

The amount shown above is the total amount of late fees and other default-related fees Fairbanks has charged you in this time period, less the amount of any refunds of those fees. Not all of these fees were illegal, but the lawsuits alleged that some of the fees were illegal. For example, Fairbanks allegedly charged late fees even when borrowers made their mortgage payments on time, or charged duplicative or unnecessary default-related fees. Your settlement payment will be a portion of the total amount Fairbanks has charged you. The amount you will receive will depend on the number of claim forms submitted and will reflect a percentage of the amount you paid.

To receive a settlement payment, you and any co-borrowers on the loan(s) must sign this form below. In addition, you must return this form to the Claims Administration Center at the above address, postmarked no later than April 24, 2004. A return envelope is enclosed for your convenience.

By signing below, you and any co-borrowers on your loan(s) affirm that you believe that some of the late fees or other default-related fees that Fairbanks charged you were improper, and that you would like to receive a settlement payment. As consideration for a settlement payment, you and any co-borrowers on your loan(s) agree to release Fairbanks and related entities from all claims with respect to the servicing of your loan(s) through December 10, 2003, as set forth in the Settlement Agreement in the *Curry* action.

IMPORTANT: You and all co-borrowers on the loan(s) must sign here to make a claim.

*Malcolm E. Scoon, M.D.*
(Signed)

_____
(Signed)

If your address is different from what appears above, please write any changes in the boxes provided below:

Address

City   State   Zip Code

If you have any questions regarding the claims process, please call Gilardi toll-free at 800-377-1287, or visit its website at www.gilardi.com/fairbanks.

**IMPORTANT INFORMATION ON THE OTHER SIDE OF THIS DOCUMENT.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP. and<br>FAIRBANKS CAPITAL HOLDING CORP.,<br><br>Defendants. | Civil Action No. 03-12219-DPW |
| ALANNA L. CURRY, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP.,<br><br>Defendant | Civil Action No. 03-10895-DPW |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING

TO: CERTAIN PERSONS WHOSE MORTGAGE LOANS WERE SERVICED BY FAIRBANKS CAPITAL CORP

### THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY!

Usted puede ser elejible para recibir una compensacion
Para obtener informacion en espanol, llame sin cargo al 877-377-1287

| | | | |
|---|---|---|---|
| 1. | Why should I read this Notice? | 9. | Who represents the Plaintiffs? |
| 2. | What are these lawsuits about? | 10. | What are the Counsels' reasons for Settlement? |
| 3. | Who is covered by the proposed Settlement? | 11. | Will Plaintiffs' Counsel or Other Borrowers Receive Compensation? |
| 4. | What are the terms of the proposed Settlement? | 12. | What claims will be released under the Settlement? |
| 5. | How will the Settlement Fund be Distributed? | 13. | What if the Settlement is not approved by the Court? |
| 6. | What do I need to do to participate in the Settlement? | 14. | Where do I get additional information? |
| 7. | Can I exclude myself from the Settlement? | 15. | What are the relevant dates? |
| 8. | Why, when and where will a Fairness Hearing be held? | | |

### 1. WHY SHOULD I READ THIS NOTICE?

This Notice has been mailed to you because Fairbanks' records show that you had a home mortgage loan that was serviced by Fairbanks between January 1, 1999 and December 10, 2003 (the "class period"), and that you fall within the proposed class of consumers in this case. The proposed class of consumers is further discussed in Section 3 of this Notice. Therefore, you (and any co-borrowers on your loans) may be eligible to receive money from a proposed settlement (the "Settlement") of a Federal Trade Commission (the "FTC") lawsuit and class action lawsuit filed against Fairbanks. Please share this Notice with any co-borrowers on your loans

This Notice describes the FTC and private lawsuits against Fairbanks, your rights under the proposed Settlement, and the date and time of a public Fairness Hearing that will be held by the United States District Court in Boston to consider the fairness of the proposed Settlement. Although the Fairness Hearing will be held in a Massachusetts court, the proposed Settlement covers persons nationwide.

## 2. WHAT ARE THESE LAWSUITS ABOUT?

These lawsuits concern Fairbanks' conduct in handling mortgage loans, a process known as servicing the loan. The major focus of these lawsuits involves how Fairbanks serviced loans that were in default or that it treated as being in default. If borrowers do not make their mortgage payments on time, or otherwise do not perform their duties under the loan, the mortgage company frequently takes various actions in response, such as imposing late fees and other charges, obtaining insurance on the property securing the mortgage, and foreclosing on the property itself. The lawsuits generally allege that Fairbanks assessed late fees and other charges even though borrowers' monthly payments were not late; charged fees that were not authorized; obtained property insurance at the borrower's expense when the borrower already had insurance in place; engaged in improper collection practices; and took actions to foreclose on borrowers' properties when not warranted by law or contract.

The lawsuits also involve allegedly improper "prepayment penalties." These are fees provided for in the borrower's mortgage or note that a lender can impose when a borrower pays off his or her loan (usually because of a refinancing) before a specified period of time has elapsed. Some state laws restrict when and how a lender may impose prepayment penalties on borrowers. The lawsuits allege that Fairbanks violated those state laws or the mortgage terms in certain circumstances. The lawsuits also concern certain other alleged misconduct by Fairbanks.

The lawsuits were filed by the FTC and various individual borrowers, including representative borrowers suing on behalf of statewide or nationwide classes (the "Plaintiffs"). The lawsuits seek money damages and other relief from Fairbanks and certain companies that Plaintiffs believe have responsibility for Fairbanks' conduct.

There are now two main cases. First, on November 12, 2003, the United States, acting on authority of the FTC and the Department of Housing and Urban Development, filed a complaint ("FTC Complaint" or "FTC Case") against Fairbanks and an affiliate. The FTC Complaint charges that Fairbanks' loan servicing practices violated Section 5 of the Federal Trade Commission Act, the Fair Debt Collection Practices Act and other laws.

Second, at about the same time, the Plaintiffs filed a Consolidated Class Action Complaint in the Curry case ("National Class Case"). The National Class Case alleges that Fairbanks violated the Fair Debt Collection Practices Act and engaged in other wrongdoing in loan servicing. The National Class Case includes various claims previously made in a number of other class action lawsuits filed in various courts.

Fairbanks has agreed to settle both the National Class Case and the FTC Case, on certain terms that are summarized in this Notice. On November 12 and 14, 2003, the FTC and Plaintiffs submitted to the Court separate but related proposed settlements. The complete details of the proposed settlement of the National Class Case are contained in a "Settlement Agreement and Release" (the "Settlement Agreement"), on file in the National Class Case. The complete details of the proposed settlement of the FTC Case are contained in a "Stipulated Order" (the "FTC Order") that the Court has preliminarily approved and which is on file in the FTC Case. The proposed Settlement of the National Class Case must be finally approved by the Court, and, subject to the terms of the Settlement Agreement and the FTC Order, the proposed Settlement will become effective only if the settlement of the National Class Case and the FTC Case are both finally approved by the Court.

The Court has preliminarily approved the Settlement as fair, reasonable and adequate. At the Fairness Hearing on May 12, 2004, the Court will consider whether the Settlement should be finally approved.

## 3. WHO IS COVERED BY THE PROPOSED SETTLEMENT?

According to Fairbanks' records, you are a member of the Class and you are covered by the Settlement. The Class includes all persons whose loans were serviced by Fairbanks during the class period that meet any one or more of these criteria: (a) the borrowers' loans were in default or Fairbanks treated their loans as in default, and the borrowers were charged late fees and/or default-related fees or were affected by default-related conduct; (b) Fairbanks imposed a prepayment penalty in violation of law or contract; or (c) Fairbanks took other actions affecting the borrowers' loans, such as making in tax payments late but charging borrowers a penalty, all as listed in the Consolidated Class Action Complaint. The actual class definition may be found in the Complaint and Settlement Agreement in the National Class Case.

## 4. WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

The following is only a summary of the terms and conditions of the proposed Settlement. For more information, you may obtain a copy of the Settlement Agreement and/or the FTC Order by writing to the Claims Administration Center, whose name and address is listed in Section 6 of this Notice.

The Settlement involves three forms of relief:

A. There will be a $40 million redress fund for the benefit of certain members of the Class (the "Redress Fund"). The FTC will be in charge of administering the Redress Fund. Under the Settlement Agreement and the Stipulated Order, the Redress Fund will be distributed among Fairbanks borrowers (1) whose loans were in default (or treated incorrectly by Fairbanks as if in default) and the borrowers were charged late fees and/or default-related fees or were affected by

2

default-related conduct, or (2) who paid a prepayment penalty in violation of law or contract. Section 5 of this Notice describes details of how the Fund is to be distributed.

B. Fairbanks will provide automatic loan credits or make refunds in order to reverse certain charges on loan accounts (the "Reverse or Reimburse Program"). The charges that will be reversed are: charges for forced placed hazard insurance where the borrower already had insurance on the home (together with resulting late charges and default-related fees); charges for penalties (or excess interest) on property taxes where Fairbanks made a late payment from escrowed funds (together with resulting late charges and default related fees); charges for inspections and appraisals that were not completed; and certain interest charges that were wrongly calculated. It is estimated that the value of these payments and account credits will be approximately $7 million.

C. Fairbanks will implement a number of significant changes in how it operates, and Fairbanks has agreed to expand and improve its programs for resolving disputes and for assisting borrowers with plans to resolve loan delinquencies in order to avoid foreclosure. The FTC and Plaintiffs believe that these changes will improve Fairbanks' business practices and provide significant benefits and protections for consumers whose loans are serviced by Fairbanks.

The proposed Settlement will only become effective if approved by the Court. If the proposed Settlement is approved, the Court will enter a judgment that releases and discharges Fairbanks and certain other persons from certain claims which were or could have been asserted against them. The release is further discussed in Section 12 of the Notice.

### 5. HOW WILL THE SETTLEMENT FUNDS BE DISTRIBUTED?

**A. Redress Fund.** The Redress Fund will be distributed to Class Members who make timely, valid claims and do not timely exclude themselves from the Settlement. The formula for distribution will be determined by the FTC. In summary, the Redress Fund will be divided into two components.

(1) One component, which is estimated to involve $35 million, will be paid out as follows: If you are a Class Member whose loan was ever in default (or Fairbanks treated it that way), you will be eligible to receive money from the Redress Fund in proportion to the amount of money in late fees and other default-related fees that you paid or were assessed to your loan account or other harm that you suffered from Fairbanks' default-related conduct. These fees will not include fees that will be separately reimbursed through the Reverse or Reimburse Program (see below).

The amount of money you receive from this part of the Redress Fund will depend on the amount of late fees and other default-related fees you paid or was charged to you, or other harm, less any refunds, and on the number of consumers who participate in the Redress Fund. Every Class Member who was harmed and that files a timely, valid claim will receive at least some distribution from the Redress Fund. The FTC expects that the total amount paid or charged Class Members who choose to participate in the Redress Fund, plus the amount of harm alleged as a result of wrongful foreclosures, will exceed the amount in the Redress Fund. In that case, Class Members will be paid on a pro rata basis; that is, the money you receive will be equal to only a portion of your loss. For example, if the charges paid or assessed for all consumers who participate in the Redress Fund (and do not make a claim for wrongful foreclosure) totals twice the size of the Redress Fund, a borrower who paid $200 in fees would expect to receive a redress payment of only $100, or 50% of the full amount. (This is only an example; the amount you receive from the Redress Fund could be greater or smaller).

In addition, if you are a Class Member who paid an improper prepayment penalty, you will be eligible to receive a refund of a portion of any amount of the prepayment penalty that was in violation of law or contract from this redress fund. If your claim for an improper prepayment penalty is accepted, the amount you will receive will depend on the number of valid claims submitted, but it will be at least $200 (or the amount that you paid for your prepayment penalty, if it is less than $200).

(2) The second component, which is estimated to involve $5 million, will be distributed to persons whom it is determined have lost their homes to foreclosure as a result of improper loan servicing conduct by Fairbanks. Class members who have lost their homes to foreclosure may make a claim against both portions of the Redress Fund.

**In order to receive any money from the Redress Fund, you may not exclude yourself from the Settlement and you will need to submit a claim form and execute a release as enclosed in this mailing. You may have received more than one claim form depending on your circumstances. If so, you should complete and submit each form for which you want to make a claim. Further details on how to make a claim are in Section 6 of this Notice.** Joint borrowers, such as a husband and wife, will receive only a single redress payment per loan. Borrowers who had more than one loan will be eligible for a redress payment for each loan.

Ultimately, class members who make timely, valid claims will receive their money by check. The check will come from the Redress Fund and not Fairbanks directly.

**B. Reverse or Reimburse.** If the Settlement is approved, Fairbanks has agreed to reimburse certain charges in full (if previously paid) or to reverse such charges (to the extent they remain pending on consumers' accounts without payment). Reimbursement, where applicable, will be in cash, regardless of whether the loan is still serviced by Fairbanks. The "Reverse or Reimburse" Program applies to: 1) hazard insurance charges imposed by Fairbanks when the borrower

3

had an existing policy of hazard insurance. "Follow on" charges, such as late payment fees and other delinquency-related fees that resulted from the improper insurance charges will also be reversed or reimbursed; 2) tax penalties and/or interest and follow on charges resulting from Fairbanks' failure to make timely tax payments from escrowed funds; 3) property appraisal and inspection fees for brokers price opinions and inspections that were not completed due to reinstatement or payoff; 4) excess interest collected at payoff and not previously refunded; and 5) excess interest collected due to rounding errors. **The benefits of the Program will not be given to persons who choose to exclude themselves from the Settlement.**

If you are eligible for these benefits, and if the Settlement is approved, you will receive separate correspondence or notice of the benefit from Fairbanks. In connection with items no. 1 and no. 2 listed above, Fairbanks may have information sufficient to determine that you were charged improperly and will therefore reverse or reimburse such improper charges without further action by you. If necessary information is not available to Fairbanks, Fairbanks will allow you an opportunity to submit additional information about your property insurance coverage or real estate tax penalties during the relevant period. If you do so, the appropriate amount will be reimbursed. **There is no claim form for this process.**

**C. Practice Changes**. If the Settlement is approved, the practice changes will be put into effect by Fairbanks and will apply to all borrowers whose loans are serviced by Fairbanks.

### 6. WHAT DO I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT?

If you want to apply for a share of the Redress Fund, you need to complete the Claim Form(s) attached to this notice and mail it (or them) to the Claims Administration Center, Gilardi & Co., P.O. Box 808054, Petaluma, CA 94975-8054. **All Claim Forms must be postmarked by April 24, 2004; if you submit a Claim Form that is postmarked after April 24, 2004, it will be denied but you will still be bound by the Settlement.**

If you believe you are eligible to participate in the Redress Fund and you did not receive a claim form and wish to make a claim, contact the Claims Administration Center by writing to them at Gilardi & Co., P.O. Box 808011, Petaluma, CA 94975-8011, and they will provide you a claim form to submit. As noted above, there is no claim form for the Reverse and Reimburse Program.

If you do not submit a claim form (and the Settlement is approved), you will still benefit from the changes in Fairbanks' future practices. You will also benefit automatically if your loan falls within the Reverse or Reimburse Program described in Section 5 of this Notice.

If you change your address, please notify the Claims Administration Center by writing to them at Gilardi & Co., P.O. Box 808011, Petaluma, CA 94975-8011.

**NOTE**: YOUR OBLIGATION TO MAKE PAYMENTS ON YOUR CURRENT LOAN IS NOT AFFECTED BY THIS SETTLEMENT.

### 7. CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes. If you exclude yourself from the Class, you will **not** receive any payment from the Redress Fund, you will **not** receive anything through the Reverse or Reimburse Program, and you will **not** be bound by the Final Order and Judgment which may be entered in these cases. You will be free to pursue whatever legal rights you may have by pursuing your own lawsuit arising out of Fairbanks' practices at your own risk and expense.

To exclude yourself from the Class, you must send a Request for Exclusion by first-class mail, postage prepaid, to the Claims Administration Center, Gilardi & Co., P.O. Box 808011, Petaluma, CA 94975-8011. Your Request for Exclusion must be in writing and postmarked by April 9, 2004. The Request for Exclusion must include: (a) your name, address, telephone number and the last four digits of your social security number; (b) your Fairbanks loan number(s); (c) a statement that you and all other borrowers named on your promissory note are seeking exclusion; and (d) your signature and the signature of all other borrowers named on the promissory note. If you are acting on behalf of another person or entity, your Request for Exclusion also needs to include documentation (such as a power of attorney) sufficient to show your authority to act on behalf of that person or entity. If the Request for Exclusion is not timely submitted, you will be included in the Class and you will be eligible to receive settlement benefits. You also will be legally bound by the proposed Settlement (if it is approved), including the provisions releasing Fairbanks and certain parties, as more fully described in the Settlement Agreement.

### 8. WHY, WHEN AND WHERE WILL THE FAIRNESS HEARING BE HELD?

A hearing on whether to grant final approval of the Settlement will be held before the Honorable Douglas P. Woodlock of the United States District Court for the District of Massachusetts, on May 12, 2004 at 2:30 P.M. in Courtroom One, John Joseph Moakley Courthouse, One Courthouse Way, Boston, Massachusetts (the "Fairness Hearing"). There is no need for you to attend the Fairness Hearing if you simply wish to benefit from the proposed Settlement. The purpose of the Fairness Hearing shall be to determine, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate, (b) whether the National Class Case should be certified as a class action and the individual representative plaintiffs in the National Class Case (the "Named Plaintiffs") are adequate representatives of the Class, (c) whether Plaintiffs' Counsel are

4

entitled to attorneys' fees and if so, how much; and (d) whether the Final Order and Judgment should be entered dismissing the National Class Case with prejudice and on the merits against the Plaintiffs and all Class Members of the Class (except for those persons who timely and properly request to be excluded from the settlement).

The Court has the power to adjourn or reschedule the Fairness Hearing from time to time without further notice of any kind.

At the hearing, the Court will consider the statements of the parties and the FTC, and any objections that have been made. Any Class Member who has not filed a timely written Request for Exclusion has the right to object to the proposed Settlement. If you want to object, you must file a written objection with the Court not later than April 9, 2004 with the Civil Clerk's Office, United States District Court for the District of Massachusetts, John Joseph Moakley Courthouse, One Courthouse Way, Boston, MA 02210. All persons wishing to object must also send a copy of their written objection to Plaintiffs' Co-Lead Counsel, Defendants' Counsel, and FTC Counsel (listed below). The objection must contain your name, address and telephone number; a statement that you object, a specific statement explaining why you object to the Settlement; and copies of all documents you wish the Court to consider. (617) 748-9152

Any Class Member or his/her attorney intending to appear at the Fairness Hearing must (i) file a notice of appearance with the Clerk of Court no later than April 9, 2004, and (ii) serve same on Plaintiffs' Co-Lead Counsel, Defendants' Counsel, and FTC Counsel. Any subjects to be raised at the Hearing must also be contained in a written objection that has been filed with the Court.

More than twenty-five law firms and organizations are counsel in the National Class Case, as set forth in First Amended and Consolidated Complaint filed with the Court. The pertinent addresses for those lawyers who need to receive copies from you of anything you file in court are as follows:

(i) Plaintiffs' Co-Lead Counsel:

Gary Klein, Esq.
John Roddy, Esq. (617) 357-5500
Grant & Roddy
44 School Street, Suite 400
Boston, MA 02108

Niall P. McCarthy, Esq.
Cotchett, Pitre, Simon & McCarthy LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
San Francisco, CA 94010

Kelly M. Dermody, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111

Daniel Mulligan, Esq.
Jenkins & Mulligan
660 Market Street, 3rd Floor
San Francisco, CA 94104

(ii) Defendant's Counsel:

Thomas M. Hefferon, Esq.
Goodwin Procter LLP
Suite 500
1717 Pennsylvania Avenue, N.W.
Washington, DC 20006

(iii) FTC Counsel:

Lucy E. Morris, Esq.
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Ave., NW, Mail Drop NJ-3158
Washington, DC 20580

Any Class Member who does not comply with these requirements shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the proposed Settlement.

### 9. WHO REPRESENTS THE PLAINTIFFS?

The Class is represented by Co-Lead Counsel and a number of other attorneys. The FTC is a federal law enforcement agency acting in the public interest.

### 10. WHAT ARE COUNSELS' REASONS FOR SETTLEMENT?

The FTC and Plaintiffs' Counsel have agreed to the Settlement after considering, among other things, (i) the substantial benefits available to the Class under the terms of the FTC Order and the Settlement Agreement; (ii) the attendant risks and uncertainty of litigation, especially in complex litigation such as this, as well as the difficulties and delays inherent in such litigation; and (iii) the desirability of consummating the Settlement promptly to provide effective relief to the Class. The FTC and Plaintiffs' Counsel also believe that the practice changes in the Settlement should provide substantial ongoing benefits to consumers.

The Court has not ruled on the merits of the claims or defenses in this case, and Fairbanks has denied and continues to deny each and all of the claims and contentions alleged by the FTC and by Plaintiffs. Fairbanks has denied and continues to deny all charges of wrongdoing or liability against it arising out of or relating to any of the conduct, statements, acts or omissions alleged, or that could have been alleged. Nonetheless, Fairbanks has concluded that further litigation would be protracted and expensive and would not be in the best interest of Fairbanks, and that it is

5