UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP.,<br>FAIRBANKS CAPITAL HOLDING CORP., and<br>THOMAS D. BASMAJIAN,<br><br>Defendants. | Civil Action No. 1-03-CV-12219-DPW |
| ALANNA L. CURRY *et al.*,<br>individually and on behalf of all others<br>similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP.,<br><br>Defendant. | Civil Action No. 1-03-CV-10895-DPW |

**FAIRBANKS' OPPOSITION TO "MOTION FOR
CONTEMPT OR IN ALTERNATIVELY [SIC] MOTION
TO RESCIND DEFENDANT SETTLEMENT AGREEMENT"**

Pro se litigant Shade Lawal asks this Court to (1) "rescind[]" the Curry Settlement Agreement and the "Order Preliminarily Approving Stipulated Final Judgment and Order" ("FTC Order"); and (2) "hold defendant in contempts of court [sic]." "Motion for Contempt or in Alternatively [sic] Motion To Rescind Defendant Settlement Agreement" ("Motion") at 2. But what is really at issue is that Lawal has an individual lawsuit against Fairbanks, and is trying

to obtain leverage in that suit by appealing to this Court. Not surprisingly, then, Lawal has no factual basis or legal basis for this extraordinary relief.

The only allegations in the Motion relate to the manner in which Fairbanks Capital Corporation ("Fairbanks") allegedly has serviced Lawal's individual mortgage loan. Such an individualized allegation is no reason to question the validity of a nationwide class settlement. Moreover, even those borrower-specific disputes are now resolved. Until last Monday, September 27, 2004, Lawal had a lawsuit against Fairbanks in Georgia state court (the "Georgia Action") concerning loan servicing issues. On that day, the Georgia court applied the Curry release and dismissed that suit with prejudice. This concluded Lawal's disputes with Fairbanks.

With no recourse in the Georgia court, Lawal seeks to upset this Court's settlement to serve his personal ends. The inequity in this effort is obvious. It is all the more remarkable given that Lawal actually participated in the Curry settlement – he filed a claim form and received a check from the Redress Fund.

Apart from the bars on his individual complaint, Lawal likewise has no possible legal basis for his Motion.[1] Lawal cannot seek to rescind the FTC Order because Lawal was not a party to the FTC Order. He also cannot seek to rescind the Curry Settlement Agreement, because (1) rescission would unfairly affect the rights of 750,000 persons, none of whom want the settlement rescinded; (2) the Agreement has been fully performed as to Lawal, who received

---

[1] Lawal is a prolific litigant who has meet with little success and drawn strong judicial approbation. See, e.g., Lawal v. State, 589 S.E.2d 861, 863 (Ga. App. 2003) (appeal concerning Lawal's criminal conviction for theft and trespass; court states that Lawal "submitted an altered form to this Court" and states that it "will not tolerate any willful acts of fraud perpetrated upon this Court by the parties in an appeal"); Lawal v. State Farm Fire & Casualty Co., No. 1:03-CV-593 (N.D. Ga. Mar. 29, 2004) (granting defendant's motion for summary judgment; court states that Lawal's response to Court's order compelling discovery was "evasive, incomplete, and bordering on contempt"); Lawal v. Southwest Bell Telephone & Telegraph Co., 513 U.S. 899 (1994) (denying petition for certiorari); Lawal v. GMAC Mortgage Corp., No. 1:97-CV-866 (N.D. Ga. May 15, 1997) (rejecting Lawal's appeal from bankruptcy court order); Lawal v. GMAC Mortgage Corp., No. 1:97-CV-2328 (N.D. Ga. Oct. 31, 1997) (same); Lawal v. Cobb County Board of Health, No. 94-3426 (N.D. Ga. Feb. 22, 1995) (granting defendants' motion to dismiss); aff'd, 85 F.3d 644 (11th Cir. 1996), cert. denied, 519 U.S. 951 (1996).

his settlement benefits; and (3) Lawal has not shown, and could not show, that he was induced to join the settlement agreement by any misstatements of material facts.

Lawal is also not entitled to any contempt order. The FTC Order is a government consent decree that does not expressly authorize Lawal to enforce its terms. Lawal cannot assert contempt with respect to the Curry Settlement Agreement because it imposes no duties on Fairbanks to take specific actions towards Lawal. Further, Lawal has not shown clear and convincing evidence that Fairbanks violated a court order.

## BACKGROUND

Lawal filed a lawsuit in Superior Court for Cobb County, Georgia seeking money damages against Fairbanks and another defendant. Lawal alleged that Fairbanks "improperly applied" his monthly payments, "could not confirm" receipt of payments he made," improperly charged him "a late payment fee," and sent letters "threatening to foreclose against the Plaintiff's property." Amended Complaint (Aug. 1, 2002), attached to Motion.

Lawal is a member of the Curry national settlement class. The class consists of all persons whose loans Fairbanks serviced between January 1, 1999 and December 10, 2003, and who were affected by "Default-Related" conduct. "Final Order Certifying Settlement Class and Approving Settlement" (May 12, 2004) ("Final Order") at ¶ 3. As provided in Section I(14) of the parties' Settlement Agreement, "Default Related" conduct means all actions by Fairbanks "with respect to a Serviced loan," and includes those practices "that are the subjects of the Consolidated Class Action Complaint." The consolidated Curry Complaint describes precisely the same types of allegations as those made by Lawal in the Georgia Action.[2]

---

[2] See "First Amended and Consolidated Class Action Complaint" (Dec. 1, 2003) at ¶¶ 4, 5, 7 (Fairbanks charges "improper fees, costs and charges"; Fairbanks "mishandles borrower's mortgage payments and fails to timely or properly credit payments received"; Fairbanks "treats borrowers as in default of their loans even

3

Although he is a class member, Lawal did not timely request exclusion from the <u>Curry</u> settlement; his name does not appear on the list of class members who properly excluded themselves from the settlement. <u>See</u> Exhibit A to <u>Final Order</u>, attached to <u>Motion</u>. To the contrary, Lawal made a claim against the Redress Fund, received a settlement check from the Settlement Administrator, and cashed the check. <u>See</u> Exhibits 1 & 2 attached hereto.

On August 24, 2004, Fairbanks filed a motion to dismiss the Georgia Action based on the release of claims in the Settlement Agreement and the injunction against litigation by class members contained in Paragraph 16 of the <u>Final Order</u>. In light of a scheduled September 27, 2004 hearing on Fairbanks' motion, Lawal filed the instant Motion in this Court on September 21, 2004.

On September 27, 2004, the trial court in the Georgia Action held a hearing on Fairbanks' motion. It orally granted the motion and dismissed the claims against Fairbanks with prejudice. <u>See</u> Affidavit of Howell A. Hall, attached hereto as Exhibit 3.

## ARGUMENT

**I.      The Georgia Court Resolved Lawal's Individual Allegations.**

Lawal is trying to use individual allegations about the servicing of his mortgage loan to rescind a nationwide settlement. He has no basis for this tactic. Lawal decided to simultaneously litigate his complaints about the servicing of his mortgage loan in a Georgia court, <u>and</u> make a claim for, receive and retain settlement benefits from the Redress Fund. Having benefited directly from the settlement, Lawal cannot now try to use a Motion in this Court to forestall dismissal of the Georgia Action, when he has already released his claims against Fairbanks under the settlement in order to obtain monetary benefits.

---

though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements").

Lawal's attempt to secure a ruling that the trial court should not dismiss his Georgia Action based on this Court's injunction is moot, because that case has now been dismissed. In any event, Lawal is wrong when he asserts (Motion at 3) that federal courts may enjoin state court proceedings only when "expressly authorized by Act of Congress." The statute he cites, 28 U.S.C. § 2283, also specifically authorizes injunctions "to protect or effectuate its judgments" – a factor this Court recognized when it entered the injunction. Final Order at ¶ 16 (injunction needed "to protect this Court's Orders and jurisdiction"). Lawal also claims that the Court lacks power to enjoin "any action commenced prior" to issuance of the injunction. Motion at 3. This assertion is wrong as well. See, e.g., In re Bridgestone/Firestone, Inc. Tires Products Liability Litig., 333 F.3d 763 (7th Cir. 2003) (remanding to enter injunction against existing state court actions); In re Prudential Ins. Co. of America Sales Practices Litig., 314 F.3d 99, 104 (3d Cir. 2002) (enjoining existing Illinois state court action; permitting individual suits to continue would "open up the possibility of a large, or even an overwhelming, number of collateral attacks on the settlement itself").[3] Lawal accepted the benefits of the Curry settlement; and he cannot litigate the very claims he released in order to obtain those benefits.

## II.     Lawal Has No Possible Basis For Rescission.

Rescission is an "extraordinary" remedy reserved for unusual circumstances. Veazie v. Williams, 49 U.S. 124, 158 (1850). To rescind a contract, the moving party bears the burden of showing that "he has been induced to enter into [the contract] in reliance upon false and fraudulent misrepresentations as to material facts." McGrath v. C.T. Sherer Co., 195 N.E. 913,

---

[3]     Lawal also cites a hodgepodge of other federal statutes, none of which are remotely applicable. See, e.g., 28 U.S.C. § 953 ("Each clerk of court and his deputies may administer oaths and affirmations and take acknowledgements.").

925 (1935).[4] Lawal does not discuss the applicable standard nor provide facts to support his request for rescission, and so his Motion should be denied for this reason alone.

But Lawal could not meet the required standard had he tried. For example, only a party can seek to rescind a contract, In re Cummings, 754 N.E.2d 715, 718 n. 8 (Mass. App. 2001), but Lawal was not a party to the FTC Order. Fairbanks and the Government were the only parties to that contract. They alone could seek to rescind it.[5]

Nor could Lawal possibly rescind the Settlement Agreement.[6] Fairbanks reached a settlement involving a class of over 750,000, and by his Motion Lawal would rescind that agreement, even though hundreds of thousands of persons made claims, and received and retained settlement benefits. There is no evidence that any of these persons would want to rescind the agreement, and Lawal has not suggested any legal basis by which he could do so in these circumstances. His request for rescission is improper given the circumstances surrounding the Settlement Agreement. See Coggins v. New England Patriots Football Club., Inc., 492 N.E.2d 1112, 1119 (Ma. 1986) (denying rescission to owner of ten shares of stock who demonstrated corporate merger was improper; court finds that "numerous third parties relied in good faith" on the merger, and "[a] substantial number of former stockholders have chosen other courses and should not be forced back into the Patriots corporation"); Silvers v. TTC Industries,

---

[4] Section VIII(2) of the Settlement Agreement provides that "[t]his Agreement is intended to and shall be governed as if a contract executed under the laws of the Commonwealth of Massachusetts." The FTC Order is an agreement and also is "construed 'basically as a contract.'" Nextel Communications of the Mid-Atlantic, Inc. v. Town of Hanson, 311 F. Supp.2d 142, 155 (D. Mass. 2004).

[5] The FTC Order was executed by the United States of America, the FTC, and the Department of Housing and Urban Development).

[6] Lawal was not a signatory to the original Settlement Agreement, but he arguably became a party when he did not opt out of the settlement.

Inc., 395 F. Supp. 1312, 1314 (E.D. Tenn. 1970) ("It is settled that '[r]escission of a contract . . . as to some of the parties, but not as to others, is not generally permitted.'") (citation omitted).

Leaving aside this substantial problem, the remedy of rescission "is not available where the contract has been substantially performed." P.L.A.Y., Inc. v. Nike, Inc., 1 F. Supp. 2d 60, 65 (D. Mass. 1998). Here, Lawal received a notice of the Curry settlement, made a claim for benefits, and received money from the Redress Fund. See Exhibits 1 & 2. As far as Lawal is concerned, the Settlement Agreement has been fully performed, and he accordingly has no basis to try and rescind it.

Lawal also does not argue, nor could he show, that he was "induced to enter into [the settlement] in reliance upon false and fraudulent misrepresentations as to material facts." In his Motion Lawal complains about servicing of his loan after the settlement was reached. Even if his allegations were true, any post-settlement actions by Fairbanks could not, by virtue of when they occurred, have "induced" Lawal to become a class member.

Finally, Lawal could not show any false statements about material facts that induced him to become a class member. The parties proposed a form of notice in November 2003 that described the terms and features of the settlement, and the Court approved the proposed notice, finding that it "constitutes due and sufficient notice of . . . the proposed settlement" and that the notice was "in compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process." "Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Class For Settlement Purposes, And With Respect to Notice, Settlement Hearing and Administration In Each Case" (Dec. 8, 2003) at ¶ 13. Lawal could have filed objections asserting that the notice was inadequate or misleading, or making any other argument

for that matter. Because Lawal instead cashed his settlement check, he cannot now rescind the underlying agreement.

**III.    No Court Order Was Violated.**

Lawal's request to hold Fairbanks in contempt is equally baseless. Contempt is a remedy imposed for violation of a court order, and will be allowed "only if the complainant can offer clear and convincing evidence that a lucid and unambiguous order has been violated." Nextel Communications of the Mid-Atlantic, Inc., 311 F. Supp. 2d 142, 160 (D. Mass. 2004) (quoting Porrata v. Gonzales-Rivera, 958 F.2d at 6, 7 (1st Cir. 1992)). Again, Lawal does not bother to identify any Order of this Court that Fairbanks is alleged to have violated, much less offer "clear and convincing evidence" that any provision was violated. No contempt sanction is remotely possible.

But Lawal has no basis to seek contempt in any event. With respect to the FTC Order, courts are "loath to allow third parties to enforce consent decrees when the government is involved." SEC v. Prudential Securities, Inc., 136 F.3d 153, 158 (D.C. Cir. 1998). Third parties like Lawal are "merely incidental beneficiaries" of a government consent decree, Hodges v. Public Housing Commission, 864 F. Supp. 1493, 1508-09 (N.D. Ill. 1994), and they may not enforce such a decree unless the decree itself "stipulates that it may be enforced by a third party." Rafferty v. NYNEX Corp., 60 F.3d 844, 849 (D.C. Cir. 1995). Here, the FTC Order contains no provision stipulating that Lawal – or any other individual class member – could raise a challenge to any breach of its terms; the only rights granted run in favor of the Government.[7] Lawal cannot allege contempt.

---

[7]    Section XXV, example, refers to subsequent litigation filed by "Plaintiff, the Commission, or HUD" in connection with alleged defaults by Fairbanks, and states that Fairbanks would be required to pay attorneys' fees incurred by "Plaintiff, the Commission, or HUD" in an action to collect amounts due from Fairbanks.

Nor could Lawal allege contempt based on the Final Order. That order did not impose any specific duties on Fairbanks with respect to the servicing of Lawal's loan, nor any specific duties with respect to other class members. Rather, in addition to certifying a class and other matters, the Final Order required Fairbanks to establish the Redress Fund and make payments to the Settlement Administrator for attorneys' fees, costs and service payments. Final Order at ¶ 14(a) & (b). These general duties towards the class a whole have nothing to do with Lawal's individual complaints about Fairbanks' loan servicing, and could not form the basis for any contempt motion by Lawal.[8]

---

[8] Fairbanks was also required to establish a Reverse and Reimburse Program, undertake a Default Resolution Program, and implement certain Operation Practices. Final Order at ¶ 14(c)-(e). However, these are general program practice changes that nowhere mention Lawal, or any other individual class member, and so would not provide the "lucid and unambiguous order" needed to impose the contempt sanction.

9

## CONCLUSION

For these reasons, Fairbanks respectfully requests that the Court deny the Motion in its entirety.

Respectfully submitted,

/s/ Brooks R. Brown
Thomas M. Hefferon (BBO #548289)
Joseph F. Yenouskas (*pro hac vice*)
GOODWIN PROCTER LLP
1717 Pennsylvania Ave., N.W., Suite 500
Washington, D.C.  20006
(202) 974-1000

Brooks R. Brown (BBO # 634144)
GOODWIN PROCTER LLP
Exchange Place
Boston MA  02109
(617) 570-1000

Counsel for Defendant
Fairbanks Capital Corp.

Dated:  October 5, 2004

LIBW/1102441.2

## CERTIFICATE OF SERVICE

I, Brooks R. Brown, do hereby certify under the penalties of perjury, that on October 5, 2004, I arranged for the service by the means indentified below of a copy of the foregoing on the following counsel of record:

**By ECF filing**:

Gary Klein, Esq.
John Roddy, Esq.
Grant, Klein & Roddy
727 Atlantic Avenue, 2nd Floor
Boston, MA  02111


**By U.S. mail, postage prepaid**:

| | |
|---|---|
| Shade Lawal<br>6210 South Gordon Road<br>Austell, GA  30168 | Daniel Mulligan, Esq.<br>Jenkins & Mulligan<br>660 Market Street, 3rd Floor<br>San Francisco, CA  94104 |
| Niall P. McCarthy, Esq.<br>Cotchett, Pitre, Simon & McCarthy LLP<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>San Francisco, CA  94010 | Anita Johnson, Esq.<br>Assistant United States Attorney<br>Moakley Courthouse, Suite 9200<br>Boston, MA  02210 |
| Kelly M. Dermody, Esq.<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA  94111 | Allison I. Brown, Esq.<br>Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, D.C.  20580 |


/s/ Brooks R. Brown
Brooks R. Brown


LIBW/1102512.1



**USA v. Fairbanks Capital Corp.**

Alanna L. Curry, et al. v. Fairbanks Capital Corp.
Claims Administration Center, c/o Gilardi & Co. LLC
P.O. Box 808054, Petaluma, CA 94975-8054

**CLAIM FORM – LATE FEES/DEFAULT RELATED FEES**

Please Do Not Use Red Ink, Pencil or Staples

185205    FTCFBK-14351911-5

SHADE LAWAL
6210 S GORDON RD
AUSTELL GA 30168-5040

Claim No.: **14351911**
Fairbanks has charged you  **$2,192.57**
for late fees and certain other
default-related fees

As described in the Notice of Proposed Class Action Settlement, you are eligible to receive a settlement payment that will refund some of the late fees and other default-related fees you paid in connection with your mortgage loan(s) serviced by Fairbanks on or after January 1, 1999. As the Notice explains, the court has not yet given final approval to the settlement; if the court does not approve the settlement, there will be no refunds issued.

The amount shown above is the total amount of late fees and other default-related fees Fairbanks has charged you in this time period, less the amount of any refunds of those fees. Not all of these fees were illegal, but the lawsuits alleged that some of the fees were illegal. For example, Fairbanks allegedly charged late fees even when borrowers made their mortgage payments on time, or charged duplicative or unnecessary default-related fees. Your settlement payment will be a portion of the total amount Fairbanks has charged you. The amount you will receive will depend on the number of claim forms submitted and will reflect a percentage of the amount you paid.

To receive a settlement payment, you and any co-borrowers on the loan(s) must sign this form below. In addition, you must return this form to the Claims Administration Center at the above address, postmarked no later than April 24, 2004. A return envelope is enclosed for your convenience.

By signing below, you and any co-borrowers on your loan(s) affirm that you believe that some of the late fees or other default-related fees that Fairbanks charged you were improper, and that you would like to receive a settlement payment. As consideration for a settlement payment, you and any co-borrowers on your loan(s) agree to release Fairbanks and related entities from all claims with respect to the servicing of your loan(s) through December 10, 2003, as set forth in the Settlement Agreement in the *Curry* action.

**IMPORTANT: You and all co-borrowers on the loan(s) must sign here to make a claim.**

_____
(Signed)

_____
(Signed)

If your address is different from what appears above, please write any changes in the boxes provided below:

Address

| | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

| | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

City                                                                             State    Zip Code

If you have any questions regarding the claims process, please call Gilardi toll-free at 800-377-1287, or visit its website at www.gilardi.com/fairbanks.

**IMPORTANT INFORMATION ON THE OTHER SIDE OF THIS DOCUMENT.**

2

Case 1:03-cv-12219-DPW     Document 51     Filed 10/05/2004     Page 14 of 19

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

USA v. Fairbanks Capital Corp.
c/o Gilardi & Co. LLC
Claims Administration Center
P.O. Box 808054
Petaluma, CA 94975-8054

Bank of the West
90-78-1211

263680

4554198

PAY  ***** Two Hundred & 40/100 Dollars

TO THE
ORDER OF

DATE
July 23, 2004

AMOUNT
***********$200.40

CLAIM #: FTC-FBK-1435191

SHADE LAWAL
6210 S GORDON RD
AUSTELL, GA 30168-5040

Void after October 21, 2004

⑆263680⑆  ⑈121100782⑈  184018190⑈              ⑈00000 20040⑈

THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK    HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT



3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP.,<br>FAIRBANKS CAPITAL HOLDING CORP., and<br>THOMAS D. BASMAJIAN,<br><br>  Defendants. | Civil Action No. 1-03-CV-12219-DPW |
| ALANNA L. CURRY *et al.*,<br>individually and on behalf of all others<br>similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>FAIRBANKS CAPITAL CORP.,<br><br>  Defendant. | Civil Action No. 1-03-CV-10895-DPW |

### AFFIDAVIT OF HOWELL A. HALL, ESQ.

I, Howell A. Hall, Esq., being duly sworn under oath, do depose and state as follows:

1.  I am an attorney with Pendergast & Jones, P.C., and a member in good standing of the State Bar of Georgia.

2.  I represent Fairbanks Capital Corp. ("Fairbanks"), now known as Select Portfolio Servicing, Inc., in connection with a lawsuit styled Shade M. Lawal v. Fairbanks Capital Corp. et al., (the "Lawal Lawsuit") which was filed in the Superior Court of Cobb County, Georgia on July 5, 2002.

3. The Lawal Lawsuit raised claims that are very similar to those made in the <u>Curry</u> action, including allegations that Fairbanks was not properly posting payments to his account and charged him loan fees and other charges when he was allegedly not in default.

4. Fairbanks moved to dismiss the Lawal Lawsuit, arguing that Lawal was barred from prosecuting his state case because he is a member of the <u>Curry</u> Class who has participated in the <u>Curry</u> settlement and released his claims against Fairbanks.

5. On September 27, 2004, following full briefing by all parties and a hearing, the Cobb County Superior Court orally granted Fairbanks' motion to dismiss, with prejudice and dismissed the action against Fairbanks with prejudice. The Court also entered judgment in the favor of the other defendants. The Court has not yet issued a written order memorializing its decision.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of October, 2004.

_____
Howell A. Hall, Esq.

Sworn to and subscribed before me this 1st day of October, 2004.

_____
Notary Public for the State of _Georgia_
My commission expires: _____

LIBW/1102481.1