UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FAIRBANKS CAPITAL CORP.,<br>a Utah corporation, FAIRBANKS CAPITAL<br>HOLDING CORP., a Delaware corporation,<br>and THOMAS D. BASMAJIAN,<br><br>    Defendants. | Civil Action No. 03-12219-DPW |

**UNITED STATES OF AMERICA'S OPPOSITION TO
MOTION TO RESCIND SETTLEMENT AGREEMENT**

On November 21, 2003, this Court signed the Order Preliminarily Approving Stipulated Final Judgment and Order As To Fairbanks Capital Corp. and Fairbanks Capital Holding Corp. ("FTC Consent Order"), an order negotiated by the Federal Trade Commission ("FTC"), the Department of Housing and Urban Development, and Defendants Fairbanks Capital Corp. ("Fairbanks") and Fairbanks Capital Holding Corp.[1]  The FTC Consent Order became a final order on May 13, 2004, upon the entry of a final judgment in *Curry, et al. v. Fairbanks Capital Corp.*, No. 03-10895-DPW.  Shade Lawal, a consumer whose loan is serviced by Fairbanks, has filed a Motion for Contempt, or Alternatively, Motion to Rescind Settlement Agreement.  The FTC opposes the Motion to Rescind Settlement Agreement because the movant does not have

---

[1] Fairbanks recently changed its name to Select Portfolio Servicing, Inc.

standing to seek relief from the FTC Consent Order.[2]

Fed.R.Civ.P. 60 governs the procedures for obtaining relief from previously entered judgments and orders.  By the rule's terms, only a party or a party's representative may seek such relief.  The movant here clearly does not have standing to request such relief.  At no point in time was he ever a party to this action.  Nor was he ever treated by the Court or the Government as a party to the lawsuit.  Moreover, Lawal did not assert that he is in privity with the Government, and indeed he is not.  The FTC does not bring actions on behalf of individual consumers; instead, it acts in a law enforcement capacity to protect the public interest by halting and deterring consumer fraud in national commerce.  *See* 15 U.S.C. § 45(a) (FTC Act established to prevent unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce).  Accordingly, Lawal is not a person in privity with the FTC.  Nor is he in privity with any other party to the suit.

In any event, the FTC Consent Order does not provide for a right to have the agreement rescinded under any circumstances, and therefore this Court should not take the extraordinary step urged by Lawal.  *See Atlantic Research Marketing Systems, Inc. v. G.G.&G., L.L.C.,* 167 F.Supp.2d 458, 475 (D.Mass. 2001) (refusing to vacate a consent judgment where the agreement did not provide for a right of rescission).

---

[2]The FTC does not have a position on the Motion for Contempt because it does not have knowledge of the relevant facts.  In general, however, a non-party does not have standing to seek an order in aid of enforcement of a judgment, such as a contempt order.

**CONCLUSION**

Mr. Lawal is not a party to this suit, nor a person in privity with any party, and thus he has no standing to bring the Motion to Rescind Settlement Agreement. Thus, the Court should deny the Motion to Rescind Settlement Agreement.

Dated: October 5, 2004                                      Respectfully submitted,

FOR UNITED STATES OF AMERICA:

Michael J. Sullivan
United States Attorney
District of Massachusetts


 /s/ Anita Johnson
Anita Johnson
Assistant United States Attorney
Suite 9200 Moakley Courthouse
Boston, MA 02210
(617) 748-3100


FOR FEDERAL TRADE COMMISSION:
WILLIAM E. KOVACIC
General Counsel

/s/ Allison I. Brown
Lucy E. Morris
Allison I. Brown
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3224 (phone)
(202) 326-3768 (facsimile)

**CERTIFICATE OF SERVICE**

On October 5, 2004, I served true and correct copies of the foregoing **United States of America's Opposition to Motion to Rescind Settlement Agreement** by causing them to be sent by U.S. mail, first class, postage pre-paid, from Washington, DC, to the following:

Shade Lawal
6210 South Gordon Road
Austell, Georgia 30168


Thomas M. Hefferon
Goodwin Procter, LLP
1717 Pennsylvania Ave., NW
Washington, DC 20006
Counsel for Fairbanks Capital Corp.
and Fairbanks Capital Holding Corp.


                                                  /s/ Allison I.Brown