GOODWIN | PROCTER

Thomas M. Hefferon
202.346.4029
thefferon@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
901 New York Avenue, N.W.
Washington, D.C. 20001
T: 202.346.4000
F: 202.346.4444

February 22, 2005

**By Hand and Electronic Filing**

Michelle Rynne
Courtroom Clerk to the
　Honorable Judge Douglas P. Woodlock
United States District Court
　for the District of Massachusetts
One Courthouse Way
Boston, MA  02210

Re:　**Curry Class Member Mary Radlick**

Dear Ms. Rynne:

I am responding to Judge Woodlock's request, transmitted through the Plaintiffs' Group, that Select Portfolio Servicing, Inc. f/k/a Fairbanks Capital Corporation ("SPS") review the loan servicing history of Mary Radlick, a member of the Curry class.[1]  Here are the facts provided to me by SPS.

SPS began servicing Ms. Radlick's loan in December 2002.  Since that time, Ms. Radlick has not made a payment to SPS, while SPS has paid all of the taxes and hazard insurance necessary to prevent the property from going to a tax sale.

SPS repeatedly presented Ms. Radlick with various payment options, offering deferments, reinstatements, forbearance arrangements and workouts to help her avoid foreclosure.  SPS developed a forbearance agreement in collaboration with the Michigan Office of Financial and Insurance Services Department of Consumer & Industry Services ("DCIS").  The DCIS and Ms. Radlick's then-counsel encouraged her to take advantage of the forbearance agreement, but she refused to do so.

SPS eventually initiated foreclosure proceedings, in response to which Ms. Radlick twice filed Chapter 13 bankruptcy cases.  Both were eventually dismissed without a confirmed plan; the second case was dismissed after Ms. Radlick failed to appear at the confirmation hearing.

---

[1]　The settlement administrator has confirmed that Ms. Radlick is a member of the Curry class who was provided notice of the settlement and a claim form.

GOODWIN | PROCTER

Michelle Rynne
February 22, 2005
Page 2

SPS completed the foreclosure on Ms. Radlick's property on August 3, 2004. Under Michigan law, Ms. Radlick had the opportunity to raise any disputes concerning the foreclosure in Michigan state court.

Following the sale, Ms. Radlick had the opportunity to redeem the property, until February 3, 2005, but she did not do so. Instead, Ms. Radlick filed a motion in the Michigan Circuit Court on January 31, 2005 requesting that the sale be enjoined. Following a hearing, the Michigan court denied the motion. The Court has given Ms. Radlick until February 25, 2005, to file claims against SPS.

Notwithstanding this history and its experiences with Ms. Radlick, SPS is taking a fresh look at Ms. Radlick's situation to determine whether anything else can be done to resolve her dispute.

I would be happy to provide the Court with any additional information it may require.

Very truly yours,

Thomas M. Hefferon


cc:     Gary E. Klein, Esq.
        Allison I. Brown, Esq.


LIBW/1509067.2