UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
S OFFICE

MAY 15  P 2: 52

DISTRICT COURT
DIST OF MASS

---------------------------------------------

UNITED STATES OF AMERICA,
                          Plaintiff,                    Civil Action No. 93-12219-DPW


            v.


FAIRBANKS CAPITAL CORP. and
FAIRBANKS CAPITAL HOLDING CORP.,
                          Defendants.

---------------------------------------------


ALANNA L. CURRY, et al, individually and on          Civil Action No. 03-10895-DPW
Behalf of all other similarly situated,
                          Plaintiffs,


            v.


FAIRBANKS CAPITAL CORP.

---

## INFORMATIVE MOTION AND REQUEST FOR JUDGMENT


Dear Judge Douglas P. Woodlock:

This request for Justice and Informative Motion is being made by Eva Negron
thru Roberto Solano with Power of Attorney (See Exhibit  "A") since she is confined
to a hospital and unable to sent it herself (See Exhibit "B").

Eva Negron obtained a mortgage from  Fairbanks Capital Corp. on or about
December 4, 2002 (see Exhibit "C") which has not been released as of this date.

Eva Negron tried to pay off the mortgage and get a released of the encumbrance
thru her insurance company ever since the dwelling was completely destroyed
by fire in November 2003.  Since she got no cooperation from the defendants
she hired  a Florida attorney by the name of James L. Padgett, Esquire
 (See Exhibit "D") for the purpose of sending them a letter. Since March 2nd,2005 to
this date they have ignored the letter.

The Mortgage Loan in question is Number 0003971884 and instead of releasing it
The Defendants have also ignored contacts by Foremost Insurance Company under
policy Number 1030648114611 not accepting payment in full.

Select Portfolio Service, Inc is acting in a similar manner to those in the original (Exhibit E)
Civil Action No. 03-12219-DPW. It has forced "insurance" when they knew or should
Have known that there was no dwelling place to be insured. Just a vacant lot exists
Since the County of Volusia insisted that the burned trailer be removed (See Exhibit "F")

In view of the above I respectfully ask the Court to take whatever steps are necessary
To protect the equity Eva Negron has in the property. Ms. Eva Negron is handicap,
in the hospital, a widow and a senior citizen.

Dated: May 13, 2005

Signed: _Roberto Solano_

Roberto Solano for Eva Negron
P.O. Box 807, Pierson, FL 32180

# Know All Men By These Presents

That I, _Eva N. Negron  (a/k/a Eva Sanchez)_

_a resident of Florida,_

have made, constituted and appointed, and by these presents do make, constitute and appoint _____

_Roberto Solano  (a/k/a Roberto Solano-Lisboa),_ _____ _as true and_

(relationship, if any)

_lawful attorney for me and in my name, place and stead, notwithstanding a later disability or incapacity to perform all acts, and have all powers outlined in Florida Statutes 709.08. This Durable Power of Attorney shall not be affected by disability of the principal except as provided by statute._

_Giving and granting unto ____ Roberto Solano _____ , said attorney, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney shall lawfully do or cause to be done by virtue hereof._

**In Witness Whereof,** _I have hereunto set _my___ hand ____ and seal ____ this _Twelveth_____
day of _May_ _____ , _2005_ ._

_Signed, sealed and delivered in the presence of:_

Adriana G. Chavarin
Witness Signature

Adrina G. Chavarin
Printed Name

_____
Witness Signature

_____
Printed Name

_____
Signature

EVA N. NEGRON
Printed Name

1855 Davidson Drive (PO Box 807)
Post Office Address

Pierson, Fl 32180

**STATE OF** _FLORIDA_ _____ )

**COUNTY OF** _VOLUSIA_ _____ )

EVA NEGRON

I hereby Certify that on this day, before me, an officer duly authorized to administer oaths and take acknowledgments, personally appeared

known to me to be the person____ described in and who executed the foregoing instrument, who acknowledged before me that _she_____
executed the same, and an oath was not taken. (Check one:) ☐ Said person(s) is/are personally known to me. ☑ Said person(s) provided the
following type of identification: _FL D.L_

| NOTARY RUBBER STAMP SEAL |
|---|
| NOTARY PUBLIC-STATE OF FLORIDA |
| Alexander Alfonso |
| Commission # DD421848 |
| Expires: APR. 24, 2009 |
| Bonded Thru Atlantic Bonding Co., Inc. |

Witness my hand and official seal in the County and State last aforesaid

this _____ day of _MAY_ _____ . A.D. _2005_

_____
Notary Signature

ALEXANDER ALFONSO
Printed Name

©Form Design, Seminole Paper & Printing Co., Inc., 1994

12
23
99

Exhibit "A"

STATE OF FLORIDA )
VOLUSIA COUNTY  )

TO WHOM IT MAY CONCERN:

I hereby give permission for my three grandsons to live
in Texas or any other State with Roberto Solano and his
wife Ethel Mora Solano.

The names and date of birth of my three grandsons are to wit:

Edwin Sanchez        Date of Birth: February 24, 1991

Efrain Michael Sanchez III   DOB:  February 21, 1993
and his twin brother

Ephifanio Angel Sanchez

Their father Efraim Michael Sanchez, Jr died in Florida
about five years ago and their mother Zetra Johnson died
in Florida about four years ago.

signed:  *Eva Negron*
         EVA NEGRON


Sworn and subscribed to before a Notary Public this 10th day

May, 2005 in Volusia County, Florida.

                    *M. DeAngelo*

M. A. DeANGELO
Notary Public, State of Florida
My comm. expires Jan. 6, 2007
Comm. No. DD 175682


Exhibit "A"

STATE OF FLORIDA

OFFICE of VITAL STATISTICS
CERTIFIED COPY

VOID VOID VOID
VOID VOID VOID

TYPE OR
PRINT
PERMANENT
BLACK INK

CERTIFICATE OF DEATH
FLORIDA

VOID IF ALTERED OR ERASED

LOCAL FILE NO.

| 1. DECEDENT'S NAME | FIRST | MIDDLE | LAST | 2. SEX |
|---|---|---|---|---|
| | EFRAIM | MICHAEL | SANCHEZ, JR. | MALE |

3. DATE OF DEATH (Month, Day, Year)
MARCH 17, 2000

4. SOCIAL SECURITY NUMBER
996-145-7090

5a. AGE-Last Birthday (Years) 37

5b/5c. UNDER 1 Yr

6. DATE OF BIRTH (Month, Day, Year)
JUNE 7, 1962

7. BIRTHPLACE (City and State or Foreign Country)
BRONX, NEW YORK

9a. PLACE OF DEATH (Check only one - See instructions on other side)
HOSPITAL: Inpatient ___ ER/Outpatient ___ DOA ___ OTHER: Nursing Home ___ Residence X (Other) (Specify)

9b. FACILITY NAME (If not institution, give street and number)
1255 DAVIDSON DRIVE

9c. CITY, TOWN, OR LOCATION OF DEATH
PIERSON

9d. COUNTY OF DEATH
VOLUSIA

10a. DECEDENT'S USUAL OCCUPATION
GENERAL CLERK

10b. KIND OF BUSINESS/INDUSTRY
INSURANCE COMPANY

11. MARITAL STATUS — Married, Never Married (Widowed, Divorced (Specify))
MARRIED

12. SURVIVING SPOUSE (If wife, give maiden name)
ZETSA JOHNSON

13a. RESIDENCE — STATE
FLORIDA

13b. COUNTY
VOLUSIA

13c. CITY, TOWN, OR LOCATION
PIERSON

13e. STREET AND NUMBER
1255 DAVIDSON DRIVE

13d. INSIDE CITY LIMITS (Yes or No)
YES

13f. ZIP CODE
32180

14. WAS DECEDENT OF HISPANIC ORIGIN OR HAITIAN ORIGIN (Specify No or Yes — If Yes Specify Cuban, Mexican, Puerto Rican, etc.)  No ___ X Yes
PUERTO RICAN

15. RACE White, Black, Specify
WHITE

16. DECEDENT'S EDUCATION
Elementary/Secondary (0-12) ___ College (1-4 or 5+) 2

17. FATHER'S NAME (First, Middle, Last)
EFRAIM MICHAEL SANCHEZ, SR.

18. MOTHER'S NAME (First, Middle, Maiden Surname)
EVA NEGRON

19a. INFORMANT'S NAME (Type/Print)
EVA NEGRON

19b. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code)
1255 DAVIDSON DRIVE, PIERSON, FLORIDA 32180

20a. METHOD OF DISPOSITION
Burial ___ X Cremation ___ Removal from State ___ Donation ___ Other (Specify)

20b. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place)
STEPHEN BALDAUFF CREMATORY

20c. LOCATION — City or Town, State
ORANGE CITY, FLORIDA

21. SIGNATURE OF FUNERAL SERVICE LICENSEE OR PERSON ACTING AS SUCH

22. LICENSE NUMBER
4920

23. NAME AND ADDRESS OF FACILITY
BALDAUFF FAMILY FUNERAL HOME & CREMATORY
1233 SAXON BLVD., ORANGE CITY, FL 32763

22a. To the best of my knowledge death occurred at the time, date and place and due to the cause(s) and manner as stated.
22b. Signature and Title ►
22c. DATE SIGNED (Mo. Day, Yr.)    22d. HOUR OF DEATH

23a. On the basis of examination and/or investigation in my opinion death occurred at the time, date and place and due to the cause(s) and manner as stated.
23b. Signature and Title
23c. DATE SIGNED (Mo. Day, Yr.)    23d. HOUR OF DEATH

23e. NAME OF ATTENDING PHYSICIAN, IF OTHER THAN CERTIFIER (Type/Print)

24. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN, MEDICAL EXAMINER) (Type or Print)
KIMBERLEE T. BROWN, M.D., 1900 MASON AVENUE, DAYTONA BEACH, FLORIDA 32117

25. SUBREGISTRAR — SIGNATURE AND DATE    26. SIGNATURE    27. DATE REGISTERED
MAR 24 2000

MAR 1 6 2005

Carol Meduesa CDR

THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE.
THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH A WATERMARK OF THE GREAT SEAL OF THE STATE OF FLORIDA ON THE FRONT, AND THE BACK CONTAINS SPECIAL LINES WITH TEXT AND SEALS IN THERMOCHROMIC INK.

WARNING:

HEALTH

DOH FORM 1946 (02-04)

R1181828    CERTIFICATION OF VITAL RECORD

**STATE OF FLORIDA**

# OFFICE of VITAL STATISTICS

CERTIFIED COPY

TYPE OR PRINT IN PERMANENT BLACK INK

## CERTIFICATE OF DEATH
## FLORIDA

LOCAL FILE NO.

| 1. DECEDENT'S NAME | | | 2. SEX |
|---|---|---|---|
| FIRST Zetra | MIDDLE | LAST Johnson | Female |

| 3. DATE OF DEATH (Month, Day, Year) July 8, 2001 | 4. SOCIAL SECURITY NUMBER 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 | 5a. AGE-Last Birthday (Years) 37 | 5b. UNDER 1 YEAR Months / Days | 5c. UNDER 1 Day Hours / Minutes |
|---|---|---|---|---|

| 6. DATE OF BIRTH (Month, Day, Year) January 6, 1964 | 7. BIRTHPLACE (City and State or Foreign Country) UNAVAILABLE, | 8. WAS DECEDENT EVER IN U.S. ARMED FORCES? (Yes or No) Unknown |
|---|---|---|

**DECEDENT**

| 9a. PLACE OF DEATH (Check only one: see instructions on other side) HOSPITAL: X Inpatient __ ER/Outpatient __ DOA __ OTHER: __ Nursing Home __ Residence __ Other (Specify) | 9b. INSIDE CITY LIMITS? (Yes or No) Yes |
|---|---|

| 9c. FACILITY NAME (If not institution, give street and number) Halifax Medical Center | 9d. CITY, TOWN, OR LOCATION OF DEATH Daytona Beach | 9e. COUNTY OF DEATH Volusia |
|---|---|---|

| 10a. DECEDENT'S USUAL OCCUPATION UNAVAILABLE | 10b. KIND OF BUSINESS/INDUSTRY UNAVAILABLE | 11. MARITAL STATUS - Married, Never Married, Widowed, Divorced (Specify) UNKNOWN | 12. SURVIVING SPOUSE (If wife, give maiden name) |
|---|---|---|---|

D. GAVE KIND OF WORK DONE DURING MOST OF WORKING LIFE. DO NOT USE RETIRED.

| 13a. RESIDENCE - STATE UNAVAILABLE | 13b. COUNTY UNAVAILABLE | 13c. CITY, TOWN, OR LOCATION UNAVAILABLE | 13d. STREET AND NUMBER |
|---|---|---|---|

| 13e. INSIDE CITY LIMITS? (Yes or No) No | 13f. ZIP CODE UNAVAILAB | 14. WAS DECEDENT OF HISPANIC OR HAITIAN ORIGIN? (Specify No or Yes - If yes, specify Haitian, Cuban, Mexican, Puerto Rican, etc.) X No __ Yes Specify: | 15. RACE - American Indian, Black, White, etc. Specify: UNAVAILABLE | 16. DECEDENT'S EDUCATION (Specify only highest grade completed) Elementary/Secondary / College (1-4 or 5 +) UNKNOWN |
|---|---|---|---|---|

**PARENTS**

| 17. FATHER'S NAME (First, Middle, Last) UNAVAILABLE | 18. MOTHER'S NAME (First, Middle, Maiden Surname) UNAVAILABLE |
|---|---|

| 19a. INFORMANT'S NAME (Type/Print) Halifax Records - Carol Fox | 19b. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) 303 N. Clyde Morris Boulevard Daytona Beach, Florida 32114 |
|---|---|

**DISPOSITION**

| 20a. METHOD OF DISPOSITION X Burial __ Cremation __ Removal from State __ Donation __ Other (Specify) | 20b. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) County Enterprise-Evergreen Cemetery | 20c. LOCATION - City or Town, State Enterprise, Florida |
|---|---|---|

| 21a. SIGNATURE OF FUNERAL SERVICE LICENSEE OR PERSON ACTING AS SUCH | 21b. LICENSE NUMBER (of Licensee) 4543 | 21c. NAME AND ADDRESS OF FACILITY Altman-Long Funeral Home 145 South Highway 17-92 DeBary, Florida 32713 |
|---|---|---|

**CERTIFIER**

| 22a. To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) as stated. (Signature and Title) P. Fredette | 23a. On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) and manner as stated. (Signature and Title) |
|---|---|
| 22b. DATE SIGNED (Mo., Day, Yr) 7/23/01 | 22c. HOUR OF DEATH 8:30 AM | 23b. DATE SIGNED (Mo., Day, Yr) | 23c. HOUR OF DEATH M |

| 22d. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print) | 23d. MEDICAL EXAMINER'S CASE # |
|---|---|

| 24. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN, MEDICAL EXAMINER) (Type or Print) Patricia Fredette, M.D. 239 North Ridgewood Edgewater, Florida 32132 |
|---|

| 25a. SUBREGISTRAR - SIGNATURE AND DATE Diane Marsh 7/23/01 | 25b. LOCAL REGISTRAR SIGNATURE Carol Medeiros CDR | DATE REGISTERED July 24, 2001 |
|---|---|---|

26. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure.

*Carol Medeiros CDR*

MAR 15 2005

THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE.

**WARNING:** THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH A WATERMARK OF THE GREAT SEAL OF THE STATE OF FLORIDA ON THE FRONT, AND THE BACK CONTAINS SPECIAL LINES WITH TEXT AND SEALS IN THERMOCHROMIC INK.



FLORIDA DEPARTMENT OF HEALTH

DOH FORM 1946 (02-04)



B1181827



**CERTIFICATION OF VITAL RECORD**

```
Memorial Hospital - West Volusia      NEGRON,EVA N
701 West Plymouth Avenue              MR#: W000219224 ACCT#: D000530059
DeLand, Fl. 32720                     ADM:   10/20/00 STATUS: ADM IN
                                      ATTENDING:  ANAYAS MD,MARCELO R
                                      DATE OF SERVICE:
```

PROCEDURE REPORT

DATE OF PROCEDURE:          10/23/2000

PROCEDURE:
1.  Left heart catheterization.
2.  Right heart catheterization.
3.  Coronary angiograms.
4.  Left ventriculogram.
5.  Bypass graft angiograms.

INDICATIONS:
1.  Known history of coronary artery disease, status post multiple prior
       coronary interventions, status post prior coronary artery bypass
       surgery.
2.  Now hospitalized with symptoms of unstable angina with ischemic ECG
       changes.
3.  Risk factors of coronary artery disease.
4.  Mitral and tricuspid regurgitation.
5.  Abnormal stress test earlier this year.

HISTORY:  This is a 57-year-old Hispanic female who has a history of
coronary artery disease and who has undergone multiple prior interventions.
She is also status post coronary artery bypass surgery in March of 1999,
with LIMA to LAD and saphenous vein grafts to the obtuse marginal branch of
the circumflex and to the right coronary artery.  In October, 1999, she had
undergone catheterization in Orlando which has shown occluded saphenous
vein graft to the right coronary artery and the patient subsequently had a
stent implanted in the posterior descending branch of the RCA.  She also
was found to have critical lesions in the saphenous vein graft to the
obtuse marginal branch of the circumflex.  This had been stented in the
proximal segment of the graft.  At that time the LIMA graft to the LAD was
patent.  In February of this year this patient was found to have restenosis
of the 90 to 95% lesion in the stent in the circumflex vein graft and the
circumflex marginal and underwent laser angioplasty.  The stent in the PDA
at this time was noted to be open.  Left ventricular contractility was
normal.  She also has a history of hyperlipidemia, diabetes, hypertensive
cardiovascular disease with concentric left ventricular hypertrophy and
mild mitral and tricuspid regurgitation.  In January she had an abnormal
radionuclide stress test but as noted above in February had undergone
repeat intervention of the saphenous vein graft of the circumflex.  She was
hospitalized once again with symptoms highly suspicious of unstable angina
accompanied by marked ischemic ECG changes.  She stabilized with intensive
medical therapy and once the condition stabilized further cardiac
catheterization was performed.

ACCESS:
1.  Right femoral artery.
2.  Right femoral vein.

Exhibit B

```
Memorial Hospital - West Volusia        NEGRON,EVA N
701 West Plymouth Avenue                MR#: W000219224 ACCT#: D000530059
DeLand, Fl. 32720                       ADM:   10/20/00 STATUS: ADM IN
                                        ATTENDING:  ANAYAS MD,MARCELO R
                                        DATE OF SERVICE:
```

CATHETERS:
1.  6F#4 Judkins left coronary catheter.
2.  6F#1 Amplatz right coronary catheter.
3.  6F#4 Judkins right coronary catheter.
4.  6F#1 Amplatz left coronary catheter.
5.  6F pigtail catheter.
6.  6F Swan-Ganz catheter.

COMPLICATIONS:  During injection of the LIMA graft to the LAD the patient
developed ventricular fibrillation and cardiac arrest.  She lost her pulse,
blood pressure and also became unconscious.  Rapid intervention was
performed.  The chest was vigorously thumped and CPR was instituted.  The
patient was rapidly defibrillated with two unsynchronized DC shocks at 200
joules and then at 360 joules.  After the second DC shock she regained
rhythm which soon reverted to sinus rhythm as well as an adequate blood
pressure.  In fact the patient's blood pressure then became markedly
hypertensive and she required a total of 800 mcg of intra-aortic
Nitroglycerin to bring her blood pressure back to an adequate level.  The
patient then fully regained consciousness and was fully alert and oriented.
She did not complain of any chest pain or shortness of breath.  She
remained stable subsequently and the catheterization procedure was
completed after this incident.

FLUOROSCOPY:  No calcifications.

HEMODYNAMICS:
Right atrium 10 mmHg.  Right ventricle 48/10 mmHg.
Pulmonary artery 48/19 mHg (mean 32 mmHg).
Pulmonary capillary wedge pressure 23 mmHg with a V wave of 35 mmHg.
Aorta 193/78 mmHg (mean 124 mmHg).
Systolic LV 193 mmHg.  LVEDP 20 mmHg.

OXYGEN SATURATIONS:  Aorta 94%, pulmonary artery 68%, cardiac output 6
liters per minute, and cardiac index 3.23 liters per minute per meter
squared.

CORONARY ANGIOGRAMS:
1.  Left main coronary artery:  This vessel had minor irregularities in its
    distal segment but no significant flow limiting lesions were seen.
2.  Left anterior descending coronary artery:  The LAD had moderate diffuse
    disease in its proximal segment and after giving off a small caliber
    diagonal branch the mid LAD was totally occluded.  Comparative flow
    was seen beyond this point.  The diagonal branches were small caliber
    vessels with diffuse disease.
3.  Left circumflex coronary artery:  This vessel had mild diffuse disease
    in its proximal segment.  The circumflex then gave off a large obtuse
    marginal branch which had severe diffuse 80% disease involving the
    proximal segment and extending into the mid portion of the vessel.
    The marginal hen bifurcated into two.  The anterior division had
    diffuse disease proximally and was the site of insertion of the

Exhibit B

Memorial Hospital - West Volusia
701 West Plymouth Avenue
DeLand, Fl. 32720

NEGRON,EVA N
MR#: W000219224 ACCT#: D000530059
ADM:    10/20/00 STATUS: ADM IN
ATTENDING:  ANAYAS MD,MARCELO R
DATE OF SERVICE:

saphenous vein graft.  The posterior division appeared unremarkable.
The mid and distal circumflex beyond the obtuse marginal branch had
diffuse disease.

4.  Right coronary artery:  This vessel had a mild diffuse 30% disease
segment in its proximal portion.  Multiple 20% lesions were noted in
the distal RCA.  The site of stent deployment in the mid segment of
the posterior descending branch of the right coronary artery appears
in good shape.  The proximal segment of the posterior descending
branch had a mild 20% narrowing.

BYPASS ANGIOGRAPHY:
1.  Saphenous vein graft to the right coronary artery:  This graft was
totally occluded at its origin.
2.  Saphenous vein graft to the obtuse marginal branch of the circumflex:
This was a graft which had been intervened upon twice as noted above.
Once again the proximal segment of the graft at the site of the prior
stent deployment was totally occluded.  There was some faint
trickling of dye beyond this which filled the distal segment of the
graft and even the marginal branch was seen to opacify.
3.  LIMA graft to LAD:  This graft was widely patent with good antegrade
flow of dye.  The LAD beyond the point of anastomosis was a small
caliber vessel with diffuse disease.

VENTRICULOGRAM:  There was mild hypokinesis of the anterior wall.  Ejection
fraction was 55%.  Only 1+ mitral regurgitation was noted.

RECOMMENDATIONS:  The results of the above study were discussed in detail
with the patient.  Unfortunately the saphenus vein graft to the marginal
branch of the circumflex which has already been intubated upon twice once
again appears to be a significant problem.  The patent has aggressive
arteriosclerosis and it is possible that she may be a candidate for future
re-do bypass.  At this point, however, I would recommend once again trying
to perform an intervention on the saphenous vein graft to the obtuse
marginal branch of the circumflex with a view to establish incomplete
patency.  The patient wishes to think about this and will let me know when
she makes up her mind.  in the meantime she was transferred back to the ICU
where she will continue to be closely observed, monitored and managed.

CONCLUSION:
1.  Atherosclerotic coronary artery disease.
          A.  Minor disease in the left main.
          B.  total occlusion of the mid LAD.
          C.  Severe disease in the obtuse marginal branch of the
              circumflex as well as in the distal circumflex.
          D.  Mild lesions in the proximal and distal RCA.  Site of prior
              stent deployment in the posterior descending branch in good
              shape.
2.  Bypass graft angiography showing
          A.  Patent LIMA to LAD with severe diffuse disease of the LAD
              beyond the point of anastomosis.

Exhibit B

Memorial Hospital - West Volusia      NEGRON,EVA N
701 West Plymouth Avenue              MR#: W000219224 ACCT#: D000530059
DeLand, Fl. 32720                     ADM:   10/20/00 STATUS: ADM IN
                                      ATTENDING:  ANAYAS MD,MARCELO R
                                      DATE OF SERVICE:

    B.  Occluded saphenous vein graft to the RCA.
    C.  Occluded/subtotal occlusion of the saphenous vein graft to
        the obtuse marginal branch of the circumflex versus the site
        of prior stent deployment in the proximal segment.
3.  Normal left ventricular ejection fraction.
4.  Mild mitral regurgitation.




5.  Left ventricular diastolic dysfunction as manifested by an elevated
       left ventricular end-diastolic pressure.
6.  mild to moderate pulmonary hypertension.

Mubeen Chida, MD
wa/000000
D:  10/23/2000
T:  10/24/2000 12:07 P
Doc:  72552
cc:   Marcelo R. Anayas, MD
      Mubeen Chida, MD
      Cardiopulmonary Dept.



                          ------------------------------------
                            CHIDA MD,MUBEEN
                            D: 10/23/00     T:10/24/00
                            WA

cc.

Exhibit "B"

**Deland, FL 32720**
**phone (386) 738-0041**
**fax (386) 738-3078**
**email: vtsoffice@volusiatitle.com**

March 17, 2005

*#749-2724*

Attn: Alicia Munroe
COMMUNITY SERVICES COUNTY OF VOLUSIA
123 W. Indiana Avenue
DeLand, FL 32720

In accordance with your request, we have made a diligent examination of the Public Records of Volusia County, Florida, from February 01, 1997 to March 04, 2005, and have found the following, to wit:

**LEGAL DESCRIPTION:**

The South 1/2 of the Northeast 1/4 of the Northeast 1/4 of the Northeast 1/4 of Section 14, Township 15 South, Range 28 East, Volusia County, Florida.

**LAST RECORD TITLE HOLDER:**

EVA NEGRON, by virtue of Deed recorded in Official Records Book 4175, Page 3063, Public Records of Volusia County, Florida..

**ENCUMBRANCES:**
1.   Mortgage given by EVA NEGRON, a single woman, to FIRST NLC FINANCIAL SERVICES, LLC, dated December 4, 2002, and recorded December 14, 2002, in Official Records Book 4981, Page 2497 and rerecorded in Official Records Book 5014, Page 2924 and re-rerecored in Official Records Book 5208, Page 593, of the Public Records of Volusia County, Florida.

**TAXES:**

Taxes through the year 2003 are **PAID**
Parcel #5814-00-00-0010
2004 Gross Amount 467.69 *which are due and payable

**IN WITNESS WHEREOF, VOLUSIA TITLE SERVICES, INC.,** has caused this Certificate to be si-
Corporate Seal to be hereunto affixed at DeLand, Florida, this 16th Day of March, 2005 .

VOLUSIA TITLE SERVIC

_____
Authorized Signature

NOTE: This Certificate is not to be used for Title Insurance purposes and liability of this Certi
purchase price hereof, anything herein to the contrary notwithstanding.
File # 05 753

# JAMES L. PADGETT, P.A.

ATTORNEY AT LAW

JAMES L. PADGETT

REPLY TO:
☑ 3 NORTH SUMMIT STREET
    CRESCENT CITY, FL 32112
    (386)698-1011
    FAX (386) 698-4339
☐ 113 N. 4ᵀᴴ STREET, SUITE 2
    PALATKA, FL 32178-1816
    (386) 325-2667
    FAX (386)325-8754

*e-mail:padgettpa@alltel.net*

March 2, 2005

Select Portfolio Servicing, Inc.
10401 Deerwood Park Boulevard
Jacksonville, FL 32256

RE: Eva Negron; Loan No. 0003971884

Gentlemen:

Please be advised I represent Eva N. Negron of Pierson, FL, pertaining to the above referenced loan. Ms. Negron was the mortgagor of property located at 1255 Davidson Drive, Pierson, FL to Fairbanks Capitol Corporation. On October 20, 2003, her 1991 Skyline mobile home was completely destroyed by fire. Apparently Ms. Negron's insurance company has been trying to pay off the mortgage on her destroyed property but Select Portfolio Servicing, Inc., has not cooperated with her insurance company, Foremost Insurance.

I am requesting on behalf of Ms. Negron that you deal directly with Foremost Insurance Company to satisfy the above reference loan with written confirmation of your compliance to me.

Yours very truly,

James L. Padgett
JLP/mm

cc:    Eva Negron

Exhibit "D"

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,

       Plaintiff,

    v.

FAIRBANKS CAPITAL CORP. and
FAIRBANKS CAPITAL HOLDING CORP.,

       Defendants.

Civil Action No. 03-12219-DPW

---

ALANNA L. CURRY, *et al.*, individually and on behalf
of all others similarly situated,

       Plaintiffs,

    v.

FAIRBANKS CAPITAL CORP.,

       Defendant.

Civil Action No. 03-10895-DPW

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING

TO:    CERTAIN PERSONS WHOSE MORTGAGE LOANS WERE SERVICED BY FAIRBANKS CAPITAL CORP.

### THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY!

Usted puede ser elejible para recibir una compensacion.
Para obtener informacion en espanol, llame sin cargo al 877-377-1287.

| | | | |
|---|---|---|---|
| 1. | Why should I read this Notice? | 9. | Who represents the Plaintiffs? |
| 2. | What are these lawsuits about? | 10. | What are the Counsels' reasons for Settlement? |
| 3. | Who is covered by the proposed Settlement? | 11. | Will Plaintiffs' Counsel or Other Borrowers Receive Compensation? |
| 4. | What are the terms of the proposed Settlement? | 12. | What claims will be released under the Settlement? |
| 5. | How will the Settlement Fund be Distributed? | 13. | What if the Settlement is not approved by the Court? |
| 6. | What do I need to do to participate in the Settlement? | 14. | Where do I get additional information? |
| 7. | Can I exclude myself from the Settlement? | 15. | What are the relevant dates? |
| 8. | Why, when and where will a Fairness Hearing be held? | | |

### 1. WHY SHOULD I READ THIS NOTICE?

This Notice has been mailed to you because Fairbanks' records show that you had a home mortgage loan that was serviced by Fairbanks between January 1, 1999 and December 10, 2003 (the "class period"), and that you fall within the proposed class of consumers in this case. The proposed class of consumers is further discussed in Section 3 of this Notice. Therefore, you (and any co-borrowers on your loans) may be eligible to receive money from a proposed settlement (the "Settlement") of a Federal Trade Commission (the "FTC") lawsuit and class action lawsuit filed against Fairbanks. Please share this Notice with any co-borrowers on your loans.

This Notice describes the FTC and private lawsuits against Fairbanks, your rights under the proposed Settlement, and the date and time of a public Fairness Hearing that will be held by the United States District Court in Boston to consider the fairness of the proposed Settlement. Although the Fairness Hearing will be held in a Massachusetts court, the proposed Settlement covers persons nationwide.

*Exhibit "E"*



**SPS** SELECT
*Portfolio*
SERVICING, *inc.*
10401 Deerwood Park Boulevard
Jacksonville, FL 32256

January 24, 2005

Office of Financial Regulation
4900 Bayou Blvd., Suite 103
Pensacola, FL 32503
Atten: R.L. Hoover

> *Re:   Select Portfolio Servicing Loan No. 0003971884*
> *Eva Negron*

Dear Mr. Hoover:

Effective July 1, 2004, Fairbanks Capital Corp. changed its name to Select Portfolio Servicing, Inc. (SPS). Although our name is new, the company that services your loan has not changed. The payment address and toll free numbers remain the same.

Select Servicing is in receipt of your inquiry dated January 18, 2005 which raises concerns regarding the above-referenced mortgage loan. Select Servicing recognizes the importance of providing a prompt and thorough response to these requests. Please be assured we will carefully review this matter and reply to your inquiry in accordance with your request.

We appreciate the opportunity to address your concerns. Should you have any further questions, please contact us at (866) 878-5178.

Sincerely,

Customer Advocate

Cc: Eva Negron
1255 Davidson Drive
Pierson, FL 32180

The contents of this document are RESTRICTED to authorized individuals. Any unauthorized access, use or duplication is strictly prohibited

*Exhibit "E"*



**SPS** SELECT
*Portfolio*
SERVICING, inc.
P.O. Box 7041 • Pasadena, CA 91109-7041

02/03/2005

0000101 - 0000201 C

```
  ***  Insurance Notice  ***          EVA NEGRON
- Re: 1255 DAVIDSON DRIVE              P O BOX 807
  PIERSON FL            32180          PIERSON, FL
                                                          32180-0807
  Loan # 3063-0003971884
```

# PENDING PAYMENT
# INCREASE NOTIFICATION

## **Important Insurance Notice**

We previously wrote to inform you of your responsibility under the terms of your Deed of Trust/Mortgage to provide proof of homeowner's insurance on an annual basis.  As the requested documentation has not been provided, **we are now in the process of purchasing insurance at your expense.**

As you were previously advised, coverage under a policy that we purchase may cause a substantial increase in your monthly mortgage payment.  The annual premium will be    $956.00, which will be broken into monthly installments and added to your principal and interest payments.  If you fail to include this sum in your monthly payment, your loan may become delinquent and be subject to **foreclosure.**  If this occurs, **you will be responsible for late fees and attorney's fees related to such actions.**  These fees will remain your responsibility regardless of any homeowner's insurance that you might obtain after we have purchased insurance for you. Again, it is your responsibility to provide proof of coverage annually.

The policy you provide must be written through an insurance company whose rating is at least a "B" according to the Best Key Rating Guide, or a Demotech rating "A" or better. The deductible clause must not exceed the higher of $1,000.00, or 1% (one percent) of the dwelling coverage amount. The mortgagee clause must read exactly as follows:

```
              SELECT PORTFOLIO SERVICING
              ITS SUCCESSORS AND/OR ITS ASSIGNS
              LOAN NUMBER 0003971884
              P.O. BOX 7041
              PASADENA, CA            91109-7041
```

**You should be aware of three disadvantages if we secure insurance for your property.  First, the coverage we purchase is usually substantially more expensive than a policy supplied through your own personal insurance agent, since our insurer has no information about your insurance history.  Second, since we have limited knowledge of the value of your property, the policy we secure may provide less than full coverage.  And third, there is no coverage for loss or damage to personal property, additional living expense, or loss from theft or injury to persons or property for which you may be liable. _No coverage for loss due to earthquake or flood is provided._  If we obtain coverage for you, we will charge the cost of the insurance premium to your account, and your monthly mortgage payment will increase substantially.** We and/or our affiliates may receive compensation in the purchase of the insurance policy described in this letter.

FOREMOST Insurance Co.
MR. J. Kruppa - P.O. Box 2739
                 Grand Rapids. MI 49501
Policy # 1030648114611
Claim #
PHone # 1-800-527-3907 Ext. 68542

*Exhibit "E"*

Page 2

EVA NEGRON
LOAN NUMBER 0003971884

In order to avoid forced insurance and the associated costs, we again
request that you immediately provide your insurance declarations page.
**You must fax or mail this to the address on the second page immediately.**
If we do not receive a renewal bill or policy within 20 days of this notice,
the protection will become effective on 11/22/2004.  You may also provide us
your insurance information through our user-friendly web site at
www.ihaveinsurance.com.  You will need to enter the reference number
5883443, and your personal access code 3063hz and zip code 32180.  For your
convenience, we have also enclosed a postage paid return envelope that you
may use to forward your evidence of continuing coverage.

If you have any questions regarding the insurance, please call, toll-free
(800) 641-2754, Monday through Friday, 6:00 AM - 5:00 PM (PST) or write to
us at the address listed above and we will be happy to assist you.  Calls to
our insurance center may be monitored for quality of service.

To avoid future problems, please verify that your agent or insurance
carrier provides your declarations page on an annual basis.

An additional resource to assist in obtaining the appropriate insurance
coverage on your home is DirectNet Insurance Agency, Inc., a licensed
service provider that works with a network of top-rated insurance carriers.
A licensed sales agent may be reached at 1-800-610-0579, Monday through
Friday, from 7 a.m. to 5:15 p.m. Pacific Standard Time.

Sincerely,

SELECT PORTFOLIO SERVICING
Insurance Service Center

---

**Fax your declarations page to (626) 927-4521- Attention Customer Service**

**OR**

**Mail your declarations page to:**

**SELECT PORTFOLIO SERVICING
INSURANCE SERVICE CENTER
P.O. BOX 7041
PASADENA, CA
91109-7041**

*EVA Negron - Insured*

*Foremost INSurance Co-*

*Claims Dept.*

*For File Loss in 2003:*

*Frank Kruppa - 1-800-527-3907*
*Ext. 68542*

*Policy/Claim # 7220725*

*Property 1255 Davidson Drive*

*Pierson, Fl. 32180 -*

*Exhibit "E"*

# SELECT PORTFOLIO SERVICING

December 13, 2004

EVA NEGRON

P O BOX 807
PIERSON, FL 32180

RE: Loan No.: 0003971884

**Amount Due:    $6,653.83**

Dear Borrower(s):

We have tried unsuccessfully to contact you several times by telephone to discuss your delinquency. As of the date of this letter, the total amount past due is    $6,653.83, not including any outstanding legal fees.

We feel you must be having a problem or your mortgage payments would not be delinquent. It is important that you call our office so that we may assist you in bringing your account to a current status.

Please contact our office at (888) 818-6032 between the hours of 6 a.m. to 9 p.m., Monday through Thursday and 6 a.m. through 5 p.m. Friday, Mountain Time, to make payment arrangements.

Sincerely,


Jeremy Morrison
Select Portfolio Servicing

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**3815 SOUTH WEST TEMPLE • SALT LAKE CITY, UTAH 84115-4412**
**P.O. BOX 65250 • SALT LAKE CITY, UTAH 84165-0250**
**TELEPHONE (888) 818-6032 • FACSIMILE (801) 293-2600**

CC063CON

Exhibit E



**WARNING NOTICE**

COUNTY OF VOLUSIA
SOLID WASTE SERVICES
COMPLIANCE DIVISION
3151 E. NEW YORK AVE.
DeLAND, FLORIDA 32720

PHONE:    DeLAND    943-7889
          DAYTONA   257-6021
          NEW SMYRNA BCH   423-3862

| NAME: | FIRST | MIDDLE | LAST | AGE |
|---|---|---|---|---|

Owner of Property

| ADDRESS | | | PHONE |
|---|---|---|---|

# 1255 Davidson Drive Pierson Fl.

COMPANY NAME

| ADDRESS | | PHONE |
|---|---|---|

| SEX | RACE | HEIGHT | WEIGHT | DATE OF BIRTH |
|---|---|---|---|---|

| DRIVER LICENSE NUMBER | TAG NUMBER | VEHICLE YEAR | MAKE |
|---|---|---|---|

IN THE NAME AND BY THE AUTHORITY OF THE COUNTY OF VOLUSIA COMES THE UNDERSIGNED AND SAYS ON THE 4TH DAY OF December 2003 ABOVE NAMED PERSON DID UNLAWFULLY COMMIT THE FOLLOWING OFFENSE IN VIOLATION OF:
☐ STATE STATUTE   ☒ LOCAL ORDINANCE SECTION: C.O. Sec. 106.41(A)(1)
THE FOLLOWING OFFENSE WAS COMMITTED AT: Same As Above
VIOLATION: (CHECK ONE)
☒ ILLEGAL DUMP MATERIAL IN WOODS, PRIVATE PROPERTY, RIGHT OF WAY
☐ NO VALID TRANSPORTATION LICENSE
☐ NO COVER, LOAD NOT SECURE
☐ TIRE ORDINANCE VIOLATION
☐ FRANCHISE VIOLATION
OTHER: C.O. Sec. 106.41(A)(1) To Accumulate Solid
Waste on Private Property

COMPLIANCE INSTRUCTION:
☒ YOU HAVE 72 HOURS TO COMPLY OR $50.00 FINE
☐ NEXT VIOLATION WILL RESULT IN $50.00 FINE
☐ YOU HAVE 30 DAYS TO COMPLY OR $50.00 FINE

WARNING ISSUED BY                    WARNING RECEIVED BY

Posted on Door

SOLID WASTE COMPLIANCE OFFICER SIGNATURE    SIGNATURE OF DEFENDANT

# 264                    12/4/03            3:00 p.m.
ID NUMBER                DATE               TIME

COPIES: WHITE - ADMINISTRATION   YELLOW - OFFICE   PINK - DEFENDANT   GOLDENROD - OFFICER

Exhibit "F"