IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHADE LAWAL )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SELECT PORTFOLIO SERVICING, INC. )<br>)<br>Defendant. )<br>) | CIVIL ACTION FILE<br>NO. 1:04-CV-3118 |

MOTION FOR CONTEMPT OR IN ALTERNATIVELY COMPLAINTS FOR CONTEMPT.
------------------------------------------------

COMES NOW, Plaintiff in the above civil action, move for this Honorable court to hold defendant in Contempt of court and declared as follows:

This court has jurisdiction over the plaintiff as plaintiff reside in the jurisdiction of this court.

This court has jurisdiction over the defendant as defendant operate business in this court jurisdiction.

HISTORY AND FACTS
-----------------

On July 2002, plaintiff filed in the state court an action against the defendant Fair bank corporation ( currently known as Select portfolio Servicing inc. ) for fraudulent, illegal charges and an attempt to foreclose on plaintiff home just after thirty ( 30 ) days of taken over plaintiff loans from prior mortgage company named Equicredit corp.

On betweew the year 2003, an home owner in Massachusetts name Alanna Curry filed charges against the defendant , after plaintiff had filed its charges, at that time defendant was servicing both the plaintiff and Mr Alanna Curry mortgage loan and Mr Alanna Curry case number at discrict court of Massachussetts was 03-10895-DPW.

During plaintiff and Mr Alanna Curry cases pending in two different states and two different courts, the Federal Trade Commission also decided to charge and filed charges against defendant in the District court of Massachussetts with case number 03-12219-DPW.

After the Federal Trade Commission discovered Mr Alanna Curry case, Both Mr. Alanna Curry and the Federal Trade Commission decided to join their cases together and became plaintiff against the defendant.

After the Federal Commision and Mr. Alanna Curry became partners against defendant the two plaintiff moved and turned the case to class action against the defendant.

After the two plaintiffs joined together and clssified the case to class action, the two plaintiffs notified all home owners nation wide who had loan servicing by the defendant to join them in the class action against the defendant, and promised to give back all illegal charges defendant had charged all home owners back to the home owners. (exihibit #1 ).

After the case became class action in the district court of Massachussetts, defendant quickly moved for the state court to dismiss plaintiff action that was pending before the class action ever being filed. ( Exihibit #2 )

2.

During the proceeding of the class action in the district court of Massaachusetts, defendant moved quickly to enter in to settlement agreement after defendant had discovered that home owners had more than sufficient evidence piled up against the defendant in which can not disputed those evidences if chose to go the trial.

On May 2004, the district court of Massachusetts approved the class action settlement with stipulations for the defendant to obey in the settlement before the court can grant such settlement, and defendant agreed to obey those stipulations ( Exihibit #3 )

In the settlement Order, the district court of Massachusetts judge ordered the defendant in the settlement agreement for the defendant to implement the default Resolution Program with thirty ( 30 ) days after the order.

This Resolution Program ordered by the district court of Massachusets judge for the defendant to follow corresponding to Federal Rule Pursuant to ML2000-05 which took effect January 2001, in that Federal Rule, it was mandated that all borrowers who have loans governed by loss mitigation guidelines be informed as to their rights to repayment program. This program was set up to avoid Foreclosure and in effort to help home owners in keeping their home.

However, defendant violated those two provisions, first, violated the district court of Maswsachusets judge order that order the defendant to set up a default program to help home owners who are in default Secondly, defendant ignored the federal rule of ML 2000-05 by failure to set up program with plaintiff despite request repetion from plaitiff defendant ignored plaintiff request and failed to follow the court order.

3.

Instead of the defendant to set up repayment program as ordered by the court, defendant instead filed Foreclosure on plaintiff home on May 2005 ( Exibit # 4 ).

### THE LAW

This court has broad discretion to determined whether joinder is appropriate SEE Thompson V. Boggs, 33 F. 3d 847 858 ( 7th Cir. 1994 ) See Also, Insolia V. Philip Morris Inc. 186 F.R.D 547, 549 ( E.D. Wis. 1999 (), holding that the permissive joinder issue should be evaluated on a case by case basis.

Defendant by hiding under the class action statutes which was fraudulent misrepresentation as to the facts of the settlement, SEE McGrath V. C.T. Sherer Co. 195 NeN.E 913, 925 (1935 ).

It is not disputed that defendant defrauded millions of American home owners by using different tactics to benefit the defendant.

The court should consider possible damages, including hardship and financial burden that defendant has put plaintiff thru by ignoring the court order, and instead filed Foreclosure on plaintiff home.

### CONCLUSION

Based upon the above statements is necessary for the court to hold defendant in contempt of court for failure to obey the court order, and for failure to obey Rule ML 2000-05.

Respectfully submitted

*[signature]*

---
SHADE LAWAL

6210 Soth Gordon Road

Austell, Georgia 30168

770-572-7641

## CERTIFICATE OF SERVICE

I have hereby certify that I have this day served a true and accurate copy of the foregoing upon all parties and their counsel as known by both fax and by placing a copy of the same in to an envelope with sufficient postage to ensure delivery and placing the same in to the United States Mail and addressed as follows:

Plaintiff Counsels

Gary Klein, Esq.
John Roddy, Esq.
Grant and Roddy
44 School Street
Suite 400
Boston, Ma. 02108

Defendants Counsels

Thomas M. Hefferon, Esq.
Goodwin Procter, LLP.
Suite 500
1717 Pennsylvania Ave. . N.W
Washington, DC. 20006

### F.T.C. COUNSEL

Lucy E. Morris, Esq.
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W
           Mail Drop NJ-3158
Washington, DC. 20580

This 8th day of Aug 2005

SHADE LAWAL

6210 South Gordon Road
Austell, Georgia 30168