UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAIRBANKS CAPITAL CORP.,<br>FAIRBANKS CAPITAL HOLDING CORP.,<br>and THOMAS D. BASMAJIAN,<br><br>　　　　Defendants. | Civil Action No. 1-03-CV-12219-DPW |
| ALANNA L. CURRY *et al.*,<br>individually and on behalf of all others<br>similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FAIRBANKS CAPITAL CORP.,<br><br>　　　　Defendant. | Civil Action No. 1-03-CV-10895-DPW |

SELECT PORTFOLIO SERVICING, INC.'S
OPPOSITION TO "MOTION FOR CONTEMPT OR IN
ALTERNATIVELY [SIC] COMPLAINTS FOR CONTEMPT"

　　Pro se litigant Shade Lawal, who previously decided to join the Curry settlement class and received a settlement check, has now filed a motion to "hold defendant in Contempt of court" based on unspecified deficiencies in the servicing of his mortgage loan. "Motion for Contempt or In Alternatively [sic] Complaints for Contempt" (Aug. 8, 2005) ("Motion") at 1. Lawal has no factual or legal basis for such extraordinary relief, however. Accordingly,

defendant Select Portfolio Servicing, Inc. (formerly known as Fairbanks Capital Corp.)("SPS") requests that the Court deny the Motion in its entirety.

First, Lawal has already litigated, and lost, the issue presented in the Motion. In September 2004, Lawal filed a motion in this Court arguing, as he does now, that alleged deficiencies in the servicing of his mortgage loan required imposition of the contempt sanction against SPS. The argument was fully briefed, and rejected by this Court. Lawal filed no appeal. He cannot now litigate the same issue again.

Lawal also lacks standing. On June 29, 2005, rather than comply with a state court order requiring him to pay more than $23,000 that he owes to SPS, Lawal filed a bankruptcy petition in the North District of Georgia. As a result, all Lawal's legal interests, including his interest in pursuing contempt sanctions because of alleged actions concerning his mortgage loan, became property of his bankruptcy estate. Only Lawal's bankruptcy trustee has standing to pursue these legal interests unless the trustee abandons them, and no such abandonment has occurred. Lawal therefore lacks standing to file this Motion against SPS.

Finally, even if Lawal had a basis to file the Motion, he has not come close to meeting the heavy burden needed to prove his entitlement to a contempt remedy. Although Lawal must adduce "clear and convincing evidence that a lucid and unambiguous order has been violated" before contempt may be imposed, Nextel Communications of the Mid-Atlantic, Inc. v. Town of Hanson, 311 F. Supp. 2d 142, 160 (D. Mass. 2004), he has not pointed to any specific order that pertains to him or his loan, much less offer clear and convincing evidence that SPS violated any such order. Lawal, who has been litigating his dissatisfaction with SPS over the last several years in the Georgia courts, has provided no basis for a contempt motion in this Court, just as he had no basis a year ago.

BACKGROUND

I.   Lawal is a <u>Curry</u> Class Member Who Chose to Receive Settlement Benefits.

Lawal filed a lawsuit in Superior Court for Cobb County, Georgia seeking money damages against SPS and another defendant. Lawal alleged that SPS "improperly applied" his monthly payments, "could not confirm" receipt of payments he made," improperly charged him "a late payment fee," and sent letters "threatening to foreclose against the Plaintiff's property." <u>Amended Complaint</u>, <u>Lawal</u> v. <u>Fairbanks Capital Corp., et al.</u>, No. 02-1-5425-28. (Aug. 1, 2002).[1]

Lawal is a member of the <u>Curry</u> national settlement class. The class consists of all persons whose loans SPS serviced between January 1, 1999 and December 10, 2003, and who were affected by "Default-Related" conduct. "Final Order Certifying Settlement Class and Approving Settlement" (May 12, 2004) ("<u>Final Order</u>") at ¶ 3. As provided in Section I(14) of the parties' Settlement Agreement, "Default-Related" conduct means all actions by SPS "with respect to a Serviced loan," and includes those practices "that are the subjects of the Consolidated Class Action Complaint." The consolidated <u>Curry</u> Complaint describes <u>precisely</u> the same types of allegations as those made by Lawal in the Georgia Action.[2]

Although he is a class member, Lawal did not timely request exclusion from the <u>Curry</u> settlement; his name does not appear on the list of class members who properly excluded themselves from the settlement. <u>See</u> Exhibit A to <u>Final Order</u>. To the contrary, Lawal made a

---

[1]   Copies of pleadings and orders from Lawal's various Georgia proceedings referenced in this brief are attached hereto as Exhibit 1.

[2]   <u>See</u> "First Amended and Consolidated Class Action Complaint" (Dec. 1, 2003) at ¶¶ 4, 5, 7 (Fairbanks charges "improper fees, costs and charges"; Fairbanks "mishandles borrower's mortgage payments and fails to timely or properly credit payments received"; Fairbanks "treats borrowers as in default of their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements").

3

claim against the Redress Fund, received a settlement check from the Settlement Administrator, and cashed the check.  See Exhibits 2 & 3 attached hereto.

II.     Lawal Has Repeatedly Litigated Claims Against SPS in the Georgia Courts.

Lawal has filed multiple proceedings seeking affirmative relief in connection with the servicing of his mortgage loan, claims that Lawal released when he chose to remain part of the Curry settlement.  Lawal first filed suit against SPS on July 5, 2002 in the Superior Court of Cobb County based on allegations that SPS improperly serviced his loan. Lawal v. Fairbanks Capital Corp., et al., No. 02-1-5425-28.  The state court granted a motion filed by SPS and dismissed the complaint with prejudice, based on Lawal's decision to accept the Curry settlement benefits and release claims against SPS.  "Order of Dismissal as to Defendant Fairbanks Capital Corp.," Lawal v. Fairbanks Capital Corp., et al., No. 02-1-5425-28 (Cobb Super. Ct. Oct. 25, 2004).  Lawal's appeal from this order was dismissed when he failed to pay required costs. "Order Dismissing Plaintiff's Appeal," Lawal v. Fairbanks Capital Corp., et al., No. 02-1-5425-28 (Cobb Super. Ct. April 1, 2005).

Lawal then brought a virtually identical action in federal court.  That suit was also dismissed with prejudice for lack of federal jurisdiction.  "Order," Lawal v. Select Portfolio Servicing, Inc., No. 1:04-CV-3118-TWT  (N.D. Ga. May 31, 2005).

Thereafter, SPS commenced foreclosure proceedings, and Lawal filed another action in state court seeking a temporary restraining order against the foreclosure.  In response, the Superior Court for Cobb County required Lawal to pay $23,271.14 into the registry of the Court -- the outstanding amount due and owing by Lawal on the loan -- by June 21, 2005 to prevent foreclosure.  "Order on Plaintiff's Motion for Temporary Restraining Order," Lawal v. Select Portfolio Servicing, Inc., No. 05-1-5024-28 (Cobb Super. Ct. June 21, 2005).  Instead, Lawal

4

filed a petition for bankruptcy on June 29, 2005, temporarily staying the foreclosure proceedings pursuant to 11 U.S.C. §362(a).

III.   Lawal's Prior Contempt Motion In This Court.

This is not the first time Lawal has sought contempt sanctions against SPS in this Court. On September 15, 2004, Lawal filed a motion asking the Court to hold SPS in contempt or, in the alternative, to rescind the Curry settlement agreement, based on alleged deficiencies in the servicing of his loan. See "Motion for Contempt or in the Alternatively [sic] Motion to Rescind Defendant Settlement Agreement" (Sept. 15, 2004). SPS opposed the motion, explaining at length that no basis existed for either of the extraordinary forms of relief Lawal was requesting. "Fairbanks' Opposition to 'Motion for Contempt or in Alternatively [sic] Motion to Rescind Defendant Settlement Agreement'" (Oct. 5, 2004). The Federal Trade Commission also opposed Lawal's motion. "Opposition to Motion for Contempt" (Oct. 6, 2004). The Court denied the motion on October 25, 2004 (electronic docket entry).[3]

---

[3] Lawal is a prolific litigant in other matters who has met with little success and drawn strong judicial approbation. See, e.g., Lawal v. State, 589 S.E.2d 861, 863 (Ga. App. 2003) (appeal concerning Lawal's criminal conviction for theft and trespass; court states that Lawal "submitted an altered form to this Court" and states that it "will not tolerate any willful acts of fraud perpetrated upon this Court by the parties in an appeal"); Lawal v. State Farm Fire & Casualty Co., No. 1:03-CV-593 (N.D. Ga. Mar. 29, 2004) (granting defendant's motion for summary judgment; court states that Lawal's response to Court's order compelling discovery was "evasive, incomplete, and bordering on contempt"); Lawal v. Southwest Bell Telephone & Telegraph Co., 513 U.S. 899 (1994) (denying petition for certiorari); Lawal v. GMAC Mortgage Corp., No. 1:97-CV-866 (N.D. Ga. May 15, 1997) (rejecting Lawal's appeal from bankruptcy court order); Lawal v. GMAC Mortgage Corp., No. 1:97-CV-2328 (N.D. Ga. Oct. 31, 1997) (same); Lawal v. Cobb County Board of Health, No. 94-3426 (N.D. Ga. Feb. 22, 1995) (granting defendants' motion to dismiss); aff'd, 85 F.3d 644 (11th Cir. 1996), cert. denied, 519 U.S. 951 (1996).

ARGUMENT

I.    Lawal Is Precluded From Bringing This Motion.

    A.    <u>Lawal Cannot Relitigate An Issue The Court Already Decided</u>.

Lawal is trying to relitigate an issue that this Court previously decided adversely to him. As set forth above, in Lawal's first motion filed in September 2004, Lawal alleged that deficiencies in the servicing of his mortgage loan justified a finding that SPS be held in contempt. The matter was fully briefed; the Court rejected Lawal's argument; and Lawal never appealed the Court's order.

Now, Lawal has filed a second motion for contempt, again asserting that a contempt sanction should be imposed based on alleging deficiencies in the manner in which his loan was serviced. Having had the issue decided adversely against him previously, however, Lawal cannot now litigate the issue again. See <u>Field</u> v. <u>Mans</u>, 157 F.3d 35, 41 (1st Cir. 1998)(litigant cannot "resurrect[] an issue that has already been decided [adversely] and that has gone unchallenged on appeal"); <u>United States</u> v. <u>Bell</u>, 988 F.2d 247, 250 (1st Cir. 1993)(same).

Lawal has filed lawsuits and other proceedings in Georgia contesting the manner in which SPS is servicing his loan. Those suits have been repeatedly rejected -- but that does not entitle Lawal to return to this Court to relitigate the question whether SPS can be held in contempt. This Court has ruled that he may not.

    B.    <u>Lawal Lacks Standing As A Result of His Bankruptcy Filing</u>.

As noted above, Lawal recently filed a bankruptcy petition in the Northern District of Georgia. As a result, Lawal lacks standing to seek to advance his legal interests by filing the instant <u>Motion</u> in this Court.

Section 541(a)(1) of Title 11 of the United States Code provides:

6

> The commencement of a case [in bankruptcy] creates an estate. Such estate is comprised of . . . all legal or equitable interests of the debtor as of the commencement of the case.

On the date he filed bankruptcy, all of Lawal's legal interests became the property of his bankruptcy estate. 11 U.S.C. § 541(a)(1); see also In re Rare Coin Galleries of America, Inc., 862 F.2d 896, 900 (1st Cir. 1988).

Section 541(a)(1)'s scope is "broad." United States v. Whiting Pools, 462 U.S. 198, 204-205 (1983). The term "legal interest" is not limited to tangible property, but rather embraces all types of intangible property interests, such as causes of action, see In re FBN Food Services, Inc., 185 B.R. 265 (N.D. Ill. Bankr. 1995), appellate rights, see In re Mozer, 302 B.R. 892 (C.D. Cal. 2003), and contingent claims of the debtor, see In re Clay, 241 B.R. 534 (N.D. Tex. 1999). This sweeping provision is broad enough to encompass the Motion filed by Lawal, which seeks affirmative relief against SPS (contempt sanctions) with respect to Lawal's legal interests in his mortgage loan.

Only Lawal's bankruptcy trustee has standing to enforce rights and claims of the bankruptcy estate, including the right to pursue legal interests of the debtor. See Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988)("A trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed"); In re Tippins, 221 B.R. 11 (Bankr. N.D. Ala 1998)(same); Gardner v. Tyson (In re Gardner), 218 B.R. 338, 342 (D. Pa. Bankr. 1998)("[T]he Trustee's status as representative of the estate requires that he be the party suing to assert any pre-petition causes of action asserted by Chapter 13 debtors"); Welsh v. Quabbin Timber Co., 199 B.R. 224, 229 (D. Mass. Bankr. 1996)(every legal interest of debtors "passes to the trustee" when petition filed). The only exception to this rule is when a trustee abandons that exclusive right, following appropriate procedures set forth in federal law. In re Rothwell, 159 B.R. 374, 377 (D. Mass. Bankr. 1993).

Lawal's bankruptcy trustee has made no filing abandoning the trustee's right to bring claims, on behalf of the bankruptcy estate, against SPS. See docket sheets attached hereto as Exhibit 4. Accordingly, only Lawal's bankruptcy trustee may pursue Lawal's claims against SPS, and the Court should therefore deny Lawal's Motion for lack of standing to file it. See, e.g., Hutchins v. IRS, 67 F.3d 40, 43 (3d Cir. 1995)("It is . . . clear that since the bankrupt estate retains unscheduled assets, only the bankruptcy trustee has the authority to control them"); Anderson v. Acme Markets, Inc., 287 B.R. 624, 631 (E.D. Pa. 2002)("because [plaintiff's] claims are part of the bankruptcy estate, only the Trustee in Bankruptcy, as the sole representative of the estate, has standing to pursue the claims"); In Re Davis, 158 B.R. 1000, 1002 (N.D. Ind. 1993)(when property of estate "has not been expressly abandoned or administered by the trustee at the time the case is closed, [it] remains property of the estate").

II.    Lawal Has No Basis For a Contempt Motion Because No Court Order Was Violated.

Even if Lawal had some valid ground to file the Motion, he would have no basis for obtaining a finding of contempt against SPS. The "contempt power is a 'potent weapon,'" and a court should act with great caution in finding a party in contempt given "the contempt power's 'virility and damage potential.'" Accusoft Corp. v. Palo, 237 F.3d 31, 46–47 (1st Cir. 2001). Contempt is a remedy imposed for violation of a court order, and will be allowed "only if the complainant can offer clear and convincing evidence that a lucid and unambiguous order has been violated." Nextel Communications of the Mid-Atlantic, Inc. v. Town of Hanson, 311 F. Supp. 2d 142, 160 (D. Mass. 2004)(quoting Porrata v. Gonzales-Rivera, 958 F.2d 6, 7 (1st Cir. 1992)). Lawal does not come close to meeting the requisite heavy burden.

Lawal first claims that SPS "violated the district court of Maswachusets [sic] order that order [sic] the defendant to set up a default resolution program." Motion at 3. This Court's Final Order (at ¶ 14) required SPS to "implement the 'Default Resolution Program' within 30 days after the Effective Date [of the Curry settlement] in accordance with the applicable terms of the Settlement Agreement." However, other than his one-sentence accusation, Lawal has adduced no evidence, let alone clear and convincing evidence, that SPS failed to implement the Default Resolution Program in any respect; for that reason alone, this aspect of the Motion must be denied. Moreover, the Default Resolution Program involves a general program practice change that nowhere mentions Lawal, or any other individual class member, and the requirement to establish the Default Resolution Program therefore cannot be said to provide the "lucid and unambiguous order" needed to hold SPS in contempt for its violation. Finally, the parties' Settlement Agreement expressly provides (at ¶ III.9.c) that "customers of [SPS], or anyone else, may not sue or claim for damages or other personal relief based on the terms of the Default Resolution Program" (except as a defense to an individual foreclosure action). Lawal therefore lacks the ability to challenge SPS's implementation of Default Resolution Program by the terms of the Settlement Agreement itself.[4]

---

[4] Lawal also cannot premise a contempt motion on the "Order Preliminarily Approving Stipulated Final Judgment and Order as to Fairbanks Capital Corp. and Fairbanks Capital Holding Corp." (Oct. 6, 2003)("FTC Order") because the FTC Order did not specifically mandate adoption of a default resolution program. Even if it did, Lawal would lack standing to enforce the FTC Order because courts are "loath to allow third parties to enforce consent decrees when the government is involved." SEC v. Prudential Securities, Inc., 136 F.3d 153, 158 (D.C. Cir. 1998). Third parties like Lawal are "merely incidental beneficiaries" of a government consent decree, Hodges v. Public Housing Commission, 864 F. Supp. 1493, 1508-09 (N.D. Ill. 1994), and they may not enforce such a decree unless the decree itself "stipulates that it may be enforced by a third party." Rafferty v. NYNEX Corp., 60 F.3d 844, 849 (D.C. Cir. 1995). Here, the FTC Order contains no provision stipulating that Lawal – or any other individual class member – could raise a challenge to any breach of its terms; the only rights granted run in favor of the Government.

Lawal's other basis for contempt is that SPS "ignore the federal rule of ML 2000-05 by failure to set up a program with plaintiff despite repeated request repetion [sic] from plaitiff [sic] defendant ignored plaintiff [sic] request and failed to follow the court order." Motion at 3. This ground is equally meritless. No order of this Court required SPS to establish a default program for Lawal, or to take any specific action with respect to Lawal. Indeed, no order of this Court even mentions Lawal at all, so Lawal cannot meet the most basic requirement for demonstrating contempt – the existence of an order that SPS allegedly violated. Lawal has no basis invoking this Court's contempt power as a way to air alleged grievances in connection with his mortgage loan.

## CONCLUSION

For these reasons, SPS respectfully requests that the Motion be denied in its entirety.

Respectfully submitted,

/s/ Thomas M. Hefferon
Thomas M. Hefferon (BBO #548289)
Joseph F. Yenouskas (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., N.W., Suite 900
Washington, D.C. 20001
(202) 346-4000

Brooks R. Brown (BBO # 634144)
GOODWIN PROCTER LLP
Exchange Place
Boston MA 02109
(617) 570-1000

Counsel for Defendant
Select Portfolio Servicing, Inc.
(f/ka/ Fairbanks Capital Corp.)

Dated: August 22, 2005

LIBW/1528251.2