IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE

02 JUL -5 PH 3: 56

Jay C. Stephens

COBB SUPERIOR COURT CLERK

SHADE M. LAWAL,                  *

          Plaintiff,             *        CIVIL ACTION
                                 *
                                 *        No: 02-1-542528
V.                               *
                                 *
                                 *
FAIRBANKS CAPITAL CORPORATION,   *        JURY TRIAL DEMANDED
          Defendant              *
                                 *

COMPLAINTS

COMES NOW, Plaintiff in the above title cause of action shows the court the following in support:

1.

Plaintiff is a resident of the Cobb County State of Georgia and is subjected to this court jurisdiction.

2.

The defendant is a Corporation doing business in this Cobb County State of Georgia and can be served via 3815 South West Temple, Salt Lake City, UT. 84115.

3.

This court is vested jurisdiction over the defendant because the defendant acts and actions occured in this court jurisdiction.

4.

Plaintiff shows the court the following acts and actions of the defendants in pertinent part, which is a violative of plaintiff constitutional rights.

5.

This complaints shall be binding on both the defendants and the defendants agents and all affiliated with the plaintiff loans with the defendant.

6.

Defendant devise a scheme and artifice to defraud plaintiff and causing to be submitted false information to obtain glarification and to cause plaintiff a financial burden and other purposes in furtherance of said scheme and artifice to defraud.

7.

Defendant knowingly and intentionally deceived harras, intimidate, bad faith, constant treat, falsely represented, unprofessional, unwarranted and irresponsible business practice.

8.

Defendant in furtherance of these acts defendant conspiracy and to effect the objects and purposes thereof of various overt acts were committed by defendant within Cobb County, State of Georgia, including but not limited to the following.

9.

That on April 1st, 2002 defendant took over the plaintiff mortgage loan from Equicredit who have been the plaintiff mortgagee since 2000.

10.

That during the short period defendant took over the plaintiff loan, the defendant has caused the plaintiff loan payment to be late by routing plaintiff payments all over the nation to accumulate late charges.

11.

That during the short period defendant took over the plaintiff

2.

loan the defendant has failed to give credit to payment made by plaintiff defendant continued harrassing plaintiff given plaintiff pain and suffering due to constant treat of defendant wanted to take plaintiff home.

12.

The defendant has constantly writing, and treatining withot any prove of back payment , all these in an attempt to defraud plaintiff.

COUNT ONE:   CONSPIRACY.

Plaintiff will prove beyound doubt that defendant conspired with previous loan company to defraud plaintiff of is mortgage loan.

COUNT TWO:   FALSE REPRESENTATION:

Plaintiff will prove beyound doubt that the defendant presented false intention to obtain plaintiff loan from the previous loan company.

COUNT THREE: DECEIPTION:

Plaintiff will prove beyound doubt that the defendant intended to defraud and deceit all its cusmers by obtaining their loans.

COUNT FOUR:   LIABLE

Plaintiff will prove beyound doubt that defendant action has caused pain and suffering and additional finacial burden upon the plaintiff and the defendant is liable for it.

COUNT FIVE:  HARRASMENT

Plaintiff will prove beyound doubt that the defendant continued calling plaintiff and harrssing plaintiff despite that plaintiff warned the defendant to stop such harrassing without any prove of facts in their assertions.

As a result of defendant aggressively purchased the plaintiff mortgage loan without the consent of plaintiff placed the plaintiff

3.

in a hostile collection tactics, subjected plaintiff to harrassment
unwanted environment, constant treat.

WHEREFORE, Plaintiff seeks the following in Relief.

1. Seek Jury Trial.

2. Compensatory Damages in the amount of 200,000 dollars

3. Punitive damages in the amount of 200,000 dollars

4. Pain and suffering in the amount of 500,000 dollars

5. That the defendant be assessed court costs and the attorneys fees.


Sincerely

--------------------------
SHADE   LAWAL


Addressed All Communications To:


6210 South Gordon Road
Austell, Georgia 30168

678-232-5436


4.

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

COBB CO...
FILED IN...
02 AUG -1 PH 12: 12
Jac C....
COBB CLERK...

| | | |
|---|---|---|
| SHADE M. LAWAL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE NO. 02-1-5425-28 |
| | : | |
| FAIRBANKS CAPITAL CORP., | : | |
| EQUICREDIT CORPORATION OF | : | |
| GEORGIA, | : | |
| | : | |
| Defendants. | : | |

### AMENDED COMPLAINT

**COMES NOW SHADE M. LAWAL**, Plaintiff in propria persona in behalf of the above-styled cause of action shows the Honorable Court as follows:

**1.**

Plaintiff is a resident of Cobb County and by the filing of the above-styled complaint is subject to the jurisdiction and venue of the Honorable Court.

**2.**

The Defendants, as named, are:

Fairbanks Capital Corp, who can be served by service of process on Corporation Service Co., 4845 Jimmy Carter Blvd., Norcross, GA 30093.

Equicredit Corporation of GA., who can be served by service of process on C.T. Corporation System, 1201 Peachtree St. N.E., Atlanta, GA 30361.

**3.**

Jurisdiction and venue are properly before the Court. Plaintiff advances additional subject matter jurisdiction pursuant to O.C.G.A. Section 13-1-1 et. seq., and O.C.G.A. Section 51-1-1 et.

1

seq. Plaintiff would also advance entitlement to relief under any other statutes which may apply.

**4.**

Plaintiff advances the following claims against the Defendants, individually, collectively or in unison with each other and states the following acts and actions, in pertinent part, which supports Plaintiff's claims against the Defendants, to wit:

1.  In May, 2000, Plaintiff applied with Equicredit Corporation of GA. (hereinafter referred to as Defendant "Equicredit"), for a mortgage loan concerning certain real estate located at 6210 South Gordon Road, Austell, GA 30168 (hereinafter referred to as the "Property").

2.  In June, 2000, Plaintiff released to Defendant Equicredit, all necessary paperwork, as needed and necessary for Defendant Equicredit to process Plaintiff's request for a mortgage loan, for the aforementioned property.

3.  In June, 2000, Defendant Equicredit, approved Plaintiff's mortgage request and a closing was held and consummated concerning the property in question.

4.  As part of the mortgage agreement between Plaintiff and Defendant Equicredit, it was mutually agreed, in writing, that Defendant Equicredit would carry the mortgage note on the property for not less than three (3) years.

5.  In the event that the Plaintiff would or should terminate the mortgage agreement, by selling the property in question within the first three (3) years, Plaintiff would be required to pay a Three (3%) Percent penalty.

6.  In the event that Defendant Equicredit would transfer or sell the mortgage agreement to a third party, that Defendant Equicredit would be required to pay a Three (3%) Percent penalty.

7.  In December, 2001, Plaintiff received a letter from Defendant Equicredit that Defendant Equicredit would be transferring and/or selling Plaintiff's mortgage to Fairbanks Capital Corporation (hereinafter referred to as Defendant "Fairbanks"), and that such future mortgage payments to Defendant Fairbanks would commence in April, 2002.

7.  Plaintiff continued making monthly mortgage payments to Defendant Equicredit after the aforementioned notification letter of December, 2001, through March, 2002.

8.  Notwithstanding Plaintiff's mortgage payment for the month of March, 2002, Defendant Equicredit retained the same and did not provide Plaintiff with credit for the same against the Plaintiff's mortgage agreement.

2

9.   Defendant Equicredit, pursuant to the contractual agreement with the Plaintiff, concerning the mortgage on the property in question, prior to or after selling and/or transferring Plaintiff's mortgage contract to Defendant Fairbanks, provided or paid the three (3%) percent penalty to the Plaintiff or credited Plaintiff's mortgage contract with that financial consideration as contractually agreed to.

10.   In April, 2002, pursuant to the aforementioned notification by Defendant Equicredit, Plaintiff forwarded to Defendant Fairbanks, Plaintiff's mortgage payment for the month of April, 2002, as required.

11.   Defendant Fairbanks, upon receipt of Plaintiff's April, 2002, mortgage payment, then improperly applied the same to Plaintiff's mortgage payment for the month of March, 2002, which had already been paid to Defendant Equicredit by the Plaintiff.

12.   Defendant Fairbanks, on or about April 15, 2002, forwarded to Plaintiff a letter advising that Plaintiff had failed to pay the mortgage payment for the month of March, 2002.

13.   Plaintiff, upon receipt of the aforementioned letter from Defendant Fairbanks concerning the allegations of the alleged failure of the Plaintiff to pay the mortgage payment for the month of March, 2002, telephonically contacted an authorized agent for Defendant Fairbanks and was informed that the mortgage payment that the Plaintiff had sent to Defendant Fairbanks, for Plaintiff's mortgage payment for the month of April, 2002, had been applied for the mortgage payment for the month of March, 2002.

14.   Plaintiff informed Defendant Fairbanks authorized agent that Plaintiff had sent to Defendant Equicredit the required monthly mortgage payment for the month of March, 2002, and Plaintiff had proof of the same.

15.   Defendant Fairbanks, by and through its authorized agent, requested that Plaintiff forward to Defendant Fairbanks, proof of the mortgage payment for the month of March, 2002, which Plaintiff forwarded to the Defendant Fairbanks by mailing and faxing the same to Defendant Fairbanks.

16.   Defendant Fairbanks, notwithstanding the fact that Plaintiff had submitted proof of the Plaintiff's payment of the March, 2002, mortgage payment to Defendant Equicredit, stated that they could not confirm the same.

17.   Defendant Fairbanks, notwithstanding the fact that Plaintiff had submitted proof of the Plaintiff's payment of the March, 2002, mortgage payment to Defendant Equicredit, stated that they could not confirm the same and that Defendant Fairbanks would be taking Plaintiff's April, 2002, mortgage payment and applying the same towards the alleged March, 2002, mortgage payment.

18.   Defendant Fairbanks, further stated that since they were applying the Plaintiff's April, 2002,

3

mortgage payment to the March, 2002, mortgage payment, that the Plaintiff owed Defendant Fairbanks a mortgage payment for the month of April, 2002, with late payment fees for both the month of March and April, 2002. Said late fees being owed for the month of March and April, 2002, at the financial sum of Seventy-Five ($75.00) Dollars for each month, and/or a total late payment fees being owed to Defendant Fairbanks of One Hundred Fifty ($150.00) Dollars.

19.     Defendant Fairbanks, in addition to the aforementioned acts and actions, also placed upon Plaintiff's credit report with all three major credit reporting agencies, that the Plaintiff had been late in paying the mortgage payment for the month of March and April, 2002.

20.     Commencing in April, 2002, and continuing to date, Defendant Fairbanks, has continued to accept each monthly mortgage payment, and apply the same to the previous monthly payment and charge Plaintiff a late payment fee of Seventy-five ($75.00) Dollars for each month.

21.     Commencing in May, 2002, and the month of June, 2002, Defendant Fairbanks, sent to Plaintiff letters threatening to foreclose against the Plaintiff's property.

22.     In June, Plaintiff forwarded the mortgage payment for the month of June, 2002, to Defendant Fairbanks, which Defendant Fairbanks refused to accept and returned the same to Plaintiff.

23.     On July 5, 2002, Plaintiff filed the above-styled cause of action against Defendant Fairbanks.

24.     On July 15, 2002, Defendant Fairbanks, by and through Defendant Fairbanks, attorney Hudnall, Cohn & Abrams, P.C., that Defendant Fairbanks intends to foreclose and sell Plaintiff's property on the courthouse steps of Cobb County on or about September 3, 2002.

## COUNT ONE - BREACH OF CONTRACT

Plaintiff incorporates into Count One, Section 4., Subsections 1., through 24., and advance

that Defendant Equicredit Corporation of Georgia and Defendant Fairbanks Capital Corporation has

wilfully and deliberately breached the Plaintiff's mortgage contract, to wit:

**A.     Defendant Equicredit Corporation**

    1.     Breaching the contract between the Plaintiff and Defendant Equicredit by failing to provide to Plaintiff the three (3%) percent financial credit by selling and/or transferring the Plaintiff's mortgage contract to Defendant Fairbanks, within the first three (3) years as stipulated by the mortgage agreement signed by Plaintiff and Defendant Equicredit.

4

2.     Breaching the contract between the Plaintiff and Defendant Equicredit by fraudulently converting Plaintiff's March, 2002, mortgage payment for their own use versus providing and giving Plaintiff credit for the same against Plaintiff's mortgage agreement and contract.

3.     Breaching the contract between the Plaintiff and Defendant Equicredit by fraudulently converting Plaintiff's March, 2002, mortgage payment for their own use versus providing and giving Plaintiff credit for the same against Plaintiff's mortgage agreement and contract and fraudulently advancing to Defendant Equicredit that they Plaintiff had not paid the March, 2002, mortgage payment.

**b.    Defendant Fairbanks Capital Corporation**

1.     Defendant Fairsbanks breached the contract by the failure of Defendant Fairbanks to provide and/or ensure that Defendant Equicredit received the financial credit for the Plaintiff's March, 2002, mortgage payment, which Plaintiff provided Defendant Fairbanks proof of its payment.

2.     Defendant Fairbanks breached the contract by the failure of Defendant Fairbanks to provide and/or ensure that Defendant Equicredit received the financial credit for the Plaintiff's March, 2002, mortgage payment, which Plaintiff provided Defendant Fairbanks proof of its payment, and thereinafter charging Plaintiff repeated late charges, which Defendant Fairbanks knew Plaintiff should not be charged.

3.     Defendant Fairbanks, after charging and demanding fees which Defendant Fairbanks knew Defendant Fairbanks was not entitled to, nevertheless commenced foreclosure proceedings against the Plaintiff.

## COUNT TWO - FRAUD

Plaintiff incorporates into Count Two, Count One, Section 4., Subsections 1., through 24.,

and advance that Defendant Equicredit Corporation of Georgia and Defendant Fairbanks Capital

Corporation has wilfully and deliberately committed a fraud against the Plaintiff, to wit:

**A.    Defendant Equicredit Corporation**

1.     Fraudulently converting funds paid to Defendant Equicredit for the Plaintiff's March, 2002, mortgage payment.

2.     Fraudulently refused and failed to provide Plaintiff with the Three (3%) Percent penalty financial consideration, converting the same to their own profit.

5

b. **Defendant Fairbanks Capital Corporation**

1. Defendant Fairbanks, fraudulently charged Plaintiff late fees knowing at all times that such charges were fraudulent.

2. Defendant Fairbanks, fraudulently allowed Defendant Equicredit to fraudulently retain the March, 2002, mortgage payment, so that Defendant Fairbanks could fraudulently charge Plaintiff with late fees and thereinafter fraudulently attempt to foreclose against the Plaintiff's property.

**5.**

Plaintiff demands a jury trial and the following relief:

A. Actual Damages in excess of Five Thousand ($5,000.00) Dollar, the exact amount to be determined prior to trial;

B. Punitive Damages in excess of Two Hundred Fifty ($250,000.00) Dollars, or such amount that the jury determines adequate to ensure that the Defendants never commit the same acts and actions against others similarly situated.

C. Declaratory Judgment that the Honorable Court find that the Defendants have acted in wilful and deliberate bad faith.

D. That the Honorable Court grant Plaintiff injunctive relief as necessary to stop the foreclosure planned by Defendant Fairbanks.

E. That the Honorable Court grant Plaintiff the costs of institution and prosecution of the above-styled cause of action, including, but not limited to attorney fees, based upon the Defendants' bad faith conduct and fraud committed and the wilful failure to correct the same when placed upon notice by the Plaintiff.

F. That the Honorable Court grant Plaintiff any equitable relief that the Honorable Court deems Plaintiff to be entitled to.

G. That the Honorable Court grant Plaintiff any other relief that the Honorable Court deems Plaintiff to be entitled to under law or as justice may allow.

Respectfully submitted,

Shade Lawal
Plaintiff, In Propria Persona
6210 South Gordon Road
Austell, GA 30168

6

## VERIFICATION OF COMPLAINT

Pursuant to Title 28 United States Code, Section 1746, I, Shade M. Lawal, do hereby state

that the foregoing Amended Complaint is true and correct to the best of my knowledge and belief

based upon the heretofore stated facts and occurrences.

Signed this ___18___ day of August, 2002.

Shade Lawal, Affiant
Plaintiff, In Propria Persona
6210 South Gordon Road
Austell, GA 30168

Virginia Gunn
8-1-02

Notary Public, Cobb County, Georgia
My Commission Expires March 21, 200_

7

COBB COUNTY GA.
FILED IN OFFICE

IN THE SUPERIOR COURT OF COBB
STATE OF GEORGIA

OCT 25  AM 11: 22

*Jay C. Stephenson*
COBB SUPERIOR COURT CLERK

| | |
|---|---|
| SHADE M. LAWAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FAIRBANKS CAPITAL CORP. and | ) |
| EQUICREDIT CORP. OF GA., | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION FILE
NO. 02-1-5425-28

## ORDER OF DISMISSAL
## AS TO DEFENDANT FAIRBANKS CAPITAL CORP

The above captioned case came on for hearing on September 27, 2004, upon, inter alia,

Defendant Fairbanks Capital Corp's Motion to Dismiss With Prejudice.  After reviewing the entire

record and considering the argument of Plaintiff, proceeding pro se, and counsel for the Defendants,

the Court finds as follows:

Plaintiff initially filed the above captioned case seeking to obtain a restraining order to stop a

foreclosure sale of his real property which was being conducted by Defendant Fairbanks Capital

Corp. (Plaintiff's Complaint).  In both his original Complaint and Amended Complaint, Plaintiff

alleges that Defendant Fairbanks Capital Corp engaged in various unauthorized loan collection

activities in connection with the servicing of Plaintiff's mortgage loan beginning April 1, 2002.

(Plaintiff's Complaint, paragraphs 9-12; Plaintiff's Amended Complaint, paragraphs 10-24).

Defendant Fairbanks Capital Corp is a defendant in two consolidated class actions pending in

the United States District Court for the District of Massachusetts styled United States of America v.

Fairbanks Capital Corp., Civil Action File No. 03-12219-DPW and Alanna L. Curry v. Fairbanks

Capital Corp., Civil Action File No. 03-10895-DPW (these actions are hereinafter collectively referred to as "the Consolidated *Curry* Class Action"). The Consolidated *Curry* Class Action generally alleges that Fairbanks Capital Corp assessed unwarranted late fees and other charges to borrowers' accounts, engaged in improper loan collection practices and took actions to foreclose on borrowers' properties when not warranted by law or contract. Fairbanks Capital Corp agreed to settle these class action claims and a Final Order was entered in the Consolidated *Curry* Class Action on May 12, 2004. (Defendant Fairbanks Capital Corp's Motion to Dismiss, Attachment "A").

Page 3(a)(b) of the May 12, 2004 Order in the Consolidated *Curry* Class Action specifically defines the class as follows:

> "all persons, other than the Excluded Persons, whose loans were serviced by Fairbanks during the period from January 1, 1999 to December 10, 2003, inclusive, and: (a) whose loans were (i) in Default or treated as being in Default by Fairbanks and (A) who incurred or were assessed late fees and/or Default-Related fees including, without limitation, fees denominated by Fairbanks as "corporate advances," or (B) who were affected by Default-Related conduct; (b) who otherwise were affected, or whose loans were otherwise affected, by one of the Covered Practices."

Since Defendant Fairbanks Capital Corp serviced Plaintiff's loan from April 1, 2002 through December 10, 2003 and since his loan was treated in default by Defendant Fairbanks Capital Corp during that period, Mr. Lawal is a member of the Consolidated *Curry* Class Action.

In pertinent part, the May 12, 2004 Consolidated *Curry* Class Action Order states as follows:

> The Court finds that all persons within the class definition set forth in paragraph 3 are members of the Class, except those who have validly excluded themselves from the Class in accordance with the requirements of the Settlement Agreement and applicable law and who appear on the list attached as Exhibit "A" of this Order. Each Class Member shall be bound by the Settlement Agreement, including the Releases (with applicable exceptions), disclaimers of liability, covenants not to sue, and injunction against further litigation contained in the Settlement Agreement, each of which is hereby incorporated by reference and shall be part of the final judgment in this suit.

The Plaintiff did not opt out of the Consolidated *Curry* Class Action settlement and instead, affirmatively made a claim in the action as a class member. In connection therewith, Plaintiff executed the Consolidated *Curry* Class Action claim form which also provides the following:

> By signing below, you and any co-borrower on your loan(s) affirm that you believe that some of the late fees or other default-related fees that Fairbanks charged you were improper, and that you would like to receive a settlement payment. As consideration for a settlement payment, you and any co-borrower on your loans agree to release Fairbanks and related entities from all claims with respect to the servicing of your loans through December 10, 2003, as set forth in the settlement agreement in the *Curry* action. [Emphasis added].

On July 23, 2004, Fairbanks Capital Corp issued a settlement check to the Plaintiff under the terms of the Consolidated *Curry* Class Action in the amount of $200.40 which check was negotiated by the Plaintiff.

Since Plaintiff was clearly a member of the Consolidated *Curry* Class Action and since Plaintiff affirmatively made a claim therein and executed the *Curry* release, Plaintiff is bound by the terms of the Consolidated *Curry* Class Action including the release contained in the May 12, 2004 Order and the class claim form executed by Plaintiff. As a result, Plaintiff released any and all claims which he asserted or could have asserted in this action against Fairbanks Capital Corp.

ACCORDINGLY, IT IS HEREBY ORDERED that Defendant Fairbanks Capital Corp's Motion to Dismiss is GRANTED. Fairbanks Capital Corp is hereby dismissed from this action with prejudice.

SO ORDERED this the 25 day Oct , 2004.

_____

J. STEPHEN SCHUSTER
Judge, Superior Court of Cobb County
by designation

ORDER PRESENTED BY:

By: _____
       Howell A. Hall
       GA Bar No. 318750
Attorney for Defendant Fairbanks Capital Corp.
PENDERGAST & JONES, P.C.
South Terraces, Suite 1010
115 Perimeter Center Place
Atlanta, GA 30346
(770) 392-0303

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed a copy of the foregoing Order to the following parties:

Howell A. Hall, Esq.
Pendergast & Jones, P.C.
115 Perimeter Center Place
Atlanta, Georgia 30346

Charles W. Lyons, Esq.
Parker, Hudson, Rainer & Dobbs, L.L.P.
1500 Marquis Two Tower
285 Peachtree Center Avenue NE
Atlanta, Georgia 30303

Shade M. Lawal, *pro se*
6210 South Gordon Road
Austell, Georgia 30168

This 25th day of October, 2004.


D. Austin Gillis
Law Clerk to Judge J. Stephen Schuster
Superior Court of Cobb County

COBB COUNTY, GA
FILED IN OFFICE

IN THE SUPERIOR COURT OF COBB 2005 APR -4  AM 10: 55
STATE OF GEORGIA

COBB SUPERIOR COURT CLERK

| | |
|---|---|
| SHADE M. LAWAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FAIRBANKS CAPITAL CORP. and | ) |
| EQUICREDIT CORP. OF GA., | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION FILE
NO. 02-1-5425-28

## <u>ORDER DISMISSING PLAINTIFF'S APPEAL</u>

The above captioned case came on for hearing on March 7, 2005, upon Defendant Fairbanks Capital Corp's Motion to Dismiss Plaintiff's Notice of Appeal for failure to prosecute in accordance with O.C.G.A. §5-6-48. After reviewing the entire record and considering the argument counsel for the Defendants, the Court finds as follows:

By Order entered October 13, 2004, this Court granted summary judgment in favor of Defendant Equicredit Corp. of GA against all claims filed by Plaintiff. On October 25, 2004, this Court granted Defendant Fairbanks Capital Corp.'s Motion to Dismiss Plaintiff's Complaint, with prejudice. These Orders terminated this action. On November 17, 2004, Plaintiff filed his <u>pro se</u> Notice of Appeal to the Georgia Court of Appeals.

On November 30, 2004, the Clerk of Cobb Superior Court prepared and mailed to the Plaintiff a cost bill in the amount of $1,083.50.   According to the official postal service receipt, the cost bill was received by the Plaintiff on December 11, 2004.

Counsel for Defendant Fairbanks served its Motion To Dismiss Appeal and
Notice of the hearing upon Plaintiff by first class mail on February 4, 2005.  The hearing
on Defendant Fairbank's Motion was called at 9:30 a.m. March 7, 2005.  Counsel for
Defendants Fairbanks and Equicredit Corp of GA appeared and argued in support of
Defendant Fairbank's Motion to Dismiss.  Plaintiff did not appear at the hearing or file
any written response in opposition to Plaintiff's Motion other than a request to continue
the hearing for unspecified reasons.

As of the date of the hearing, Plaintiff has not paid the cost bill or taken any other
action with respect to prosecuting his appeal to the Georgia Court of Appeals.

As of March 7, 2005, eighty-six (86) days have elapsed since the cost bill was
received by Plaintiff.  Despite this passage of time, Plaintiff has neither paid the cost bill,
nor filed any response to Fairbanks' Motion or otherwise provided any excuse
whatsoever why he has not paid the cost bill.

O.C.G.A § 5-6-48(c) provides that:

> [T]he trial court may, after notice and opportunity for hearing, order
> that the appeal be dismissed where there has been an unreasonable
> delay in the filing of the transcript and it is shown that the delay
> was inexcusable and was caused by such party. In like manner, the
> trial court may order the appeal dismissed where there has been an
> unreasonable delay in the transmission of the record to the appellate
> court, and it is seen that the delay was inexcusable and was caused
> by the failure of a party to pay costs in the trial court… [Emphasis
> added.]

The Court of Appeals has found that failure to pay costs within 30 days is prima facie
unreasonable and inexcusable and that it is within the discretion of the court to dismiss an
appeal in those circumstances. Bouldin v. Parker , 173 Ga.App. 526, 527, 327 S.E.2d

760, 761 (1985); <u>Continental Investment Corp. v. Cherry</u>, 124 Ga.App. 863(1), 186

S.E.2d 301 (1971); <u>McCorvey Development, Inc. v. D.G. Jenkins Development Corp.</u>,

260 Ga.App. 276, 277, 581 S.E.2d 308, 309 (2003).  Trial courts are given broad

discretion in deciding whether to dismiss. <u>Leonard v. Ognio</u>, 201 Ga.App.260, 410

S.E.2d 814 (1991).

     Based on the above findings of fact and conclusions of law, this Court finds that

Plaintiff's failure to pay the cost bill is inexcusable and that this failure has resulted in an

unreasonable delay in the prosecution of the appeal to the prejudice of Defendants.

     ACCORDINGLY, IT IS HEREBY ORDERED that Defendant Fairbanks Capital

Corp's Motion to Dismiss Plaintiff's Notice of Appeal is GRANTED.  This action is

dismissed with prejudice effective upon entry of this Order.

     SO ORDERED this the \_\_\_ day April , 2005.

/S/ Mary Staley

MARY E. STALEY

Judge, Superior Court of Cobb County

ORDER PRESENTED BY:

By: _____

Howell A. Hall

GA Bar No. 318750

Attorney for Defendant Fairbanks Capital Corp.

PENDERGAST & JONES, P.C.

South Terraces, Suite 1010

115 Perimeter Center Place

Atlanta, GA 30346

(770) 392-0303

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHADE LAWAL,

    Plaintiff,

      v.

                  CIVIL ACTION FILE
                  NO. 1:04-CV-3118-TWT

SELECT PORTFOLIO SERVICING,
INC.,

    Defendant.

## ORDER

This is a breach of contract action masquerading as a civil rights action. It is before the Court on the Plaintiff's Request for Immediate Jury Trial [Doc. 3]. In this action, the Plaintiff alleges that his mortgage company has charged improper late fees, has failed to credit payments, and has threatened foreclosure of his property. The Plaintiff asserts jurisdiction based upon federal question jurisdiction. It is clear from the face of the Complaint that the facts alleged do not support federal question jurisdiction. There is no allegation of racial discrimination that would support a cause of action under 42 U.S.C. § 1981. This action is DISMISSED without prejudice for lack of subject matter jurisdiction. The Defendant's Counterclaim is DISMISSED without prejudice.

T:\ORDERS\04\Lawal\dismiss.wpd

SO ORDERED, this 31 day of May, 2005.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

IN THE SUPERIOR COURT OF COBB
STATE OF GEORGIA

SHADE M. LAWAL,                          )
                                         )
        Plaintiff,                       )        CIVIL ACTION FILE
                                         )        NO. 05-1-5024-28
v.                                       )
                                         )
SELECT PORTFOLIO SERVICING, INC., )
                                         )
        Defendant.                       )
_____)

## ORDER ON PLAINTIFF'S MOTION FOR
## TEMPORARY RESTRAINING ORDER

The above captioned case came on for hearing on June 20, 2005, upon Plaintiff's Motion For

Temporary Restraining Order. Plaintiff seeks a Temporary ~~Restraining Order~~ *INJUNCTION* to enjoin Defendant

from conducting a foreclosure sale under a June 28, 2000 Security Deed to Plaintiff's property

located at 6210 South Gordon Road, Austell, Cobb County, Georgia. Defendant contends that

Plaintiff is in default under the Security Deed at issue due to Plaintiff's failure to pay monthly

mortgage payments for the months of August 2003 through June 2005, as well as other charges.

Defendant further contends that the full reinstatement amount due from Plaintiff as of July 5, 2005 is

$23,271.14.

After reviewing the evidence and considering the argument of Plaintiff, proceeding pro se,

and counsel for the Defendant, the Court finds as follows:

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary ~~Restraining Order~~ *INJUNCTION* shall be

granted only upon payment by Plaintiff of the sum of $23,271.14 into the registry of this Court no

later than 5:00 p.m. on June 21, 2005. Said payment shall be made in the form of cash or certified

funds. Provided that said sum is paid in strict compliance with the terms of this Order, Defendant

shall be ~~enjoined for a period of thirty (30) days from the date hereof~~ *TEMPORARILY ENJOINED* *WLW* from conducting a foreclosure

sale under the Security Deed at issue. If the funds are not paid into the registry of this Court by 5:00

p.m. June 21, 2005, Plaintiff's Motion is Denied.


SO ORDERED this the 21st day June , 2005 at 9:30 o'clock a. .m.

WATSON L. WHITE
Senior Judge, Superior Court of Cobb County

**WATSON L. WHITE, SENIOR JUDGE
SUPERIOR COURTS OF GEORGIA
PRESIDING IN COBB JUDICIAL CIRCUIT**

ORDER PRESENTED BY:

By: _____
    Howell A. Hall
    GA Bar No. 318750

Attorney for Select Portfolio Servicing, Inc.
PENDERGAST & JONES, P.C.
South Terraces, Suite 1010
115 Perimeter Center Place
Atlanta, GA 30346
(770) 392-0303

(Official Form 1) (12/03)

| FORM B1 | **United States Bankruptcy Court**<br>District of ___Georgia___ | **Voluntary Petition** |

Name of Debtor (if individual, enter Last, First, Middle):
**L A W A L    S H A D E**

Name of Joint Debtor (Spouse) (Last, First, Middle):
NONE

All Other Names used by the Debtor in the last 6 years
(include married, maiden, and trade names):
NONE

All Other Names used by the Joint Debtor in the last 6 years
(include married, maiden, and trade names):
NONE

Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D.
No. (if more than one, state all):

Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.
(if more than one, state all):

Street Address of Debtor (No. & Street, City, State & Zip Code):
6216 South Gordon Road
Austell, Georgia 30168

Street Address of Joint Debtor (No. & Street, City, State & Zip Code):
NONE

County of Residence or of the
Principal Place of Business:

County of Residence or of the
Principal Place of Business:

Mailing Address of Debtor (if different from street address):
6210 South Gordon Road
Austell, Ga. 30168

Mailing Address of Joint Debtor (if different from street address):
NONE

Location of Principal Assets of Business Debtor
(if different from street address above): NONE **05-94227**

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- [X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)
- [X] Individual(s)
- [ ] Corporation
- [ ] Partnership
- [ ] Other ___
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank

**Chapter or Section of Bankruptcy Code Under Which the Petition Is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [ ] Sec. 304 - Case ancillary to foreign proceeding
- [ ] Chapter 11
- [ ] Chapter 12
- [X] Chapter 13

**Nature of Debts** (Check one box)
- [X] Consumer/Non-Business
- [ ] Business

**Chapter 11 Small Business** (Check all boxes that apply)
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Filing Fee** (Check one box)
- [ ] Full Filing Fee attached
- [X] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors
| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

EXHIBIT "A"