

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FAIRBANKS CAPITAL CORP.,<br>a Utah corporation, FAIRBANKS CAPITAL<br>HOLDING CORP., a Delaware corporation,<br>and THOMAS D. BASMAJIAN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

03   12219 DPW

### ORDER PRELIMINARILY APPROVING STIPULATED FINAL JUDGMENT AND ORDER AS TO FAIRBANKS CAPITAL CORP. AND FAIRBANKS CAPITAL HOLDING CORP.

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission") and the Secretary of the Department of Housing and Urban Development ("HUD"), has filed a complaint for a permanent injunction and other equitable relief, and for monetary civil penalties, pursuant to Sections 5(a), 5(m)(1)(A), and 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b); Sections 807, 808 and 809 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f and 1692g; Section 623 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s; and Sections 6 and 16 of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605 and 2614 ("Complaint").

The Complaint alleges that Defendants Fairbanks Capital Holding Corp., Fairbanks Capital Corp., and Thomas D. Basmajian have violated Section 5(a) of the FTC Act, 15 U.S.C.

      remains not complete or accurate;

C.    Failing to report accounts as "disputed" to consumer reporting agencies, as required by Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3), when consumers dispute accounts either in writing, orally, or by electronic means; and

D.    Failing to comply in any other respect with the FCRA, as amended, or as may be amended in the future.

## IX.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from failing to comply with RESPA, 12 U.S.C. §§ 2601-2617, as amended, or its implementing Regulation X, 24 C.F.R. Pt. 3500, as amended, including, without limitation:

A.    Failing to respond, in a timely manner, to consumers' qualified written requests in accordance with 12 U.S.C. § 2605(e);

B.    Failing to notify, in a timely manner, the consumer in writing of any assignment, sale, or transfer of the servicing of the loan to any other person not less than fifteen (15) days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made) in accordance with 12 U.S.C. § 2605(b);

C.    Failing to notify, in a timely manner, the consumer in writing of any assignment,

15

sale, or transfer of servicing of the loan to any Defendant not more than fifteen (15) days after the effective date of transfer of the servicing of the mortgage loan in accordance with 12 U.S.C. § 2605(c);

D. Imposing late fees during the 60-day period beginning on the effective date of the transfer of the servicing of the mortgage loan in violation of 12 U.S.C. § 2605(d);

E. Failing to protect any consumer's credit rating in accordance with 12 U.S.C. § 2605(e)(3);

F. Failing to make timely payments from consumers' escrow accounts for casualty insurance, property taxes and other charges with respect to the property as such payments become due in accordance with 12 U.S.C. § 2605(g); and

G. Failing to provide annual escrow statements that clearly itemize payments for taxes, insurance premiums, and other separately identified charges in accordance with 12 U.S.C. § 2609(c)(2).

X.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

A. Failing to maintain and provide adequate staffing for a toll-free phone number and an address that are specifically dedicated to handling consumers' disputes or questions. The toll-free telephone number shall be staffed at least every Monday

16