## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 03-12219 |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC. | ) | |
| (formerly Fairbanks Capital Corp.), | ) | |
| a Utah corporation, SPS HOLDING CORP. | ) | |
| (formerly Fairbanks Capital Holding Corp.), | ) | |
| a Delaware corporation, and | ) | |
| THOMAS D. BASMAJIAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF REASONS IN SUPPORT OF
## JOINT MOTION TO MODIFY ORDER PRELIMINARILY APPROVING
## STIPULATED FINAL JUDGMENT AND ORDER AS TO
## FAIRBANKS CAPITAL CORP. AND FAIRBANKS CAPITAL HOLDING CORP.

The proposed modifications to this Court's November 21, 2003 Order Preliminarily

Approving Stipulated Final Judgment and Order as to Fairbanks Capital Corp. and Fairbanks

Capital Holding Corp. ("Stipulated Order") will accomplish justice by providing substantial

benefits to consumers beyond those in the original order, including account adjustments and

reimbursements or refunds of fees paid in certain circumstances.  The proposed Modified

Stipulated Final Judgment and Order ("Modified Order") should be entered for the additional

reason that the proposed modifications will incorporate changes in the law that have occurred

since entry of the Stipulated Order.  Accordingly, Plaintiff, the United States of America, acting

upon notification and authorization to the Attorney General by the Federal Trade Commission

("FTC"), and Defendants Select Portfolio Servicing, Inc. and SPS Holding Corp. (formerly

known as Fairbanks Capital Corp. and Fairbanks Capital Holding Corp.) (collectively, "SPS")

respectfully request that the Court enter the proposed Modified Order pursuant to Federal Rule

of Civil Procedure 60(b)(6). The Department of Housing and Urban Development ("HUD"),

which is also a plaintiff in this action, concurs with this motion and has executed the proposed

Modified Order.

## BACKGROUND

On November 12, 2003, the United States of America filed suit on behalf of the FTC and

HUD against Fairbanks Capital Corp. as well as its parent corporation, Fairbanks Capital

Holding Corp., and its Chief Executive Officer, Thomas D. Basmajian. See Complaint (Doc.

No. 1). The Complaint alleged, inter alia, that the defendants' practices with respect to the

servicing of mortgage loans violated the Federal Trade Commission Act, the Fair Debt

Collection Practices Act, the Fair Credit Reporting Act, and the Real Estate Settlement

Procedures Act. See id. ¶¶ 13-62.[1] Simultaneously, the United States and the corporate

defendants, Fairbanks Capital Corp. and Fairbanks Capital Holding Corp. (collectively,

"Fairbanks"), filed a joint motion requesting entry of the Stipulated Order settling the

---

[1]     HUD enforces the Real Estate Settlement Procedures Act ("RESPA"). Section XI
of the proposed Modified Order incorporates without alteration the RESPA provisions of the
Stipulated Order.

2

Complaint's allegations as to Fairbanks. See Joint Motion for Entry of Order Preliminarily

Approving Stipulated Final Judgment and Order as to Fairbanks Defendants (Doc. No. 2).[2]

      This Court entered the Stipulated Order on November 21, 2003. See Stipulated Order

(Doc. No. 6).[3] The Stipulated Order required Fairbanks to pay $40 million for consumer redress

and to provide other consumer remedies such as corrected credit reporting on certain accounts.

See Stipulated Order §§ XIV-XVI.[4] In addition, the Stipulated Order contains injunctive relief

imposing a variety of specific limitations on Fairbanks' ability to charge fees and engage in

certain practices when servicing mortgage loans. See Stipulated Order §§ I-XIII. In early 2004,

Fairbanks Capital Corp. and Fairbanks Capital Holding Corp. changed their names to,

respectively, Select Portfolio Servicing, Inc. and SPS Holding Corp.

      The FTC conducted a review of SPS' compliance with certain aspects of the Stipulated

Order. The FTC and SPS negotiated and agreed to several modifications to the Stipulated Order

and now seek entry of the proposed Modified Order.

---

[2]    The parties sought preliminary approval of their settlement because certain
aspects of the Stipulated Order were conditioned on the subsequent class action settlement in
Curry, et al. v. Fairbanks Capital Corporation, Case No. 03-10895-DPW (D. Mass.). See
Stipulated Order §§ XVII-XXIII (Doc. No. 6). Because the class action has been settled, these
provisions are no longer necessary and have been omitted from the proposed Modified Order.

[3]    Also on November 21, this Court entered the Stipulated Final Judgment and
Order resolving the claims against Defendant Thomas D. Basmajian. See Doc. No. 7. The
proposed Modified Order would not affect the Basmajian order.

[4]    The Commission used the $40 million paid by Fairbanks to create a fund that
distributed redress to affected consumers.

## LEGAL STANDARD

A district court may modify a final judgment or order under Federal Rule of Civil

Procedure 60(b)(6) for "any . . . reason justifying relief from the operation of the judgment."

This residual catchall provision allows a court to modify a final judgment where, as here, such

relief is "appropriate to accomplish justice" and the other Rule 60(b) provisions do not apply.

Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir. 2001).[5]

District courts have broad discretion to determine whether relief under Rule 60(b)(6) is

appropriate. Id. Furthermore, "the parties enjoy wide latitude in terms of what they may agree

to by consent decree and have sanctioned by a court." Conservation Law Found. of New

England, Inc. v. Franklin, 989 F.2d 54, 59 (1st Cir. 1993). And where "a public agency requests

that a judicial stamp of approval be placed on a negotiated consent decree, the court has the duty

to approve the decree unless it is unfair, inadequate or unreasonable." Federal Trade Comm'n v.

Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987) (internal quotation marks

omitted); see also Conservation Law Found., 989 F.2d at 58 ("Where an administrative agency

has committed itself to a consent decree, the district court must exercise some deference to the

---

[5]    The other reasons justifying relief from a judgment or order under Rule 60(b) are:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which
by due diligence could not have been discovered in time to move for a new trial; (3) fraud,
misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; or (5) the
judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has
been reversed or otherwise vacated, or it is no longer equitable that the judgment should have
prospective application. Relief under Rule 60(b)(6) is appropriate because none of these
justifications are present here and/or the one-year period under Rule 60(b) for seeking relief
based on reasons (1) - (3) has expired.

4

agency's determination that settlement is appropriate . . . and refrain from second-guessing the

Executive Branch.") (internal citations and quotation marks omitted).

## DISCUSSION

The proposed modifications to the Stipulated Order should be adopted because they are

appropriate to serve the ends of justice and are not unfair, inadequate, or unreasonable.

Moreover, if adopted by the Court, the proposed modifications will further the purposes of the

original settlement by providing additional benefits to consumers and ensuring that SPS'

practices remain consistent with the current state of the law.  Aside from removing provisions of

the Stipulated Order that are no longer applicable (such as those related to the Curry class action)

and making non-substantive changes for internal consistency, the proposed modifications fall

into two categories: (1) modifications negotiated by the FTC and SPS that provide additional

benefits to consumers; and (2) modifications that reflect intervening changes in relevant law or

modify the Stipulated Order's provisions to allow SPS to engage in certain lawful practices.  As

discussed below, both categories of proposed modifications would accomplish justice and are

therefore appropriate under Rule 60(b)(6).

First, if entered, the proposed Modified Order would: (1) provide for refunds to

consumers of attorney fees and fees related to optional products in certain circumstances

(Modified Order §§ XVII-XVIII); (2) require SPS to continue its practice of engaging a

qualified, objective, independent third party professional to perform annual audits of key order

provisions until 2013 (Modified Order § XX); (3) prohibit SPS from marketing certain optional

products for five years (Modified Order § XVII(A)); (4) permanently require SPS to provide

monthly mortgage statements, and require SPS to revise those statements after performing

5

consumer testing (which the company has done) (Modified Order §§ XIII, XIX); (5) extend,

expand, and clarify the provisions on attorney fees (Modified Order §§ VI-VII); and (6) extend

the compliance reporting and record keeping provisions (Modified Order §§ XXII, XXIV).

These modifications would accomplish justice by providing important benefits and protections to

consumers. In addition, entry of the Modified Order would further the "strong and clear policy

in favor of encouraging settlements, especially in complicated regulatory settings."

Conservation Law Found., 989 F.2d at 59 (internal quotation marks omitted); see also United

States v. Comunidades Unidas Contra La Contaminacion, 204 F.3d 275, 280 (1st Cir. 2000)

("[S]uch a policy has added bite where the settlement has been advanced for entry as a decree by

a government actor committed to the protection of the public interest and specially trained and

oriented in the field.") (internal quotation marks omitted).

   Second, the remaining proposed modifications reflect intervening changes in the law or

modify certain provisions to permit SPS to engage in lawful practices that are consistent with

generally observed standards in the mortgage servicing industry. See Modified Order § I

(modifying Stipulated Order's provisions governing SPS' handling of consumer payments),

§ X(A) (incorporating amendments to Section 623(a)(1)(A) of the Fair Credit Reporting Act,

15 U.S.C. § 1681s-2(a)(1)(A), by the Fair and Accurate Credit Transactions Act of 2003), § XIII

(exempting from monthly mortgage statement requirements loans that have been deemed

uncollectible and written off by Defendants or the note owner, and modifying exemption for

loans "in bankruptcy" based on enactment of 11 U.S.C. § 524(j)).[6]  Such modifications are

appropriate under Rule 60(b).  See Harvey v. Johanns, 462 F. Supp. 2d 69, 71-72 (D. Me. 2006)

("Supreme Court precedent makes clear that subsequent litigation changing the law upon which

a decree was originally based is . . . a case [for modification under Rule 60(b)].") (citing

Pennsylvania v. Wheeling & Belmont Bridge Co., 59 U.S. 421, 432 (1855)).

---

[6]    11 U.S.C. § 524(j), which created an exception to the bankruptcy discharge injunction in certain circumstances, was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  The incorporation of this provision in the Modified Order will allow consumers subject to a bankruptcy discharge to receive monthly statements containing important information if consistent with other applicable federal law, state legal requirements, and the orders of the bankruptcy courts.

## CONCLUSION

Because the proposed modifications would further the ends of justice in this case, the

parties respectfully request that, pursuant to Rule 60(b)(6), the Court enter the proposed

Modified Order, which replaces the Stipulated Order as the final judgment in this matter.

Dated: ___August 2___, 2007

FOR THE UNITED STATES OF AMERICA:

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

_/s/ Anita Johnson_

Anita Johnson
Assistant United States Attorney
Suite 9200 Moakley Courthouse
Boston, MA 02210
(617) 748-3100 (telephone)
(617) 748-3971 (facsimile)
Anita.Johnson@usdoj.gov

FOR THE FEDERAL TRADE COMMISSION:
WILLIAM BLUMENTHAL
General Counsel

_/s/ Allison I. Brown_

Allison I. Brown, Attorney
Illinois Bar. No. 6242582
Benjamin K. Olson, Attorney
D.C. Bar No. 477090
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3224 (telephone)
(202) 326-3768 (facsimile)
AIBrown@ftc.gov
BOlson@ftc.gov

8

FOR DEFENDANTS SELECT PORTFOLIO
SERVICING, INC. AND SPS HOLDING
CORP.

/s/ Thomas M. Hefferon
Thomas M. Hefferon
BBO No. 54289
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000 (telephone)
(202) 346-4444 (facsimile)
THefferon@goodwinprocter.com

9