UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Civil No. 03-12219-DPW
)
SELECT PORTFOLIO SERVICING, INC. )
(formerly Fairbanks Capital Corp.), )
a Utah corporation, SPS HOLDING CORP. )
(formerly Fairbanks Capital Holding Corp.), )
a Delaware corporation, and )
THOMAS D. BASMAJIAN, )
)
Defendants. )

## MODIFIED STIPULATED FINAL JUDGMENT AND ORDER

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or "Commission") and the Secretary

of the Department of Housing and Urban Development ("HUD"), has filed a Motion to Modify

Order Preliminarily Approving Stipulated Final Judgment and Order as to Fairbanks Capital

Corp. and Fairbanks Capital Holding Corp. ("Motion"). The Motion alleges that justice requires

modification of this Court's November 21, 2003 Order Preliminarily Approving Stipulated Final

Judgment and Order as to Fairbanks Capital Corp. and Fairbanks Capital Holding Corp.

("Stipulated Order"). The parties request that several provisions of the Stipulated Order be

modified.

Plaintiff and Defendants SPS Holding Corp. and Select Portfolio Servicing, Inc.

(collectively, "SPS" or "Defendants"), formerly Fairbanks Capital Holding Corp. and Fairbanks

Capital Corp., by and through their respective counsel, have agreed to entry of this Modified
Stipulated Final Judgment and Order ("Modified Order") by this Court, without trial or
adjudication of any issue of fact or law.

The parties having requested the Court to enter this Modified Order, it is therefore
ORDERED, ADJUDGED, AND DECREED as follows:

### FINDINGS

1.    This Court has jurisdiction over Defendants and the subject matter of this action.
Venue in the District of Massachusetts is proper.

2.    The complaint, filed on November 12, 2003, states a claim upon which relief may
be granted against Defendants under Sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15
U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b); the FDCPA, 15 U.S.C. § 1692 *et seq.*, as amended; the
FCRA, 15 U.S.C. § 1681 *et seq.*, as amended; Sections 6 and 16 of the RESPA, 12 U.S.C.
§§ 2605 and 2614; and Section 3500.21 of Regulation X, 24 C.F.R. Pt. 3500.21.

3.    The activities of Defendants are in or affecting commerce, as "commerce" is
defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.    Defendants have not admitted any of the allegations of wrongdoing set forth in the
complaint or the Motion, and entry of the Modified Order is not an admission of any such
allegations of wrongdoing or violation of law. Nonetheless, Defendants stipulate and agree to
entry of the Modified Order in order to settle and resolve these disputes.

5.    Since the Stipulated Order was entered, the FTC and Defendants have consulted
concerning implementation of its requirements. In light of these developments, the
circumstances in this case have changed such that modification of the Stipulated Order is

2

necessary and appropriate, and relief from certain provisions of the Stipulated Order is justified.

6.      Plaintiff and Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of the Modified Order, and Defendants waive any right that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412.

7.      Entry of the Modified Order is in the public interest.

## ORDER

### DEFINITIONS

8.      For purposes of this Modified Order, the following definitions shall apply:

    a.    "broker's price opinion" shall mean an estimate of the probable sale price of the property securing a loan which is obtained by any Defendant at the consumer's expense;

    b.    "clear and conspicuous" shall mean that the information is displayed in a manner that is readily noticeable, readable, and understandable;

    c.    "Defendants" shall mean, collectively, SPSHC and SPS;

    d.    "document" is defined as provided in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term;

    e.    "FCRA" shall mean the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, as amended;

3

f. "FDCPA" shall mean the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601-1692, as amended;

g. "The Federal Trade Commission Act" or "FTC Act" shall mean 15 U.S.C. §§ 41-58, as amended;

h. "fees" shall mean fees for late payments, property inspections, broker's price opinions, appraisals, legal services, reinstatement, and any other fees or charges that a consumer is or was assessed by Defendants in connection with the servicing of any loan;

i. "FHA mortgage loan" shall mean any loan insured by the Federal Housing Administration (FHA) in accordance with Title II of the National Housing Act, 12 U.S.C. § 1707 *et seq.*;

j. "force placed insurance" shall mean insurance obtained by any Defendant at the consumer's expense;

k. "loan instruments" shall mean the mortgage deed and/or promissory note signed by the consumer to consummate his or her loan;

l. "monthly payment" shall mean a monthly or other periodic payment a consumer must make under the loan instruments to repay the loan principal, pay interest on the principal, and, if necessary, fund escrow accounts for insurance and/or real estate taxes;

m. "person" shall mean any individual, group, unincorporated association, limited or general partnership, corporation, trust, or other business entity;

4

n.     "property inspection" shall mean an inspection of the property securing a loan to determine the property's physical condition and occupancy status;

o.     "The Real Estate Settlement Procedures Act" or "RESPA" shall mean 12 U.S.C. §§ 2601-2617, as amended;

p.     "receipt" shall mean the date that SPS or any agent of SPS (such as an employee or lockbox vendor) receives a payment of good funds (or other item or information, as applicable);

q.     "Regulation X" shall mean RESPA's implementing regulations, 24 C.F.R. Pt. 3500, as amended;

r.     "servicing" shall mean receiving any scheduled monthly payments from a consumer pursuant to the terms of any loan, including amounts for escrow accounts, and making the payments of principal and interest and such other payments with respect to the amounts received from the consumer as may be required pursuant to the terms of the loan. "Servicing" shall also include any related loan servicing activity such as the administration of loan accounts, the collection of loan payments, the foreclosure of real property, the use of consumer reports and the furnishing of information to consumer reporting agencies, and the collection or imposition of fees in relation to any of the foregoing;

s.     "SPS" shall mean Select Portfolio Servicing, Inc., a Utah corporation, formerly known as Fairbanks Capital Corp., and its successors and assigns, by whatever names they might be known;

t.     "SPSHC" shall mean SPS Holding Corp., a Delaware corporation,

formerly known as Fairbanks Capital Holding Corp., and its successors

and assigns, by whatever names they might be known;

u.     "Stipulated Order" shall mean the Order Preliminarily Approving

Stipulated Final Judgment and Order as to Fairbanks Capital Corp. and

Fairbanks Capital Holding Corp., entered by this Court on November 21,

2003; and

v.     "total amount due" shall mean the amount that is necessary to pay the loan

in full and any associated charges (that is, the total of principal, interest,

and unpaid advances, fees and charges).

### INJUNCTIVE RELIEF

### I.

IT IS THEREFORE ORDERED that Defendants, and each of them, their officers,

employees, agents, representatives, and all other persons or entities in active concert or

participation with them who receive actual notice of this Modified Order by personal service or

otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby

permanently restrained and enjoined, in connection with the servicing of any loan, from:

A.     Failing to apply all amounts accepted in connection with a loan against interest

and principal due, before crediting taxes, insurance or fees, ***provided that:***

(1) with respect to loans using uniform loan instruments with a "revision date"

prior to March 1999, Defendants may apply payments received in accordance with

the provisions thereof, and (2) this requirement shall not apply to loans which

6

have been referred to foreclosure in accordance with the requirements of this Modified Order;

B.    Failing to (1) accept as of the date of receipt, or to credit effective as of the date of receipt, amounts paid in connection with a loan that are equal to the scheduled monthly principal and interest amount or are short of that amount by $25 or less; and (2) advance the borrower's due date, *provided that* this requirement shall not apply to loans which have been referred to foreclosure in accordance with the requirements of this Modified Order;

C.    Failing, in the event that Defendants do not credit a payment, to send within five (5) business days of receipt of that payment a written notice to the consumer, at no cost to the consumer, that:

    (1)    Encloses the payment being returned (if the payment is being returned); and

    (2)    States in a clear and conspicuous manner:

        (a)    that Defendants have not credited the payment;

        (b)    the reason(s) for declining to credit the payment;

        (c)    the amount the consumer must pay to ensure that Defendants will accept and credit a future payment; and

        (d)    a toll-free phone number for the consumer to call for assistance;

    *Provided that* if a forebearance is being actively pursued or negotiated on a loan at the time of receipt of a payment, such notice may be sent within

7

fifteen (15) business days of receipt.

D.   Misrepresenting, expressly or by implication, any amount that a consumer owes;

E.   Misrepresenting, expressly or by implication, that any fee is allowed under the loan instruments, permitted by law, or imposed for services actually rendered;

F.   Misrepresenting, expressly or by implication, the amount, nature, or terms of any fee or other condition or requirement of any loan; and

G.   Failing to make disbursements of escrow funds for insurance, taxes and other charges with respect to the property in a timely manner.

## II.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Modified Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

A.   Charging for force placed insurance before mailing, at no cost to the consumer, at least two (2) written notices to the consumer providing clear and conspicuous notice of the procedures by which the consumer may demonstrate that the consumer already has insurance coverage and providing at least thirty (30) calendar days from the mailing (by first-class mail) of the first notice and twenty (20) calendar days from the mailing (by certified mail) of the second notice for the consumer to demonstrate coverage, *provided that*, the second notice shall not be mailed until the first thirty-day period has expired;

8

B.   Failing to accept any reasonable form of confirmation from a consumer of existing insurance coverage, including verbal confirmation of the existing insurance policy number along with the identity of the insurance company or agent;

C.   Force placing insurance on a consumer's home when Defendants know or fail to take reasonable actions to determine whether such insurance is already in place;

D.   Failing, within fifteen (15) days of receipt of confirmation of a consumer's existing insurance coverage, to refund all force placed insurance premiums paid during the overlapping coverage period and any related fees charged to the consumer's account during the overlapping coverage period; and

E.   Placing a consumer's loan in default, assessing late fees, or initiating foreclosure proceedings solely due to the consumer's nonpayment of insurance premiums, ***provided that*** the insurance charges may become additional debt of the consumer secured by the security instrument and interest may be charged thereon as provided in the loan instruments.

### III.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Modified Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from assessing and/or collecting any fee unless it is for services actually rendered and is a) expressly authorized, and clearly and conspicuously disclosed, by the loan instruments and not prohibited by law;

9

b) expressly permitted by law and not prohibited by the loan instruments; or c) a reasonable fee

for a specific service requested by a consumer that is assessed and/or collected only after clear

and conspicuous disclosure of the fee is provided to the consumer and explicit consent is

obtained from the consumer to pay the fee in exchange for the service, and such fee is not

otherwise prohibited by law or the loan instruments.

## IV.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers,

employees, agents, representatives, and all other persons or entities in active concert or

participation with them who receive actual notice of this Modified Order by personal service or

otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby

permanently restrained and enjoined, in connection with the servicing of any FHA mortgage

loan, from assessing and/or collecting any fees prohibited by FHA statutory, regulatory, or

written handbook requirements.

## V.

IT IS FURTHER ORDERED that, for five (5) years after the date of entry of the

Stipulated Order, Defendants, and each of them, their officers, employees, agents,

representatives, and all other persons or entities in active concert or participation with them who

receive actual notice of this Modified Order by personal service or otherwise, directly or through

any corporation, subsidiary, division, or other device, are hereby permanently restrained and

enjoined, in connection with the servicing of any loan, from assessing and/or collecting the

following fees:

A.   Fees for demand letters or any other collection letters or notices;

B.   Fees for property inspections, ***provided that*** Defendants may impose reasonable
fees for property inspections actually performed if: (1) the consumer's loan
payment has not been received within forty-five (45) calendar days of the due
date; and (2) the inspections are limited to the initial inspection and to additional
inspections during the period of continued delinquency not more frequent than
every thirty (30) calendar days and only if Defendants (a) have been unable to
contact the consumer for the previous thirty (30) calendar days or (b) have been
able to contact the consumer but have determined that the mortgaged property is
vacant; and

C.   Fees for broker's price opinions, ***provided that*** Defendants may impose reasonable
fees for a broker's price opinion ordered and actually performed if: (1) the
consumer's loan payment has not been received within sixty-three (63) calendar
days of the due date; and (2) the broker's price opinions are limited to the initial
broker's price opinion and to additional broker's price opinions during the period
of continued delinquency not more frequent than every six (6) months.

**VI.**

IT IS FURTHER ORDERED that, for ten (10) years after the date of entry of the
Stipulated Order, Defendants, and each of them, their officers, employees, agents,
representatives, and all other persons or entities in active concert or participation with them who
receive actual notice of this Modified Order by personal service or otherwise, directly or through
any corporation, subsidiary, division, or other device, are hereby permanently restrained and

11

enjoined, in connection with the servicing of any loan, from assessing and/or collecting attorneys'
fees, *provided that* Defendants may impose reasonable attorneys' fees if: (1) the fees are
necessary to process a foreclosure sale of the property or are otherwise permitted fees under
Section III of this Modified Order; (2) a law firm has in fact performed the services or the fees
are otherwise permitted fees under Section VII of this Modified Order; (3) a law firm has in fact
charged Defendants for the services; and (4) Defendants have documented that the fees comply
with the requirements of this Modified Order.

### VII.

IT IS FURTHER ORDERED that, for ten (10) years after the date of entry of the
Stipulated Order, Defendants, and each of them, their officers, employees, agents,
representatives, and all other persons or entities in active concert or participation with them who
receive actual notice of this Modified Order by personal service or otherwise, directly or through
any corporation, subsidiary, division, or other device, are hereby permanently restrained and
enjoined, in connection with the servicing of any loan, from:

    A.    Estimating attorneys' fees, *provided that,* in connection with the reinstatement or
        payoff of a loan in foreclosure, Defendants may provide consumers with a
        reasonable, good faith estimate of attorneys' fees if Defendants state clearly and
        conspicuously: (1) the amount of fees due for services rendered as of the time of
        the quote based on available information; and (2) that the estimated fees are
        estimates of fees that may be incurred if the legal action continues until a specific
        date;

B.    Failing within sixty (60) days of the reinstatement or payment in full of a loan
      from foreclosure: (1) to perform a reconciliation of the attorneys' fees paid by the
      borrower and assessed by a law firm to ensure that all attorneys' fees assessed
      were imposed for services actually performed; and (2) to reimburse the borrower
      in the event of any overpayment, using reasonable efforts to update the borrower's
      address; and

C.    Failing to require all law firms employed by Defendants: (1) to certify to
      Defendants annually in writing that they comply with the terms of this Modified
      Order; and (2) to report to Defendants within five (5) business days of service on
      the law firm any lawsuits against the law firm that relate to, or may relate to, loans
      serviced by the Defendants.

### VIII.

IT IS FURTHER ORDERED that nothing in this Modified Order shall permit the
Defendants to impose any fee or take any other action that is prohibited by any state or federal
law or regulation and/or prohibited by the loan instruments and/or other contractual agreement
with the consumer.

### IX.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers,
employees, agents, representatives, and all other persons or entities in active concert or
participation with them who receive actual notice of this Modified Order by personal service or
otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby
permanently restrained and enjoined, in connection with the servicing of any loan that was in

13

default at the time it was obtained by Defendants, from:

A.    Using any false, deceptive, or misleading representation or means in connection
      with the collection of any debt, in violation of Section 807 of the FDCPA, 15
      U.S.C. § 1692e, including but not limited to: (1) falsely representing the character,
      amount, or legal status of a debt, or any services rendered or compensation which
      may be lawfully received by a debt collector for collection of a debt, in violation
      of Sections 807(2)(A) and (B) of the FDCPA, 15 U.S.C. §§ 1692e(2)(A) and (B);
      (2) communicating or threatening to communicate to any person credit
      information which is known or which should be known to be false, including the
      failure to communicate that a disputed debt is disputed, in violation of Section
      807(8) of the FDCPA, 15 U.S.C. § 1692e(8); and (3) using false representations
      or deceptive means to collect or attempt to collect a debt or to obtain information
      concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C.
      § 1692e(10);

B.    Using any unfair means to collect or attempt to collect a debt, including but not
      limited to collecting amounts (including any interest, fee, charge, or expense
      incidental to the principal obligation) not authorized by the agreement creating the
      debt or permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C.
      § 1692f(1);

C.    Failing to notify consumers of their right to dispute and obtain verification of their
      debts and to obtain the name of the original creditor, either in the initial
      communication with consumers by Defendants, or within five days thereafter, in

14

violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a); and

D.     Failing to comply in any other respect with the FDCPA, as amended, or as it may

be amended in the future.

## X.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers,

employees, agents, representatives, and all other persons or entities in active concert or

participation with them who receive actual notice of this Modified Order by personal service or

otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby

permanently restrained and enjoined, in connection with the servicing of any loan, from:

A.     Furnishing information relating to any consumer to a consumer reporting agency

if Defendants know or have reasonable cause to believe that the information is

inaccurate, as provided in Section 623(a)(1)(A) of the FCRA, 15 U.S.C. § 1681s-

2(a)(1)(A);

B.     Failing to promptly notify a consumer reporting agency, as required by Section

623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2), when Defendants have

determined that information previously furnished about any consumer to the

consumer reporting agency is not complete or accurate, and failing to provide to

the agency any corrections to that information, or any additional information, that

is necessary to make the information provided to the agency complete and

accurate, and to not thereafter furnish to the agency any of the information that

remains not complete or accurate;

C.     Failing to report accounts as "disputed" to consumer reporting agencies, as
       required by Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3), when
       consumers dispute accounts either in writing, orally, or by electronic means; and

D.     Failing to comply in any other respect with the FCRA, as amended, or as may be
       amended in the future.

## XI.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers,
employees, agents, representatives, and all other persons or entities in active concert or
participation with them who receive actual notice of this Modified Order by personal service or
otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby
permanently restrained and enjoined, in connection with the servicing of any loan, from failing to
comply with RESPA, 12 U.S.C. §§ 2601-2617, as amended, or its implementing Regulation X,
24 C.F.R. Pt. 3500, as amended, including, without limitation:

A.     Failing to respond, in a timely manner, to consumers' qualified written requests in
       accordance with 12 U.S.C. § 2605(e);

B.     Failing to notify, in a timely manner, the consumer in writing of any assignment,
       sale, or transfer of the servicing of the loan to any other person not less than
       fifteen (15) days before the effective date of transfer of the servicing of the
       mortgage loan (with respect to which such notice is made) in accordance with 12
       U.S.C. § 2605(b);

16

C.    Failing to notify, in a timely manner, the consumer in writing of any assignment,
      sale, or transfer of servicing of the loan to any Defendant not more than fifteen
      (15) days after the effective date of transfer of the servicing of the mortgage loan
      in accordance with 12 U.S.C. § 2605(c);

D.    Imposing late fees during the 60-day period beginning on the effective date of the
      transfer of the servicing of the mortgage loan in violation of 12 U.S.C. § 2605(d);

E.    Failing to protect any consumer's credit rating in accordance with 12 U.S.C.
      § 2605(e)(3);

F.    Failing to make timely payments from consumers' escrow accounts for casualty
      insurance, property taxes and other charges with respect to the property as such
      payments become due in accordance with 12 U.S.C. § 2605(g); and

G.    Failing to provide annual escrow statements that clearly itemize payments for
      taxes, insurance premiums, and other separately identified charges in accordance
      with 12 U.S.C. § 2609(c)(2).

## XII.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers,
employees, agents, representatives, and all other persons or entities in active concert or
participation with them who receive actual notice of this Modified Order by personal service or
otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby
permanently restrained and enjoined, in connection with the servicing of any loan, from:

A.    Failing to maintain and provide adequate staffing for a toll-free phone number and
      an address that are specifically dedicated to handling consumers' disputes or

17

questions. The toll-free telephone number shall be staffed at least every Monday through Friday between the hours of 7 a.m. to 8 p.m., Eastern Time, national holidays excluded. Defendants' obligation to maintain the toll-free number shall expire ten (10) years from the date of entry of the Stipulated Order;

B.  Failing to acknowledge in writing any consumer's dispute within twenty (20) calendar days after receiving it, unless it is an oral dispute that has been investigated and resolved with the consumer within twenty (20) calendar days after receiving it, *provided that* Defendants maintain written or electronic records of the handling of such oral disputes for the time period required under Section XXIV of this Modified Order;

C.  Failing to complete an investigation of any consumer's dispute within sixty (60) calendar days after receiving it, unless through the use of reasonable procedures Defendants are unable to resolve the dispute in that time period, in which event Defendants may take an additional thirty (30) calendar days to resolve the dispute if they so notify the consumer in writing;

D.  Failing to advise the consumer promptly and in writing of the results of the investigation of the consumer's dispute, unless it is an oral dispute that has been investigated and resolved with the consumer within twenty (20) calendar days after receiving it, *provided that* Defendants maintain written or electronic records of the handling of such oral disputes for the time period required under Section XXIV of this Modified Order;

18

E.    Taking any legal or other action to collect the disputed amount and any related

charges until the dispute has been investigated and the consumer has been

informed of the results of the investigation; and

F.    Threatening the consumer's credit rating or reporting the consumer as delinquent

based on the disputed amount until the consumer's dispute has been investigated

and the consumer has been informed of the results of the investigation.

## XIII.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers,

employees, agents, representatives, and all other persons or entities in active concert or

participation with them who receive actual notice of the Modified Order by personal service or

otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby

permanently restrained and enjoined, in connection with servicing any loan, from failing timely

to inform the consumer prior to the due date of each monthly payment (by means of a monthly

statement or, with the consumer's prior consent, by electronic notification, sent at least twelve

(12) calendar days before the payment due date, or by means of a coupon book) for each loan it is

servicing, at no cost to the consumer, of the following information in a clear and conspicuous

manner:

A.    the unpaid principal balance;

B.    the monthly payment due as of the next due date and the due date;

C.    if there are change(s) in the monthly payment amount and/or other amounts due,

the reason for the change(s), except that, when using a coupon book, Defendants

shall have the right to notify consumers of such change(s) by a separate clear and

19

conspicuous notice sent by first-class mail to the consumer at least twelve (12)

calendar days before the payment due date;

D.    a complete itemization of each and every fee assessed during the statement period;

E.    the toll-free telephone number and address for the consumer to use if s/he disputes

any of the information provided; and

F.    the total amount due.

*Provided that* Defendants are not required to provide the foregoing information where:

(1) the loan is subject to a forbearance agreement; (2) the loan has been deemed uncollectible and

has been written off by Defendants or the note holder; or (3) the consumer is in bankruptcy or the

loan is or was subject to a bankruptcy, except that, after Defendants receive a notice of discharge

or dismissal of the bankruptcy, Defendants shall be required to comply with this Section with

respect to such loan if consistent with 11 U.S.C. § 524(j) and other applicable federal law, state

legal requirements, and orders of the bankruptcy courts.

## XIV.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers,

employees, agents, representatives, and all other persons or entities in active concert or

participation with them who receive actual notice of this Modified Order by personal service or

otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby

permanently restrained and enjoined, in connection with the servicing of any loan, from taking

any action toward foreclosure until the Defendants have: a) reviewed any records pertaining to

the consumer's loan to verify that the consumer has failed to make three full monthly payments;

b) confirmed that the consumer has not been subject to any of the acts or practices prohibited by

20

this Modified Order, the loan instruments, or law, or if such acts or practices have occurred, that Defendants have remedied them; and c) investigated any disputes by the consumer and informed the consumer of the results of the investigation. Defendants shall maintain records sufficient to document the steps they take to investigate and conclude each dispute.

## XV.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Modified Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

A.  Assessing or collecting any late fee or similar delinquency charge on a monthly payment, which payment is otherwise a full payment for the applicable period and is paid on or before its due date or within an applicable grace period, when the only delinquency is attributable to late fee(s) or delinquency charge(s) assessed on earlier monthly payments (*i.e.*, pyramiding of late charges); and

B.  Assessing or collecting any late fee or similar delinquency charge once a loan account has been accelerated into foreclosure status.

## XVI.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Modified Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby

21

permanently restrained and enjoined from enforcing any clause in any forbearance agreement, entered into by any Defendant and any consumer between January 1, 1999 and the date of entry of the Stipulated Order, that required the consumer to acknowledge his/her lack of claims or defenses; waive access to court; or otherwise waive or release any rights or claims. Such nonenforceability shall not otherwise affect the legality of the forbearance agreement.

## XVII.

IT IS FURTHER ORDERED that Defendants, and each of them, their officers, employees, agents, representatives, and all other persons or entities in active concert or participation with them who receive actual notice of this Modified Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from:

A.    For five (5) years after the date of entry of this Modified Order, advertising, marketing, or offering any products or services that are not required by a loan (that is, "optional products," including but not limited to home warranties, insurance products, and other optional products), other than products and services that relate to methods of payment of the consumer's mortgage loan (e.g., fees for payment by telephone);

B.    Failing to send or cause to be sent, within sixty (60) days of entry of this Modified Order, notices in a form approved by the Commission, by first-class mail at no cost to the consumer, to all consumers who were solicited by Defendants for any optional product through telemarketing after November 21, 2003 and who paid a fee for such product after that date, *provided that* a consumer who requested to

22

Defendants or their agents, orally or in writing, cancellation of an optional product shall be considered to have revoked any consent as of the date of the request and shall receive a notice regarding any fees paid following that revocation, and *further provided that* no such notice need be sent to consumers who previously were sent a notice concerning cancellation of optional products and who either: (1) did not request cancellation of the product; or (2) requested cancellation and received a refund of all fees paid; and

C.    Failing to provide, within thirty (30) days of receipt, a refund or reimbursement of all fees paid pursuant to a request for a refund in response to the notice required by this Section, if Defendants do not have explicit consent in writing to the fees.

## XVIII.

IT IS FURTHER ORDERED that, within one-hundred eighty (180) days of entry of this Modified Order, Defendants shall: (1) perform a reconciliation of the attorneys' fees paid by the borrower and attorneys' fees assessed by a law firm to ensure that all attorneys' fees assessed were imposed for services actually performed for all loans referred to foreclosure on which Defendants collected attorneys' fees between November 21, 2003 and the present; and (2) reimburse the borrower in the event of any overpayment, taking into account amounts still owing on paid off loans or terminated foreclosures and using reasonable efforts to update the borrower's address, *provided that* Defendants shall not be required to reconcile accounts that previously have been reconciled, loans where the foreclosure referral ended in a completed foreclosure, a short sale, or a voluntary surrender, or loans where Defendants' rights or duty to service the loans were transferred to a third party prior to resolution of the foreclosure.

23

## XIX.

IT IS FURTHER ORDERED that, Defendants, and each of them, their officers,

employees, agents, representatives, and all other persons or entities in active concert or

participation with them who receive actual notice of this Modified Order by personal service or

otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby

permanently restrained and enjoined from providing any monthly statement to a consumer on a

form in use prior to December 31, 2005 before revising the statement format to incorporate the

results of consumer testing conducted by a qualified, objective, independent third-party

professional, using procedures and standards generally accepted in the profession. SPS states

that, in 2006, it produced and implemented a revised monthly statement after incorporating the

results of consumer testing conducted by qualified, objective, independent third-party

professionals using procedures and standards generally accepted in the profession.

### AUDIT REQUIREMENT

### XX.

IT IS FURTHER ORDERED that, for ten (10) years after the date of entry of the

Stipulated Order, in connection with its compliance with Sections III, VI, VII, and X of this

Modified Order, Defendants shall obtain an initial audit and audit report and annual audits and

audit reports from a qualified, objective, independent third-party professional, using procedures

and standards generally accepted in the profession. The reporting period for the audits shall

cover: (1) an initial audit covering the first one hundred and eighty (180) days after entry of the

Modified Order, and (2) subsequent annual audits for each one-year period thereafter until the

24

expiration of the period in this Section. Each audit and audit report shall be completed within sixty (60) days after the end of the reporting period.

## EFFECT UPON RELEASE

### XXI.

IT IS FURTHER ORDERED that this Modified Order shall not alter or diminish the Release contained in the Stipulated Order, or the release, judgment and relief granted in connection with United States v. Fairbanks Capital Corp., No. 03-12219 (D. Mass.)

## COMPLIANCE REPORTING

### XXII.

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Modified Order may be monitored:

A.    For a period of eight (8) years from the date of entry of the Stipulated Order, Defendants shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Modified Order, including but not limited to: a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Modified Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) calendar days prior to such change, *provided that*, with respect to any proposed change in the corporation about which the defendant learns less than thirty (30) days prior to the date such

25

action is to take place, defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) calendar days after the date of entry of this Modified Order, Defendants each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with the Modified Order. This report shall include, but not be limited to:

      (1)    Any changes required to be reported pursuant to subparagraph (A) above; and

      (2)    A copy of each acknowledgment of receipt of this Modified Order obtained by each defendant pursuant to Section XXV.

C.    Upon completion, Defendants shall provide the FTC with the initial audit report produced in connection with Section XX of this Modified Order.

D.    For the purposes of this Modified Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

      Associate Director for Financial Practices
      Federal Trade Commission
      600 Pennsylvania Avenue, N.W.
      Mail Stop NJ-3158
      Washington, D.C. 20580
      Re: *FTC v. Select Portfolio Servicing, Inc.*

26

E.    For the purposes of this Modified Order, Defendants shall, unless otherwise

directed by HUD's authorized representatives, mail all written notifications to

HUD to:

> Director of the Office of RESPA and Interstate Land Sales
> Department of Housing and Urban Development
> 451 Seventh Street, S.W., Room 9154
> Washington, D.C. 20410

### COMPLIANCE MONITORING

### XXIII.

IT IS FURTHER ORDERED that, for the purposes of monitoring and investigating

compliance with any provision of this Modified Order,

A.    Within twenty (20) calendar days of receipt of written notice from a representative

of the Commission or HUD, any Defendant shall submit additional written

reports, sworn to under penalty of perjury; produce documents for inspection and

copying, including without limitation any audits or reports completed under

Section XX and supporting documentation related to such audits; appear for

deposition; and/or provide entry during normal business hours to any business

location in such defendant's possession or direct or indirect control to inspect the

business operation, *provided that* (1) the Defendants, after attempting to resolve a

dispute without court action and for good cause shown, may file a motion with

this Court seeking an order including one or more of the protections set forth in

Fed. R. Civ. P. 26(c); and (2) nothing in this Modified Order shall limit the

Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of

27

the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information.

B.     Defendants shall permit representatives of the Commission or HUD to interview any employer, consultant, independent contractor, representative, agent or employee who has agreed to such an interview, relating in any way to any conduct subject to this Modified Order. The person interviewed may have counsel present.

C.     Defendants shall take reasonable steps sufficient to monitor and ensure that all of their employees and independent contractors engaged in loan servicing or customer service functions comply with this Modified Order. Such steps shall include adequate monitoring of calls with consumers.

D.     Defendants shall take appropriate corrective action with respect to any of their employees whom Defendants determine is not complying with this Modified Order, which may include training, disciplining, and/or terminating such individual.

## RECORD KEEPING PROVISIONS

### XXIV.

IT IS FURTHER ORDERED that, for a period of eleven (11) years from the date of entry of the Stipulated Order, Defendants, and each of them, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Modified Order by personal service or otherwise, are hereby permanently restrained and enjoined, in connection with the servicing of any loan, from

28

failing to create and retain, for a period of three (3) years after the date of preparation of the record, the following records:

A.  Accounting records that reflect the cost of loans acquired and/or sold; revenues generated from servicing fees and/or fees paid by and/or imposed on consumers; and the disbursement of such revenues;

B.  Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.  Customer files containing the names, addresses, telephone numbers, dollar amounts paid, and description of fees or other charges imposed;

D.  Complaints, disputes, and requests from consumers (whether received directly, indirectly or through any third party) and any responses to those complaints, disputes, or requests;

E.  Copies of all training materials and policy manuals; and

F.  All documentation generated pursuant to Sections VI(4), VII, XIV, and XXIII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XXV.

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Modified Order, Defendants shall deliver a copy of this Modified Order to all principals, officers, directors, managers, employees, agents, and representatives having supervisory responsibility with respect to the subject matter of this Modified Order, and shall secure from each such person a signed and dated statement acknowledging receipt of the Modified Order. Defendants shall deliver this Modified Order to current personnel within the scope of the preceding sentence within thirty (30) calendar days after the date of service of this Modified Order, and to new personnel in the same group within thirty (30) calendar days after the person assumes such responsibility.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

### XXVI.

IT IS FURTHER ORDERED that each defendant, within five (5) business days of receipt of this Modified Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this order.

## CONTINUING JURISDICTION OF COURT

### XXVII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes, including but not limited to enabling any of the Parties to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Modified Order, the enforcement of compliance therewith, or as justice may require.

SO ORDERED this 4th day of _September_, 2007.

_____

Douglas P. Woodlock
UNITED STATES DISTRICT JUDGE

31

The parties hereby stipulate and agree to the terms and conditions set forth above and consent to entry of this Modified Stipulated Final Judgment and Order.

FOR THE UNITED STATES OF AMERICA:

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

Anita Johnson
Assistant United States Attorney
Suite 9200 Moakley Courthouse
Boston, MA 02210
(617) 748-3100 (telephone)
(617) 748-3971 (facsimile)
Anita.Johnson@usdoj.gov

FOR THE FEDERAL TRADE COMMISSION:

WILLIAM BLUMENTHAL
General Counsel

Allison I. Brown, Attorney
Illinois Bar. No. 6242582
Benjamin K. Olson, Attorney
D.C. Bar No. 477090
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3224 (telephone)
(202) 326-3768 (facsimile)
AIBrown@ftc.gov
BOlson@ftc.gov

32

FOR THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT:


John P. Opitz, Associate General Counsel
Peter S. Race, Assistant General Counsel
Program Compliance Division
Department of Housing and Urban Development
451 Seventh Street, S.W.
Washington, D.C. 20410
(202) 708-4184 (telephone)
(202) 401-8949 (facsimile)

FOR THE DEFENDANTS:

SPS HOLDING CORP.
By Matt Hollingsworth, Chief Executive Officer

SELECT PORTFOLIO SERVICING, INC.
By Matt Hollingsworth, Chief Executive Officer

Approved as to Form:

Thomas M. Hefferon
BBO No. 54289
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000 (telephone)
(202) 346-4444 (facsimile)
THefferon@goodwinprocter.com
Attorney for Defendants SPS Holding Corp.
and Select Portfolio Servicing, Inc.